Benjamin R. Buchwalter (State Bar No. 301130)
ben.buchwalter@bakermckenzie.com
**BAKER & McKENZIE LLP**
Two Embarcadero Center, 11th Floor
San Francisco, California 94111
Telephone: + 1 415 576 3000
Facsimile: + 1 415 576 3099

Attorneys for Defendant
CHERNE CONTRACTING CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEATRICE PARKER on behalf of herself, and all others similarly situated,

Plaintiff,

v.

CHERNE CONTRACTING CORPORATION, and DOES 1 through 10, inclusive,

Defendants.

Case No.

***Removed from the California Superior Court, County of Alameda Case No. RG18892816***

**Date of Filing of Action in the Superior Court: February 13, 2018**

**DEFENDANT CHERNE CONTRACTING CORPORATION'S NOTICE OF REMOVAL OF ACTION FROM STATE COURT**

**[28 U.S.C. §§ 1332, 1441, 1446 and Fed. R. Civ. P. 81(c)]**

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+ 1 415 576 3000

Case No._______________
NOTICE OF REMOVAL OF ACTION FROM STATE COURT

**TO THE CLERK OF THE ABOVE-TITLED COURT AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, 1453 and Fed. R. Civ. P. 81(c), Defendant Cherne Contracting Corporation ("Cherne" or "Defendant"), hereby removes to the United States District Court for the Northern District of California the above-captioned state court action, originally filed as Case No. RG18892816 in the Superior Court of the State of California for the County of Alameda. As set forth below, removal is proper based on diversity of citizenship jurisdiction and the Class Action Fairness Act of 2005 ("CAFA").

## I. BACKGROUND

1. On February 13, 2018, Plaintiff Beatrice Parker filed a class action complaint ("Complaint") against Cherne in the Superior Court of California, County of Alameda, Case No. RG18892816. Plaintiff filed a First Amended Complaint ("FAC") on February 23, 2016. A true and correct copy of the operative Complaint and Summons in this action, as served upon Cherne, is attached hereto as Exhibit A.

2. The FAC alleges causes of action for: (1) Unfair Business Practices; (2) Violations of the Labor Code; (3) Penalties; and (4) Attorneys' Fees.

3. The only named defendant in the FAC is Cherne.

4. Cherne was served with a Summons and the Complaint on February 26, 2018.

## II. TIMELINESS OF REMOVAL

5. Because Plaintiff served the FAC on Cherne on February 26, 2018, this Notice of Removal is timely, as it is filed within thirty days of the date the FAC was served. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pip Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the thirty-day deadline to remove commences upon service of the summons and complaint).

## III. DIVERSITY JURISDICTION

6. Because this action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+ 1 415 576 3000

**Plaintiff's Citizenship**

7.     Upon information and belief, Plaintiff is, and at the institution of this civil action was, a citizen of the State of California.

**Defendant's Citizenship**

8.     Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principle place of business."

9.     The appropriate test to determine a corporation's principal place of business is the "nerve center" test. *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). Under the "nerve center" test, a corporation's principal place of business is the single place within a particular state where the corporation's officers direct, control, and coordinate the corporation's activities, which is typically the place at which the corporation maintains its headquarters. *See id.* The Supreme Court has used "[t]he metaphor of [the] corporate 'brain'" to describe a corporation's principal place of business. *See id.* at 95.

10.    Cherne is incorporated under the laws of the State of Delaware.

11.    Cherne maintains its headquarters in Eden Prairie, Minnesota. The corporate support activities for Cherne occur at its headquarters in Eden Prairie, Minnesota. In short, Cherne's "nerve center" or "corporate brain" is located at its headquarters in Eden Prairie, Minnesota.

**Doe Defendants' Citizenship**

12.    Pursuant to 28 U.S.C. § 1441(b), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (holding unnamed defendants are not required to join in a removal petition). Thus, the possible existence of unnamed Doe Defendants, 1 through 10, inclusive, does not deprive this Court of jurisdiction.

**Amount in Controversy**

13.    Although Cherne denies any liability as to Plaintiff's claims, the amount in controversy "more likely than not" exceeds $75,000. *See Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 862 (9th Cir. 1996). Here, the damages requested by Plaintiff "more likely than not"

exceed $75,000, exclusive of interests and costs, as required by 28 U.S.C. § 1332(a), based on the allegations, claims and prayer for relief set forth in the FAC.

14. Where a complaint "fails to allege a sufficiently specific total amount in controversy . . . [courts] apply the preponderance of the evidence burden of proof to the removing defendant." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 701 (9th Cir. 2007). Here, Plaintiff has not specified the amount that she alleges is in controversy nor has she expressly limited her recovery in this case. As such, the preponderance of the evidence standard applies in determining whether the jurisdictional threshold is likely to be met. *Id.* at 700 (applying the preponderance of the evidence standard where plaintiff's complaint alleged that "damages to each Plaintiff are less than $75,000").

15. Plaintiff seeks to recover compensatory damages for unpaid wages, overtime wages, monies and property unlawfully gained, compensation and premium pay for each meal or rest period that was not provided, failure to provide accurate, itemized wage statements, and waiting time penalties.

16. Although Cherne denies all liability, based on Plaintiff's claims for compensatory damages alone, it is more likely than not that the amount in controversy exceeds $75,000, exclusive of interests and costs, as required for diversity jurisdiction pursuant to 28 U.S.C. § 1332.

17. Plaintiff states that she worked for Cherne for approximately 20 months, from June 30, 2015 to February 20, 2017, at the company's Tesoro site. (FAC ¶4.) During this time, Plaintiff was paid an average of approximately $30.83 per hour as base pay. (Declaration of Nikole Mandy ("Mandy Decl.") ¶2.) Presuming her alleged unpaid wages would count as overtime, and that Plaintiff worked one hour of unpaid overtime per day during her employment, the unpaid amount owed on her overtime claim would be approximately **$19,192** ($30.83 per hour x 1 hour x 1.5 x 250 days per year x 1.66 years). This amount does *not* include interest, statutory costs, penalties, or attorneys' fees, which Plaintiff additionaly seeks in connection with these claims.

18. Plaintiff also alleges that she did not receive meal periods in compliance with the California Labor Code because she was required to work through her first meal period and was not permitted to take a second meal period. (FAC ¶70.) Pursuant to Labor Code § 226.7(c), Plaintiff seeks one hour of pay for work each day she was not afforded a compliant meal period. (FAC ¶¶70-

71.) If Plaintiff missed eight meal periods per month, she would be entitled to **$4,933** ($30.83 per hour x 8 missed meal periods per month x 20 months).

19. Next, Plaintiff asserts that she did not receive daily rest breaks because Cherne allegedly required her to work through her daily rest period and/or did not authorize her to take her rest period. (FAC ¶83.) Pursuant to Labor Code § 226.7(c), Plaintiff seeks one hour of pay for each work day that she was not afforded a rest period. (FAC ¶¶83-84.) If Plaintiff missed eight rest periods per month, she would be entitled to **$4,933** ($30.83 per hour x 8 missed meal periods per month x 20 months).

20. Under her failure to provide accurate itemized statements claim, Plaintiff seeks damages of up to **$4,000**. (FAC ¶95.)

21. Plaintiff also seeks penalties for Cherne's alleged failure to pay Plaintiff her earned and unpaid wages at the time of her discharge or within 72 hours of her resignation, as applicable, in violation of Labor Code §§ 201-203. (FAC ¶114.) Under this claim, Plaintiff seeks up to 30 days of pay as a penalty, or approximately **$7,399** ($30.83 per hour x 8 hours per day x 30 days).

22. Plaintiff also asserts a potential claim to recover civil penalties on behalf of the State of California as an "aggrieved employee" for Cherne's alleged numerous Labor Code and IWC Wage Order violations. (FAC ¶¶31-42, 58-63, 73-79, 86-92, 97-103, 110-116, 124-130, Prayer for Relief ¶¶v, vii, x, xii, xiii, xiv.) Taking into account the PAGA penalties contemplated under Labor Code § 2699(f) and Labor Code sections incorporated by reference, Plaintiff's potential damages far exceed $75,000.

23. Moreover, in determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (holding that claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mut. Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (holding that punitive damages must be taken into account where recoverable under state law); *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) (holding that the "amount in controversy" includes claims for general and special damages); *Brady v. Mercedes-Benz*

*USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal, 2002) ("Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy."). Here, Plaintiff seeks attorneys' fees and costs. (FAC ¶¶57, 63, 72, 79, 92, 96, 103, 123, 130; Prayer for Relief ¶xv) Should Plaintiff prevail on her wage and hour claims, she may be entitled to recover attorneys' fees by statute. *See* Cal. Labor Code § 2699(g)(1). When attorneys' fees are recoverable by statute, they are also factored in to the determination of the amount in controversy. *See Richmond*, 897 F. Supp. at 450 (noting that attorneys' fees are included in the amount in controversy "if recoverable by statute or contract"). When attorneys' fees are considered, the amount in controversy far exceeds the $75,000 threshold.

24. Accordingly, since diversity of citizenship exists between Plaintiff and Defendant, and the amount in controversy between them exceeds $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. § 1332(a)(1), and Plaintiff's action is removable under 28 U.S.C. § 1441(b).

## IV. <u>CLASS ACTION FAIRNESS ACT</u>

25. As set forth below, this is a civil action of which the Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d) because this matter was brought as a class action on behalf of more than 100 individuals, the amount in controversy exceeds five million dollars, exclusive of interest and costs, and is a class action in which at least one class member is a citizen of a State different from that of Defendant.

### The Proposed Class Includes More Than 100 Members

26. The FAC alleges that the putative class consists of "all hourly non-exempt on-site employees who performed work for CHERNE at job sites located within the State of California at any time during the four-year period preceding the filing of this Complaint and up to the present and until compliance with the law." (FAC ¶18.)

27. Cherne estimates that it has employed approximately 2,365 nonexempt employees in California during Plaintiff's proposed class period. (Mandy Decl. ¶3.)

///

**Plaintiff and Defendant Are Citizens of Different States**

28. As discussed in Paragraph 7, Plaintiff is a citizen of California.

29. As discussed in Paragraphs 10-11, Cherne is a citizen of Delaware and Minnesota.

**Amount in Controversy**

30. Where a complaint "fails to allege a sufficiently specific total amount in controversy . . . [courts] apply the preponderance of the evidence burden of proof to the removing defendant." *Guglielmino v. McKee Foods Corp*., 506 F.3d 696, 701 (9th Cir. 2007). Here, Plaintiff has not alleged a specific amount in controversy. In such case, "the court must assess jurisdiction under CAFA to determine whether the amount in controversy requirement of § 1332(d) has been met." *Yeroushalmi v. Blockbuster Inc*., 2005 U.S. Dist. LEXIS 39331, at *7 (C.D. Cal. July 11, 2005). As such, the preponderance of the evidence standard applies in determining whether the five million threshold is likely to be met. *See, e.g.*, *Guglielmino,* 506 F.3d at 700 (applying the preponderance of the evidence standard where plaintiff's complaint alleged that "damages to each Plaintiff are less than $75,000").

31. The alleged amount in controversy in this putative class action exceeds, in the aggregate, five million dollars.

32. The FAC alleges that Cherne denied class members overtime pay. (FAC ¶56.) Plaintiff seeks recovery for a period extending four years before the filing of the FAC. During this period, Cherne employed 2,365 non-exempt employees who meet the proposed class definition. (Mandy Decl. ¶3.) These employees had an average hourly rate of $45.86. (*Id.*) If 2,365 employees, earning an average of $45.86 per hour, worked one hour of overtime per day over four years, the unpaid overtime owed on the overtime claim alone would exceed **$5 million**. ($45.86 per hour x 1 hour x 1.5 x 250 days x 4 years x 2,365 employees).

33. The FAC alleges willful failure to timely pay termination wages, for which the penalty is 30 days of wages under California Labor Code § 203. (FAC ¶109.) Cherne estimates that there were more than 1,000 non-exempt employees in California who resigned or were terminated during the proposed class period. Accordingly, the potential liability for waiting-time penalties under

///

Plaintiff's theory would also itself exceed **$5 million** ($45.86 per hour x 1 hour x 1.5 x 30 days x 100 separated employees during the last 3 years).

34. Under Plaintiff's failure to provide accurate itemized statements claim, Plaintiff seeks liquidated damages of up to $4,000 per class member. (FAC ¶95.) Cherne estimates that there are approximately 2,365 potential class members. (Mandy Decl. ¶3.) If these potential class members are entitled to the maximum penalty, the potential damages under this claim would also itself exceed **$5 million** ($4,000 x 2,365 potential class members).

35. Plaintiff also seeks on behalf of herself and the class one hour of pay for each workday in which an off-duty meal period was not provided and one hour of pay for each workday in which a rest period was not provided. (FAC ¶¶70-71.) If the class members missed four meal periods and four rest periods per month, the potential damages would exceed **$5 million** ($45.85 per hour x 8 missed meal/rest breaks x 3 years x 2,365 employees).

36. The FAC alleges that class members are entitled to recover attorneys' fees. Attorneys' fees requests must be taken into account in ascertaining the amount in controversy. *See Lowdermilk v. United States Bank Nat'l Ass'n,* 479 F.3d 994, 1000 (9th Cir. 2007). "[T]he Ninth Circuit has established 25% of the common fund as a benchmark award for attorney fees." *Jasso v. Money Mart Express, Inc.*, 2012 U.S. Dist. LEXIS 27215, at *20-21 (N.D. Cal. March 1, 2012) (quotations omitted). Therefore, if Plaintiff's demand of attorneys' fees is included, the calculations noted above would increase by another 25%.

37. In sum, although Cherne denies Plaintiff's factual allegations and that Plaintiff or the class that she purports to represent are entitled to relief for which she had prayed, the jurisdictional amount in controversy requirement is met and removal to this Court is proper under CAFA.

## V. VENUE

38. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Under 28 U.S.C. § 84, this Court embraces the Superior Court

///

of the State of California for the County of Alameda. Accordingly, this Court is the appropriate Court under this statute for removal of this action.

## VI. NOTICE OF REMOVAL

39. Cherne will give notice of the filing of this Notice of Removal to Plaintiff and to the Clerk of the Superior Court for the State of California, County of Alameda, Case No. RG18892816. This Notice of Removal is concurrently being served on Plaintiff and Cherne shall file with this Court a certificate of service of such notice.

40. In compliance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served in this action are attached hereto. *See* Summons and Complaint (Exhibit A).

## VII. PRAYER FOR REMOVAL

41. WHEREFORE, Defendant, Cherne Contracting Corporation, respectfully prays that this matter, now pending in the Superior Court of California, County of Alameda, Case No. RG18892816, be removed to the United States District Court for the Northern District of California.

Dated: March 28, 2018

**BAKER & McKENZIE LLP**

By: */s/ Benjamin R. Buchwalter*
Benjamin R. Buchwalter
Attorneys for Defendant
CHERNE CONTRACTING CORPORATION