# EXHIBIT A

2/26/18 CBP

ENDORSED
FILED
ALAMEDA COUNTY

FEB 1 3 2018

CLERK OF THE SUPERIOR COURT.
By Lance Gillis, Deputy

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CHERNE CONTRACTING CORPORATION; and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

BEATRICE PARKER on behalf of herself, and all others similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Rene C. Davidson Courthouse

CASE NUMBER:
(Número del Caso): RG 18 92 93 19

Alameda County Superior Court
1225 Fallon Street, Oakland, California 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Eric A. Grover, KELLER GROVER LLP, 1965 Market Street, San Francisco, CA 94103 (415) 543-1305

DATE: FEB 1 3 2018        Chad Finke        Clerk, by _____, Deputy
*(Fecha)*                              *(Secretario)*              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Cherne Contracting Corporation

   under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1   ERIC A. GROVER (SBN 136080)
    eagrover@kellergrover.com
2   ROBERT W. SPENCER (SBN 238491)
    rspencer@kellergrover.com
3   **KELLER GROVER LLP**
4   1965 Market Street
    San Francisco, California 94103
5   Telephone:   (415) 543-1305
    Facsimile:    (415) 543-7861
6
7   SCOT BERNSTEIN (SBN 94915)
    swampadero@sbernsteinlaw.com
8   **LAW OFFICES OF SCOT D. BERNSTEIN,**
    **A PROFESSIONAL CORPORATION**
9   101 Parkshore Drive, Suite 100
    Folsom, California 95630
10  Telephone:   (916) 447-0100
    Facsimile:    (916) 933-5533
11
12  Attorneys for Plaintiff
    BEATRICE PARKER
13

ENDORSED
FILED
ALAMEDA COUNTY

FEB 13 2018

CLERK OF THE SUPERIOR COURT,
By _____, Deputy

14              SUPERIOR COURT OF THE STATE OF CALIFORNIA

15                      FOR THE COUNTY OF ALAMEDA

16

17  BEATRICE PARKER on behalf of herself, and )   Case No:   RG18928816
18  all others similarly situated,            )
                                              )   CLASS ACTION
19                    Plaintiff,              )
                                              )   **CLASS ACTION COMPLAINT FOR:**
20            v.                              )   1.  **UNFAIR BUSINESS PRACTICES;**
                                              )   2.  **VIOLATIONS OF THE LABOR CODE;**
21  CHERNE CONTRACTING CORPORATION; )          3.  **PENALTIES; and**
22  and DOES 1 through 10, inclusive,         )   4.  **ATTORNEYS' FEES.**
                                              )
23                    Defendants.             )   **DEMAND FOR JURY TRIAL**
                                              )
24                                            )
                                              )
25                                            )
                                              )
26                                            )
27
28

COMPLAINT                                                            CASE NO.

BY FAX

Plaintiff BEATRICE PARKER, on behalf of herself and all others similarly situated, complains against Defendants CHERNE CONTRACTING CORPORATION, and Does 1 through 10 (all referred to collectively as "Defendants" or "CHERNE") as follows:

## I. JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over Plaintiff's claims, based on, among other statutes, California Business & Professions Code §§ 17200, *et seq.*, and California Labor Code §§ 201-203, 226(a), 226.7, 510, 512, 1194, 1194.2, 1197, 1197.1, 1198 and 1199. Plaintiff does not allege claims founded directly on rights created by a collective bargaining agreement or claims substantially dependent on analysis or interpretation of a collective bargaining agreement, and expressly disclaims any such claims.

2.      This Court has personal jurisdiction over the parties because at all times relevant hereto Plaintiff was a California resident who worked in California for Defendants and Defendants have systematically and continuously conducted business in the State of California.

3.      Venue is proper in this Court because California Code of Civil Procedure §§ 395 and 395.5, and case law interpreting those sections, provide that if a foreign business entity fails to designate with the office of the California Secretary of State a principal place of business in California, it is subject to being sued in any county in the state that plaintiff desires.   On information and belief, as of the date this Complaint is filed, Defendant CHERNE CONTRACTING CORPORATION, is a foreign business entity and has failed to designate a principal place of business in California with the office of the Secretary of State.

## II. PARTIES AND BACKGROUND

4.      Plaintiff BEATRICE PARKER is an adult who worked for Defendants as a non-exempt hourly employee.  She worked for Defendants as a driver from approximately June 30, 2015 through February 20. 2017 at the Tesoro refinery located in Martinez, California.

5.      Defendant CHERNE CONTRACTING CORPORATION is a Delaware Corporation doing business throughout California and is a "person" as defined by California Labor Code § 18 and California Business and Professions Code § 17201.  In addition, it is an "employer" as that term is used in the California Labor Code and in the California Industrial

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

COMPLAINT                                          1                                    CASE NO.

1   Welfare Commission's Orders regulating wages, hours, and working conditions.

2       6.      Plaintiff is ignorant of the true names and capacities of Defendants sued as Does 1

3   through 10, inclusive, and therefore sue those Defendants by those fictitious names. Plaintiff will

4   amend this Complaint to allege their true names and capacities when ascertained.   Plaintiff is

5   informed and believes and on that ground alleges that each of the fictitiously named Defendants is

6   responsible in some manner for the occurrences alleged and that Plaintiff's damages and other

7   losses as alleged are proximately caused by those occurrences.

8       7.      Plaintiff brings this action on behalf of a proposed state wide class of hourly non-

9   exempt on-site employees who worked at CHERNE locations in California to challenge

10  Defendants' (a) policy and practice of failing to pay any wages whatsoever, including the

11  minimum wage, to employees for compensable travel time, including time spent traveling and/or

12  waiting for and/or operating company-provided transportation to, from and/or within the

13  refineries and other facilities; (b) policy and practice of violating California Labor Code § 510

14  and 1WC Wage Order 16-2001 by failing to pay overtime wages to employees who worked more

15  than eight hours in a day or 40 hours in a week; (c) policy and practice of violating California

16  Labor Code §§ 226.7 and 512, and IWC Wage Order 16-2001 by failing to provide meal periods

17  to employees, including second meal periods to employees who worked more than 10 hours in a

18  day; (d) policy and practice of violating California Labor Code § 226.7 and 1WC Wage Order 16-

19  2001 by failing to authorize and permit third rest periods to employee who worked more than 10

20  hours in a day; (e) policy and practice of violating California Labor Code § 226 by failing to

21  provide complete and accurate itemized wage statements; and (f) policy and practice of violating

22  California Labor Code §§ 201-203 by failing to pay former employees all wages due and owing

23  at the time of discharge or voluntary quit.

24      8.      Plaintiff brings this action on behalf of herself and a proposed class of all hourly

25  non-exempt on-site workers employed by CHERNE at client locations within the State of

26  California at any time during the four-year period preceding the filing of this Complaint up to the

27  present and until compliance with the law. Plaintiff seeks recovery of all allowable compensation

28  and other sums for the violations described above, including unpaid minimum and overtime

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax: 415.543.7861

COMPLAINT                                    2                              CASE NO.

1   wages, penalties/premium pay for missed meal and rest periods, restitution and restoration of

2   sums owed and property unlawfully withheld, statutory penalties, declaratory and injunctive

3   relief, interest, attorneys' fees, and costs.

## III. FACTUAL ALLEGATIONS

5       9.      CHERNE provides workers on a contract basis for its clients that operate refineries

6   or industrial plants. The work is performed at multiple locations in the State of California.

7       10.     At all relevant times, Plaintiff was employed by CHERNE as an hourly non-

8   exempt employee in an on-site construction occupation as defined by § 2(C) of IWC Wage Order

9   16-2001. During her employment with CHERNE, Plaintiff worked six to seven days a week, and

10  typically worked over 10 hours a day.

11      11.     Defendants had a policy and practice of failing to pay Plaintiff and other putative

12  class members for all hours worked by failing to pay them any wages, including minimum wage,

13  for compensable travel time, including time spent travelling and/or waiting for and/or operating

14  company-provided shuttles or buses to, from and/or within the refineries and other facilities. At

15  all times relevant Labor Code §§ 226.7 and 512, and IWC Wage Order 16-2001, § 10(B) require

16  employers to provide employees with a first meal period of not less than 30 minutes during which

17  they are relieved of all duty before working more than five hours, and a second duty-free meal

18  period of not less than 30 minutes before working more than 10 hours per day. Additionally, as

19  alleged herein, Plaintiff and other putative class members worked more than 10 hours and

20  CHERNE had a policy and practice of failing to provide them with all timely and required

21  uninterrupted meal periods of at least 30 minutes. Plaintiff alleges that she and, on information

22  and belief, other putative class members never waived their right to a second meal period.

23  Further, Plaintiff and other putative class members sometimes worked more than 12 hours in a

24  day. Under Labor Code § 512(a), second meal periods are not waivable for employees who work

25  more than 12 hours in a day.

26      12.     During the period in which Plaintiff was employed by CHERNE, she was required

27  to work shifts longer than 10 hours. When CHERNE required Plaintiff and members of the

28  proposed class to work shifts longer than 10 hours, it had a policy and practice of failing to

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

COMPLAINT                                    3                              CASE NO.

1    authorize and permit putative class members to take discrete third rest periods of at least 10

2    minutes as required by Labor Code § 226.7 and IWC Wage Order 16-2001, § 11(A).

3         13.     Labor Code § 226 provides that every employer is required, "semimonthly or at

4    the time of each payment of wages," to give each employee an itemized wage statement,

5    including "gross wages earned." Defendants had a policy and practice of violating Labor Code §

6    226 by failing to provide complete and accurate itemized wage statements to Plaintiff and the

7    putative class members in that the wage statements provided did not, among other things, include

8    the accurate hours worked, the correct applicable rates for the hours worked, and the correct gross

9    wages earned.

10        14.     Defendants had a policy and practice of violating California Labor Code §§ 201-

11    203 by failing to pay Plaintiff and putative class members all wages due and owing at the time of

12    discharge or voluntary quit.

13                    **IV. CLASS ACTION ALLEGATIONS**

14        15.     Plaintiff brings this action on behalf of herself and as a class action under Code of

15    Civil Procedure § 382 on behalf of a class of similarly situated persons employed by CHERNE in

16    the State of California. Specifically, Plaintiff seeks to represent the class of all hourly non-

17    exempt on-site employees who performed work for CHERNE at job sites located within the State

18    of California at any time during the four-year period preceding the filing of this Complaint and up

19    to the present and until compliance with the law. Plaintiff also seeks to represent the following

20    sub-classes of employees who worked for CHERNE at job sites within the State of California:

21            (a)      All hourly non-exempt on-site employees who performed work for

22                     CHERNE at any time during the four-year period preceding the filing of

23                     this Complaint and up to the present and until compliance with the law,

24                     inclusive, who were not paid any wages whatsoever, including minimum

25                     wage, for certain hours worked, including their time spent traveling and/or

26                     waiting for and/or operating company-provided transportation to, from

27                     and/or within the refineries and other facilities;

28            (b)      All hourly non-exempt on-site employees who performed work for

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

COMPLAINT                           4                       CASE NO.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

CHERNE and any time during the four-year period preceding the filing of this Complaint and up to the present and until compliance with the law, inclusive, who were not paid in accordance with Labor Code § 510 when they worked more than eight hours in a day;

(c)    All hourly non-exempt on-site employees who performed work for CHERNE at any time during the four-year period preceding the filing of this Complaint and up to the present and until compliance with the law, inclusive, who worked more than 10 hours in a day and were not provided all meal periods; ·

(d)    All hourly non-exempt on-site employees who performed work for CHERNE at any time during the four-year period preceding the filing of this Complaint and up to the present and until compliance with the law, inclusive, who worked more than 10 hours in a day but were not provided a third rest period;

(e)    All hourly non-exempt on-site employees who performed work for CHERNE at any time during the four-·year period preceding the filing of this Complaint and up to the present and until compliance with the law, who did not receive complete and accurate wage statements; and

(f)    All hourly non-exempt on-site employees who performed work for CHERNE at any time during the three-year period preceding the filing of this Complaint and up to the present and until compliance with the law, inclusive, who were not paid all wages due upon discharge or voluntary quit as required by Labor Code §§ 201-203:

16.    The class and sub-classes Plaintiff seeks to represent contain numerous members and are clearly ascertainable. Plaintiff reserves the right under Rule 3.765 of the California Rules of Court to amend or modify the class and sub-class descriptions with greater specificity or further division into additional sub-classes or limitation to particular issues.

17.    By their unlawful practices and policies, Defendants have violated the rights of

COMPLAINT                                    5                                    CASE NO.

1  employees under the laws and regulations of the State of California. The questions raised are,

2  therefore, of common or general interest to the class members, who have a well-defined

3  community of interest in the questions of law and fact raised in this action.

4         18.    Plaintiff's claims are typical of those of the class, as Plaintiff now suffers and has

5  suffered in the past from the same violations of the law as other members of the proposed class.

6  Plaintiff has retained competent counsel to represent her and the class, and Plaintiff will fairly and

7  adequately represent the interests of the class.

8         19.    This action may properly be maintained as a class action under Code of Civil

9  Procedure § 382 because there is a well-defined community of interest in the litigation and the

10  proposed class and sub-classes are easily ascertainable.

11  **Numerosity**

12         20.    The members of the proposed class are so numerous that joinder of all class

13  members is impracticable. While the precise number of class members has not been determined

14  at this time, Plaintiff is informed and believes that Defendants have employed as many as 600

15  workers or more in the relevant time period.

16         21.    Plaintiff alleges that Defendants' employment records would contain relevant

17  information as to the number of members of the proposed class.

18  **Commonality**

19         22.    There are questions of law and fact common to the class that predominate over any

20  questions affecting only individual class members. Those common questions of law and fact

21  include, without limitation, the following:

22             (a)    Whether Defendants had a policy or practice of failing to pay class

23                   members for all hours worked;

24             (b)    Whether Defendants paid class members at the correct rate for hours

25                   worked in excess of eight hours in a day;

26             (c)    Whether Defendants had a policy and practice of failing to provide class

27                   members with all of their required meal periods;

28             (d)    Whether Defendants had a policy and practice of failing to provide class

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

COMPLAINT              6             CASE NO.

1    members with all of their required paid rest periods;

2    (e)    Whether Defendants had a policy and practice of violating Labor Code §

3    226 by failing to provide required information on wage statements, such as

4    gross wages earned, and whether those statements were accurate;

5    (f)    Whether Defendants had a policy and practice of violating Labor Code §§

6    201-203 by failing to pay departing class members all wages due at the

7    time of discharge or voluntary quit; and

8    (g)    Whether Plaintiff and the members of the class are entitled to equitable

9    relief under Business and Professions Code §§ 17200, *et seq.*

10   <u>**Typicality and Adequacy of Representation**</u>

11   23.    Plaintiff's claims are typical of the claims of the proposed class.  Plaintiff and all

12   members of the proposed class sustained injuries and economic loss arising out of and caused by

13   Defendants' common course of conduct in violation of laws and regulations alleged in this

14   complaint.

15   24.    Plaintiff will fairly and adequately protect the interests of all proposed class

16   members.  Plaintiff has no interests that are antagonistic to those of the proposed class and is not

17   subject to any unique defenses.  Plaintiff also has retained counsel experienced in class actions

18   and in representing employees and protecting employees' rights.

19   <u>**Superiority of Class Action**</u>

20   25.    A class action is superior to other available means for the fair and efficient

21   adjudication of this controversy.  Individual joinder of all proposed class members is not

22   practicable, and questions of law and fact common to the class predominate over any questions

23   affecting only individual members of the class.  Each member of the class has been damaged and

24   is entitled to recovery by reason of Defendants' illegal policies and/or practices.

25   26.    Class action treatment will allow those similarly-situated persons to litigate their

26   claims in the manner that is most effective and economical for the parties and the judicial system.

27   Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this

28   action that would preclude its maintenance as a class action.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

COMPLAINT                                    7                                    CASE NO.

27.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all proposed class members is impractical. Even if every proposed class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts if individual litigation of numerous cases were to be required. Individualized litigation also would present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action with respect to some or all of the issues presented herein gives rise to fewer management difficulties, conserves the resources of the court system and the parties and protects the rights of each proposed class member. Further, it prevents the very real harm that would be suffered by numerous putative class members who simply will be unable to enforce individual claims of this size on their own, and by Defendants' competitors, who will be placed at an unfair competitive disadvantage as their punishment for obeying the law. Plaintiff does not anticipate difficulties in the management of this action.

## V.   FIRST CAUSE OF ACTION

### (UNFAIR BUSINESS PRACTICES – CAL. BUS. & PROF. CODE §§ 17200, *et seq.*)

28.   Plaintiff repeats and realleges each and every paragraph above as though fully set forth herein.

29.   California Business and Professions Code §§ 17200, *et seq.*, prohibit unfair competition in the form of any unlawful, unfair, deceptive, or fraudulent business act or practice.

30.   Beginning at an exact date unknown to Plaintiff, but at least during the four-year period preceding the filing of this Complaint and up to the present, Defendants committed unlawful acts and practices as defined by California Business and Professions Code §§ 17200, *et seq.* Defendants have had a policy and practice of engaging in unlawful and unfair business practices including, but not limited to, violations of:

   (a)   Labor Code § 1194 (failure to pay all wages due, including minimum, overtime, and double-time wages);

   (b)   Labor Code §§ 226.7 and 512 (failure to provide meal periods and

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

COMPLAINT                                    8                          CASE NO.

authorize and permit rest periods);

(c)    Labor Code § 226 (failure to provide accurate itemized wage statements);

(d)    Labor Code §§ 201-203 (failure to pay all wages at time of discharge); and

(e)    Industrial Welfare Commission IWC Wage Order No. 16-2001.

31.    The violations of those laws and the acts and practices described in this Complaint constitute unlawful, unfair, deceptive and fraudulent business acts and practices and unfair competition within the meaning of Business and Professions Code §§ 17200, *et seq.*

32.    As a direct and proximate result of those acts and practices, Defendants have received and continue to hold as ill-gotten gains money and property belonging to Plaintiff and the class, in that Defendants have profited in those amounts from their unlawful practices.

33.    Business and Professions Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of unfair competition and order restitution by Defendants to Plaintiff for the practices alleged in this complaint. Plaintiff and putative class members are entitled under Business and Professions Code §§ 17203 and 17208 to restitution and restoration of all wages unlawfully withheld at any time during the four-year period preceding the filing of this Complaint and up through the present and until the violations have been corrected, together with all civil penalties owed in connection with those violations. Plaintiff will, upon leave of the Court, amend this Complaint to state those amounts when they are ascertained.

34.    Plaintiff's success in this action will enforce important rights affecting the public interest and, in that regard, Plaintiff sues on behalf of the proposed class as well as on behalf of herself and the general public. Plaintiff seeks and is entitled to unpaid wages, injunctive relief, and any other remedy owing to Plaintiff and all others similarly situated.

35.    Injunctive relief is necessary and appropriate to prevent Defendants from repeating or continuing their wrongful business practices alleged above.

36.    In order to prevent Defendants from profiting and benefiting from their wrongful and illegal policies and practices, an order requiring Defendants to restore to Plaintiff all monies and property unlawfully gained through Defendants' unlawful practices is appropriate and

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

1  necessary.

2      37.    Plaintiff takes upon herself enforcement of these laws and lawful claims.  There is

3  a financial burden incurred in pursuing this action and it would be against the interests of justice

4  to penalize Plaintiff by forcing her to pay attorneys' fees from the recovery in this action.

5  Therefore, an award of attorneys' fees is appropriate under California Code of Civil Procedure §

6  1021.5.

7      Wherefore, Plaintiff prays for relief as set forth below.

8  **VI.  SECOND CAUSE OF ACTION**

9  **(UNPAID WAGES, OVERTIME PAY, MINIMUM WAGES AND LIQUIDATED**

10  **DAMAGES – LABOR CODE §§ 510, 1194 AND 1194.2)**

11      38.    Plaintiff repeats and realleges each and every paragraph above as though fully set

12  forth herein.

13      39.    Labor Code § 510 and IWC Wage Order 16-2001, require, among other things:

14          (a)    One and one-half times the employee's regular rate of pay for all hours

15                  worked in excess of eight hours and up to and including 12 hours in any

16                  workday, and for the first eight hours worked on the seventh consecutive

17                  day of work in a workweek; and

18          (b)    Double the employee's regular rate of pay for all hours worked in excess of

19                  12 hours in any workday and for all hours worked in excess of eight hours

20                  on the seventh consecutive day of work in a workweek.

21      40.    Defendants had a policy and practice of failing to pay Plaintiff and other putative

22  class members for all hours worked by failing to pay them any wages, including minimum wages

23  and overtime pay, for certain hours worked, including time spent traveling and/or waiting for

24  and/or operating company-provided transportation.

25      41.    Plaintiff seeks to recover all unpaid wages and overtime pay due to Plaintiff and

26  other putative class members, as well as minimum wages and liquidated damages, if appropriate,

27  and interest, under Labor Code §§ 218.6, 1194 and 1194.2.

28      42.    Plaintiff seeks attorneys' fees and costs under Labor Code § 1194, which provides

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

1  for a private right of action to recover unpaid minimum wage and overtime compensation and

2  also provides for the recovery of attorneys' fees and costs. Plaintiff also seeks attorneys' fees and

3  costs under Labor Code 218.5, which provides for the recovery of attorneys' fees and costs in an

4  action brought for the nonpayment of wages.

5       Wherefore, Plaintiff prays for relief as set forth below.

6                    **VII.   THIRD CAUSE OF ACTION**

7            **(UNPAID WAGES, OVERTIME PAY AND MINIMUM WAGES –**

8            **LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004)**

9       43.    RESERVED. Plaintiff will add this cause of action to an amended complaint as

10 allowed by Labor Code § 2699.3(a)(2)(C).

11                   **VIII.   FOURTH CAUSE OF ACTION**

12                   **(FAILURE TO PROVIDE MEAL PERIODS)**

13      44.    Plaintiff repeats and realleges each and every paragraph above as though fully set

14 forth herein.

15      45.    At all relevant times, the Defendants were "employers" of Plaintiff and members

16 of the proposed class within the meaning of Labor Code §§ 226.7 and 512, and IWC Wage Order

17 16-2001, § 2(I).

18      46.    At all relevant times, Plaintiff and members of the proposed class were

19 "employees" of Defendants within the meaning of Labor Code §§ 226.7 and 512, and IWC Wage

20 Order 16-2001, § 2(H). Plaintiff and members of the proposed class also were employed by

21 Defendants in on-site construction occupations, as defined in and within the meaning of IWC

22 Wage Order 16-2001, § 2(C).

23      47.    At all relevant times, Labor Code §§ 226.7 and 512, and IWC Wage Order 16-

24 2001, § 10 provide that employees must receive a first meal period of not less than 30 minutes

25 before working more than five hours, and a second meal period of not less than 30 minutes before

26 working more than 10 hours in a day.

27      48.    As alleged above, Defendants required Plaintiff and members of the proposed

28 class at various times to work more than 10 hours in a single day, including, occasionally, shifts

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

COMPLAINT                                      11                                    CASE NO.

1   longer than 12 hours.  On those occasions when Plaintiff and members of the proposed class

2   worked more than 10 hours in a single day, Defendants had a policy and practice of refusing

3   and/or failing to provide employees all of their required duty-free meal periods as mandated by

4   Labor Code §§ 226.7 and 512, and IWC Wage Order 16-2001, § 10(B).  Plaintiff alleges that she

5   and, on information and belief, other members of the proposed class did not waive their rights to a

6   second meal period.

7        49.     Defendants' practices of failing to provide employees timely and uninterrupted

8   meal periods of not less than 30 minutes and of requiring employees to work through those meal

9   periods, violate Labor Code §§ 226.7 and 512(a), and IWC Wage Order 16-2001, § 10(B).

10       50.     Plaintiff and members of proposed class have lost money as a direct result of

11  Defendants' unlawful practices as alleged above in that they were required to work shifts longer

12  than 10 hours, were not provided their required meal periods, and were not compensated correctly

13  for not having been provided such meal periods, respectively.   Accordingly, Plaintiff and

14  members of the proposed class are entitled to proper compensation, restitution and premium pay

15  for each meal period that was not provided as required by law and to the waiting time penalties

16  attached to those violations.

17       51.     CHERNE's violations of Labor Code §§ 226.7 and 512 and IWC Wage Order 16-

18  2001 as alleged above are ongoing and will continue unless and until this Court enters an

19  injunction barring those violations.

20       52.     Plaintiff is entitled to an award of attorneys' fees and costs and expenses incurred

21  in this action under Code of Civil Procedure § 1021.5.

22       .   Wherefore, Plaintiff prays for relief as set forth below.

23                    IX. FIFTH CAUSE OF ACTION

24                  (FAILURE TO PROVIDE MEAL PERIODS –

25        LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004)

26       53.     RESERVED.  Plaintiff will add this cause of action to an amended complaint as

27  allowed by Labor Code § 2699.3(a)(2)(C).

28

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

## X.  SIXTH CAUSE OF ACTION

### (FAILURE TO AUTHORIZE AND PERMIT REST PERIODS)

54.  Plaintiff repeats and realleges each and every paragraph above as though fully set forth herein.

55.  As alleged above, Defendants required Plaintiff and members of the proposed class at various times to work more than 10 hours in a single day.  Occasionally, the shifts lasted 12 hours or longer.  On those occasions when Plaintiff and members of the proposed class worked more than 10 hours in a single day, Defendants had a policy and practice of refusing and/or failing to authorize and permit employees to take a third rest period of not less than 10 minutes as required by Labor Code § 226.7 and IWC Wage Order 16-2001, § 11(A).  Plaintiff alleges that she and, on information and belief, members of the proposed class did not waive their rights to a third rest period.

56.  Defendants' practices of failing to authorize and permit employees to take a third rest period of not less than 10 minutes when employees were required to work more than 10 hours in a day, and of requiring employees to work through that rest period, violate Labor Code § 226.7 and IWC Wage Order 16-2001, § 11(A).

57.  Plaintiff and members of the proposed class lost money as a direct result of Defendants' unlawful practices as alleged above in that they were required to work shifts longer than 10 hours, were not provided a third rest period and were not compensated correctly for not having been provided a third rest period.  Accordingly, Plaintiff and members of the proposed class are entitled to proper compensation, restitution and premium pay for each rest period that was not provided as required by Labor Code § 226.7.

58.  Defendants' violations of Labor Code § 226.7 and IWC Wage Order 16-2001 as alleged above are ongoing and will continue unless and until this Court enters an injunction barring those violations.

59.  Plaintiff is entitled to an award of attorneys' fees and costs and expenses incurred in this action under Code of Civil Procedure § 1021.5.

Wherefore, Plaintiff prays for relief as set forth below.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

| COMPLAINT | 13 | CASE NO. |

## XI. <u>SEVENTH CAUSE OF ACTION</u>

### (FAILURE TO AUTHORIZE AND PERMIT THIRD REST PERIODS –

### LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004)

60.    RESERVED.  Plaintiff will add this cause of action to an amended complaint as allowed by Labor Code § 2699.3(a)(2)(C). ·

## XII.    <u>EIGTH CAUSE OF ACTION</u>

### (FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS)

61.    Plaintiff repeats and realleges each and every paragraph above as though fully set forth herein.

62.    As alleged above, during all or some portion of the proposed class ·period, Defendants violated Labor Code § 226 through their practice of failing to provide their employees, including Plaintiff and members of the proposed class, with complete and accurate itemized wage statements.  Among other things, the wage statements provided by Defendants violated Labor Code §. 226(a) by failing to state accurately the gross wages earned, the actual hours worked by each employee, and the names and addresses of the legal entities that were the employers.

63.    Under Labor Code § 226(e), Plaintiff and members of the proposed class are entitled to recover the greater of actual damages or $50 for the initial pay period in which a violation occurred and $100 for each subsequent pay period in which Defendants failed to comply with the statute, up to a maximum of $4,000 per employee.

64.    Under Labor Code § 226(g), Plaintiff is entitled to injunctive relief and an order of this Court requiring Defendants to comply with all provisions of Labor Code § 226.  Plaintiff also is entitled under Labor Code § 226(g) to an award of attorneys' fees and costs incurred in bringing this action.

Wherefore, Plaintiff prays for relief as set forth below.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

XIII.   **NINTH CAUSE OF ACTION**

**(FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS –**

**LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004)**

65.     RESERVED.  Plaintiff will add this cause of action to an amended complaint as allowed by Labor Code § 2699.3(a)(2)(C).

XIV.   **TENTH CAUSE OF ACTION**

**(LABOR CODE §§ 201-203)**

66.     Plaintiff repeats and realleges each and every paragraph above as though fully set forth herein.

67.     Labor Code §§ 201 and 202 require an employer to pay its employees all wages due within the time specified by law.  Labor Code § 203 provides that if an employer willfully fails to pay those wages within the time specified by Labor Code §§ 201 or 202, the employer must continue to pay the subject employees' wages day-by-day, weekends included, until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

68.     Defendants unfairly and unlawfully have had a policy and practice of violating Labor Code §§ 201 and 202 by failing to pay Plaintiff and the class all wages earned in their employment within the time specified by those sections.

69.     Plaintiff and all other putative class members who ceased employment with Defendants are entitled to unpaid compensation but thus far have not received that compensation.

70.     More than 30 days have passed since Plaintiff and certain class members left Defendants' employ.

71.     As a consequence of Defendants' willful failure to compensate Plaintiff and putative class members timely for all hours worked, Plaintiff and class members whose employment ended at any time the during the four-year period preceding the filing of this Complaint and up through the present and until compliance with the law are entitled to 30 days' wages under Labor Code § 203, together with interest.

Wherefore, Plaintiff prays for relief as set forth below.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

## XVI.  TWELFTH CAUSE OF ACTION

### (LABOR CODE §§ 201-203 –

### LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004)

72.     RESERVED.  Plaintiff will add this cause of action to an amended complaint as allowed by Labor Code § 2699.3(a)(2)(C).

## XVII.  THIRTEENTH CAUSE OF ACTION

### (LABOR CODE § 204b –

### LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004)

73.     RESERVED.  Plaintiff will add this cause of action to an amended complaint as allowed by Labor Code § 2699.3(a)(2)(C).

## XVIII. FOURTEENTH CAUSE OF ACTION

### (FAILURE TO PROVIDE A DAY'S REST IN SEVEN- LABOR CODE PRIVATE

### ATTRONEYS GENERAL ACT OF 2004)

74.     RESERVED.  Plaintiff will add this cause of action to an amended complaint as allowed by Labor Code § 2699.3(a)(2)(C).

### PRAYER FOR RELIEF

Plaintiff prays for relief as follows:

      i.   For an order certifying this action as a class action;

      ii.   For disgorgement of profits and restitution and restoration of all costs incurred, sums or property unlawfully withheld and/or losses caused by the policy and practice of failing to pay all minimum wage, overtime and double-time compensation owed to Plaintiff and the class members in violation of Business and Professions Code §§ 17200, *et seq.*;

      iii.   For disgorgement of profits and restitution and restoration of all costs incurred, sums or property unlawfully withheld and/or losses caused by the policy and practice of violating Business and Professions Code §§ 17200, *et seq.* by failing to provide proper meal and rest periods and to pay all wages due and owing for those failures;

| COMPLAINT | 16 | CASE NO. |

iv. For compensatory damages in amounts according to proof at time of trial representing the amount of unpaid minimum wage, overtime and double time compensation owed to Plaintiff and the class members for the policy and practice of failing to pay all wages due and owing, as well as liquidated damages as appropriate, during the applicable limitations period preceding the filing of the Complaint and up to and including the present and until the date of compliance with the law;

v. For compensatory damages in amounts according to proof at time of trial representing the amount of unpaid compensation owed to Plaintiff and class members for missed meal periods and rest periods due and owing during the applicable limitations period preceding the filing of the Complaint and up to and including the present and until the date of compliance with the law;

vi. For compensatory damages to Plaintiff and class members in an amount according to proof at time of trial for the policy and practice of failing to provide accurate, itemized wage statements during the applicable limitations period preceding the filing of this Complaint and up through the present and until the date of compliance with the law;

vii. For the statutory amounts provided by Labor Code § 226(e) for Plaintiff and class members during the applicable limitations period preceding the filing of this Complaint and up through and including the present and until the date of compliance with the law;

viii. For waiting time penalties as provided by Labor Code § 203 for Plaintiff and class members;

ix. For reasonable attorneys' fees and costs as allowed by Labor Code §§ 218.5, 226(e), 226(g) and 1194(a) and Code of Civil Procedure § 1021.5;

x. For all interest as required by Labor Code § 218.6 and other applicable law;

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

xi. For all costs of this suit as allowed by law, including Labor Code §§ 218.5, 226(e), 226(g), and 1194; and

xii. For such other and further relief as the Court may deem proper.

Dated: February 12, 2018

Respectfully submitted,

**KELLER GROVER LLP**

By:

ERIC A. GROVER
ROBERT SPENCER
Attorneys for Plaintiff and the Proposed Class

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

Dated: February12, 2018

**KELLER GROVER LLP**

By:

ERIC A. GROVER
ROBERT SPENCER
Attorneys for Plaintiff and the Proposed Class

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

COMPLAINT                                    18                              CASE NO.

1  ERIC A. GROVER (SBN 136080)
   eagrover@kellergrover.com
2  ROBERT W. SPENCER (SBN 238491)
   rspencer@kellergrover.com
3  **KELLER GROVER LLP**
4  1965 Market Street
   San Francisco, California 94103
5  Telephone:  (415) 543-1305
   Facsimile:  (415) 543-7861
6
7  SCOT BERNSTEIN (SBN 94915)
   swampadero@sbernsteinlaw.com
8  **LAW OFFICES OF SCOT D. BERNSTEIN,**
   **A PROFESSIONAL CORPORATION**
9  101 Parkshore Drive, Suite 100
   Folsom, California 95630
10 Telephone:  (916) 447-0100
   Facsimile:  (916) 933-5533
11
12 Attorneys for Plaintiff
   BEATRICE PARKER
13

*(left margin, vertical text)* **KELLER GROVER LLP**  1965 Market Street, San Francisco, CA 94103  Tel. 415.543.1305 | Fax. 415.543.7861

ENDORSED
FILED
ALAMEDA COUNTY

FEB 2 9 2018

CLERK OF THE SUPERIOR COURT
By Molly Kautz

14          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
15             **FOR THE COUNTY OF ALAMEDA**
16

| | |
|---|---|
| 17 BEATRICE PARKER on behalf of herself, and all others similarly situated, and all aggrieved employees, | Case No:  RG18892816 |
| 18 | |
| 19 | CLASS AND REPRESENTATIVE ACTION |
| 20          Plaintiff, | FIRST AMENDED CLASS ACTION COMPLAINT FOR: |
| 21      v. | 1. UNFAIR BUSINESS PRACTICES; 2. VIOLATIONS OF THE LABOR CODE; |
| 22 CHERNE CONTRACTING CORPORATION; and DOES 1 through 10, inclusive, | 3. PENALTIES; and 4. ATTORNEYS' FEES. |
| 23 | |
| 24          Defendants. | DEMAND FOR JURY TRIAL |
| 25 | Complaint filed: February 13, 2018 |
| 26 | |

27
28

**FIRST AMENDED COMPLAINT**                           CASE NO. RG18892816

BY FAX

Plaintiff BEATRICE PARKER, on behalf of herself and all others similarly situated, and on behalf of all aggrieved employees, complains against Defendants CHERNE CONTRACTING CORPORATION and Does 1 through 10 (all referred to collectively as "Defendants" or "CHERNE") as follows:

## I. JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction over Plaintiff's claims, based on, among other statutes, California Business & Professions Code §§ 17200, *et seq.*, and California Labor Code §§ 201-203, 204b, 226(a), 226.7, 510, 512, 550, 551, 552, 1194, 1194.2, 1197, 1197.1, 1198 and 1199. Plaintiff does not allege claims founded directly on rights created by a collective bargaining agreement or claims substantially dependent on analysis or interpretation of a collective bargaining agreement; Plaintiff expressly disclaims any such claims; and in the event of any real or perceived conflict between this disclaimer and any allegedly contrary language in this First Amended Complaint, this disclaimer shall govern. Further, Plaintiff has complied with all California Labor Code § 2699.3 requirements for commencing a civil action under the California Private Attorneys General Act of 2004, California Labor Code §§ 2698, et seq. ("PAGA").

2.     This Court has personal jurisdiction over the parties because, at all times relevant hereto, Plaintiff was a California resident who worked in California for Defendants and Defendants systematically and continuously have conducted business in the State of California.

3.     Venue is proper in this Court because California Code of Civil Procedure §§ 395 and 395.5, and case law interpreting those sections, provide that if a foreign business entity fails to designate with the office of the California Secretary of State a principal place of business in California, it is subject to being sued in any county in the state that plaintiff desires.   On information and belief, as of the date on which the original Complaint was filed, Defendant CHERNE CONTRACTING CORPORATION was a foreign business entity and had failed to designate a principal place of business in California with the office of the Secretary of State. Further, on information and belief, as of the date on which this First Amended Complaint is filed, Defendant CHERNE CONTRACTING CORPORATION still is a foreign business entity and still has failed to designate a principle place of business in California with the office of the

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

Secretary of State.

## II. PARTIES AND BACKGROUND

4.     Plaintiff BEATRICE PARKER is an adult who worked for Defendants as a non-exempt hourly employee.  She worked for Defendants as a driver from approximately June 30, 2015 through February 20, 2017 at the Tesoro refinery located in Martinez, California

5.     Defendant CHERNE CONTRACTING CORPORATION is a Delaware Corporation doing business throughout California and is a "person" as defined by California Labor Code § 18 and California Business and Professions Code § 17201. In addition, it is an "employer" as that term is used in the California Labor Code and in the California Industrial Welfare Commission's Orders regulating wages, hours, and working conditions.

6.     Plaintiff is ignorant of the true names and capacities of Defendants sued as Does 1 through 10, inclusive, and therefore sues those Defendants by those fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes and on that ground alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged and that Plaintiff's damages and other losses as alleged are proximately caused by those occurrences.

7.     Plaintiff brings this action on behalf of a proposed state-wide class of hourly non-exempt on-site employees who worked at CHERNE locations in California to challenge Defendants' (a) policy and practice of failing to pay any wages whatsoever, including the minimum wage, to employees for compensable travel time, including time spent traveling and/or waiting for and/or operating company-provided transportation to, from and/or within the refineries and other facilities; (b) policy and practice of violating California Labor Code § 510 and IWC Wage Order 16-2001 by failing to pay overtime wages to employees who worked more than eight hours in a day or 40 hours in a week; (c) policy and practice of violating California Labor Code §§ 226.7 and 512 and IWC Wage Order 16-2001 by failing to provide meal periods to employees, including second meal periods to employees who worked more than 10 hours in a day; (d) policy and practice of violating California Labor Code § 226.7 and IWC Wage Order 16-2001 by failing to authorize and permit third rest periods to employee who worked more than 10

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

1   hours in a day; (e) policy and practice of violating California Labor Code § 226 by failing to

2   provide complete and accurate itemized wage statements; and (f) policy and practice of violating

3   California Labor Code §§ 201-203 by failing to pay former employees all wages due and owing

4   at the time of discharge or voluntary quit.

5        8.     Plaintiff brings this action on behalf of herself and a proposed class of all hourly

6   non-exempt on-site workers employed by CHERNE at client locations within the State of

7   California at any time during the applicable limitations period preceding the original filing of the

8   Complaint up through the present and until compliance with the law.  Additionally, Plaintiff

9   brings this action as a representative action on behalf of all aggrieved employees.  Plaintiff seeks

10  recovery of all allowable compensation and other sums for the violations described above,

11  including unpaid minimum and overtime wages, penalties/premium pay for missed meal and rest

12  periods, restitution and restoration of sums owed and property unlawfully withheld, statutory

13  penalties, declaratory and injunctive relief, interest, attorneys' fees, and costs.

14                          **III. FACTUAL ALLEGATIONS**

15       9.     CHERNE provides workers on a contract basis for its clients that operate refineries

16  or industrial plants.  The work is performed at multiple locations in the State of California.

17       10.     At all relevant times, Plaintiff was employed by CHERNE as an hourly non-

18  exempt employee in an on-site construction occupation as defined by § 2(C) of IWC Wage Order

19  16-2001.  During her employment with CHERNE, Plaintiff worked six to seven days a week, and

20  typically worked more than 10 hours a day.

21       11.     Defendants had a policy and practice of failing to pay Plaintiff and other putative

22  class members for all hours worked by failing to pay them any wages, including minimum wage,

23  for travel time that is compensable under the California Labor Code and IWC Wage Order 16-

24  2001, including time spent travelling and/or waiting for and/or operating company-provided

25  shuttles or buses to, from and/or within the refineries and other facilities.

26       12.     At all relevant times, Labor Code §§ 226.7 and 512 and IWC Wage Order 16-

27  2001, § 10(B), have required employers to provide employees (1) with a first meal period of not

28  less than 30 minutes during which they are relieved of all duty before they have worked more

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

1   than five hours in a day and (2) a second duty-free meal period of not less than 30 minutes before

2   they have worked more than 10 hours in a day.   Plaintiff and other putative class members

3   worked more than 10 hours in a day and CHERNE had a policy and practice of failing to provide

4   them with all timely and required uninterrupted meal periods of at least 30 minutes.  Plaintiff

5   alleges that she and, on information and belief, other putative class members never waived their

6   right to a second meal period.  Further, Plaintiff and other putative class members sometimes

7   worked more than 12 hours in a day.  Under Labor Code § 512(a), second meal periods are not

8   waivable for employees who work more than 12 hours in a day.

9        13.    During the period in which Plaintiff was employed by CHERNE, she was required

10   to work shifts longer than 10 hours.  When CHERNE required Plaintiff and members of the

11   proposed class to work shifts longer than 10 hours, it had a policy and practice of failing to

12   authorize and permit putative class members to take discrete third rest periods of at least 10

13   minutes as required by Labor Code § 226.7 and IWC Wage Order 16-2001, § 11(A).

14        14.    Labor Code § 226 provides that every employer is required, "semimonthly or at

15   the time of each payment of wages," to give each employee an itemized wage statement that

16   includes "gross wages earned."  Defendants had a policy and practice of violating Labor Code §

17   226 by failing to provide complete and accurate itemized wage statements to Plaintiff and the

18   putative class members in that the wage statements provided did not, among other things, include

19   the accurate hours worked, the correct applicable rates for the hours worked, and the correct gross

20   wages earned.

21        15.    Defendants had a policy and practice of violating California Labor Code §§ 201-

22   203 by failing to pay Plaintiff and putative class members all wages due and owing at the time of

23   discharge or voluntary quit.

24        16.    Defendants had a policy and practice of failing to pay employees in a timely

25   manner as required by Labor Code § 204b.

26        17.    Defendants had a policy and practice of violating Labor Code §§ 550-552, 1198

27   and 1199 by failing to provide employees with one day's rest in seven.

28

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

---

**FIRST AMENDED COMPLAINT**          4          **CASE NO. RG18892816**

## IV. CLASS ACTION ALLEGATIONS

18.     Plaintiff brings this action on behalf of herself and as a class action under Code of Civil Procedure § 382 on behalf of a class of similarly situated persons employed by CHERNE in the State of California.  Specifically, Plaintiff seeks to represent the class of all hourly non-exempt on-site employees who performed work for CHERNE at job sites located within the State of California at any time during the applicable limitations period preceding the original filing of the Complaint and up through the present and until compliance with the law.  Plaintiff also seeks to represent the following sub-classes of employees who worked for CHERNE at job sites within the State of California:

(a)     All hourly non-exempt on-site employees who performed work for CHERNE at any time during the applicable limitations preceding the original filing of the Complaint and up through the present and until compliance with the law, inclusive, who were not paid any wages whatsoever, including minimum wage, for certain hours worked, including their time spent traveling and/or waiting for and/or operating company-provided transportation to, from and/or within the refineries and other facilities;

(b)     All hourly non-exempt on-site employees who performed work for CHERNE and any time during the applicable limitations period preceding the original filing of the Complaint and up through the present and until compliance with the law, inclusive, who were not paid in accordance with Labor Code § 510 when they worked more than eight hours in a day;

(c)     All hourly non-exempt on-site employees who performed work for CHERNE at any time during the applicable limitations period preceding the original filing of the Complaint and up through the present and until compliance with the law, inclusive, who worked more than 10 hours in a day and were not provided all meal periods;

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

       (d)    All hourly non-exempt on-site employees who performed work for CHERNE at any time during the applicable limitations period preceding the original filing of the Complaint and up through the present and until compliance with the law, inclusive, who worked more than 10 hours in a day but were not provided a third rest period;

       (e)    All hourly non-exempt on-site employees who performed work for CHERNE at any time during the applicable limitations period preceding the original filing of the Complaint and up through the present and until compliance with the law, who did not receive complete and accurate wage statements; and

       (f)    All hourly non-exempt on-site employees who performed work for CHERNE at any time during the applicable limitations period preceding the original filing of the Complaint and up through the present and until compliance with the law, inclusive, who were not paid all wages due upon discharge or voluntary quit as required by Labor Code §§ 201-203;

19.    The class and sub-classes that Plaintiff seeks to represent contain numerous members and are clearly ascertainable.  Plaintiff reserves the right under Rule 3.765 of the California Rules of Court to amend or modify the class and sub-class descriptions with greater specificity or further division into additional sub-classes or limitation to particular issues.

20.    By their unlawful practices and policies, Defendants have violated the rights of employees under the laws and regulations of the State of California.  The questions raised are, therefore, of common or general interest to the class members, who have a well-defined community of interest in the questions of law and fact raised in this action.

21.    Plaintiff's claims are typical of those of the class, as Plaintiff now suffers and has suffered in the past from the same violations of the law as other members of the proposed class. Plaintiff has retained competent counsel to represent her and the class, and Plaintiff will fairly and adequately represent the interests of the class.

22.    This action may properly be maintained as a class action under Code of Civil

1    Procedure § 382 because there is a well-defined community of interest in the litigation and the

2    proposed class and sub-classes are easily ascertainable.

3    **Numerosity**

4        23.    The members of the proposed class are so numerous that joinder of all class

5    members is impracticable.  While the precise number of class members has not been determined

6    at this time, Plaintiff is informed and believes that Defendants have employed as many as 600

7    workers or more in the relevant time period.

8        24.    Plaintiff alleges that Defendants' employment records would contain relevant

9    information as to the number of members of the proposed class.

10   **Commonality**

11       25.    There are questions of law and fact common to the class that predominate over any

12   questions affecting only individual class members.  Those common questions of law and fact

13   include, without limitation, the following:

14           (a)    Whether Defendants had a policy or practice of failing to pay class

15                  members for all hours worked;

16           (b)    Whether Defendants paid class members at the correct rate for hours

17                  worked in excess of eight hours in a day;

18           (c)    Whether Defendants had a policy and practice of failing to provide class

19                  members with all of their required meal periods;

20           (d)    Whether Defendants had a policy and practice of failing to provide class

21                  members with all of their required paid rest periods;

22           (e)    Whether Defendants had a policy and practice of violating Labor Code §

23                  226 by failing to provide required information on wage statements, such as

24                  gross wages earned, and whether those statements were accurate;

25           (f)    Whether Defendants had a policy and practice of violating Labor Code §§

26                  201-203 by failing to pay departing class members all wages due at the

27                  time of discharge or voluntary quit; and

28           (g)    Whether Plaintiff and the members of the class are entitled to equitable

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

1    relief under Business and Professions Code §§ 17200, *et seq.*

2    **Typicality and Adequacy of Representation**

3    26.    Plaintiff's claims are typical of the claims of the proposed class. Plaintiff and all

4    members of the proposed class sustained injuries and economic loss arising out of and caused by

5    Defendants' common course of conduct in violation of laws and regulations alleged in this

6    Complaint.

7    27.    Plaintiff will fairly and adequately protect the interests of all proposed class

8    members. Plaintiff has no interests that are antagonistic to those of the proposed class and is not

9    subject to any unique defenses. Plaintiff also has retained counsel experienced in class actions

10    and in representing employees and protecting employees' rights.

11    **Superiority of Class Action**

12    28.    A class action is superior to other available means for the fair and efficient

13    adjudication of this controversy.    Individual joinder of all proposed class members is not

14    practicable, and questions of law and fact common to the class predominate over any questions

15    affecting only individual members of the class. Each member of the class has been damaged and

16    is entitled to recovery by reason of Defendants' illegal policies and/or practices.

17    29.    Class action treatment will allow those similarly-situated persons to litigate their

18    claims in the manner that is most effective and economical for the parties and the judicial system.

19    Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this

20    action that would preclude its maintenance as a class action.

21    30.    A class action is superior to other available methods for the fair and efficient

22    adjudication of this controversy because individual litigation of the claims of all proposed class

23    members is impractical. Even if every proposed class member could afford individual litigation,

24    the court system could not. It would be unduly burdensome to the courts if individual litigation

25    of numerous cases were to be required. Individualized litigation also would present the potential

26    for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to

27    all parties and to the court system resulting from multiple trials of the same complex factual

28    issues. By contrast, the conduct of this action as a class action with respect to some or all of the

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

FIRST AMENDED COMPLAINT                              8                    CASE NO. RG18892816

1   issues presented herein gives rise to fewer management difficulties, conserves the resources of the
2   court system and the parties and protects the rights of each proposed class member.  Further, it
3   prevents the very real harm that would be suffered by numerous putative class members who
4   simply will be unable to enforce individual claims of this size on their own, and by Defendants'
5   competitors, who will be placed at an unfair competitive disadvantage as their punishment for
6   obeying the law.  Plaintiff does not anticipate difficulties in the management of this action.

7                          **V.     REPRESENTATIVE ACTION**

8          31.     Plaintiff seeks to represent all aggrieved employees with the meaning of Labor
9   Code §§ 2698, *et seq.*, who are or were employed by Defendants as hourly non-exempt on-site
10  employees who performed work within the State of California and were not paid any wages
11  whatsoever, including minimum wage, for certain hours worked, including their time spent
12  traveling and/or waiting for and/or operating company-provided transportation.

13         32.     Plaintiff seeks to represent all aggrieved employees with the meaning of Labor
14  Code §§ 2698, *et seq.*, who are or were employed by Defendants as hourly non-exempt on-site
15  employees who performed work within the State of California and were not paid in accordance
16  with Labor Code § 510 and Wage Order No. 16-2001 for hours worked in excess of eight in a day
17  or 40 in a week.

18         33.     Plaintiff seeks to represent all aggrieved employees with the meaning of Labor
19  Code §§ 2698, *et seq.*, who are or were employed by Defendants as hourly non-exempt on-site
20  employees who performed work for CHERNE at job sites located in the State of California and
21  were not provided their required meal periods.

22         34.     Plaintiff seeks to represent all aggrieved employees with the meaning of Labor
23  Code §§ 2698, *et seq.*, who are or were employed by Defendants as hourly non-exempt on-site
24  employees who performed work for CHERNE at job sites located in the State of California and
25  were not authorized or permitted to take all of their required rest periods.

26         35.     Plaintiff seeks to represent all aggrieved employees with the meaning of Labor
27  Code §§ 2698, *et seq.*, who are or were employed by Defendants as hourly non-exempt on-site
28  employees who performed work for CHERNE at job sites located in the State of California and

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

1    did not receive the complete and accurate itemized wage statements required by Labor Code §
2    226(a).

3        36.    Plaintiff seeks to represent all aggrieved employees with the meaning of Labor
4    Code §§ 2698, *et seq.*, who are or were employed by Defendants as hourly non-exempt on-site
5    employees who performed work for CHERNE at job sites located in the State of California and
6    were not paid all wages due at the time of discharge or voluntary quit as required by Labor Code
7    §§ 201-203.

8        37.    Plaintiff seeks to represent all aggrieved employees with the meaning of Labor
9    Code §§ 2698, *et seq.*, who are or were employed by Defendants as hourly non-exempt on-site
10   employees who performed work for CHERNE at job sites located in the State of California and
11   were not paid all wages in a timely manner as required by Labor Code § 204b.

12       38.    Plaintiff seeks to represent all aggrieved employees with the meaning of Labor
13   Code §§ 2698, *et seq.*, who are or were employed by Defendants as hourly non-exempt on-site
14   employees who performed work for CHERNE at job sites located in the State of California and
15   were not provided one day of rest in seven as required by Labor Code §§ 550-552.

16       39.    There is a well-defined community of interest in the questions of law and fact
17   affecting the aggrieved employees whom Plaintiff seeks to represent.  The aggrieved employees'
18   claims against Defendants involve questions of common or general interest including but not
19   limited to the following: (1) whether Defendants had a policy and practice of failing to pay
20   aggrieved employees any wages whatsoever, including minimum wage, for certain hours worked,
21   including their time spent traveling and/or waiting for and/or operating company-provided
22   transportation to, from and/or within the refineries and other facilities; (2) whether Defendants
23   had a policy and practice of violating Labor Code § 510 and Wage Order No. 16-2001 by failing
24   to pay aggrieved employees in accordance with for hours worked in excess of eight in a day or 40
25   in a week; (3) whether Defendants had a policy and practice of failing to provide aggrieved
26   employees with all of their required meal periods; (4) whether Defendants had a policy and
27   practice of failing to provide aggrieved employees with all of their required rest periods; (5)
28   whether Defendants had a policy and practice of violating Labor Code § 226 by failing to provide

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

1  required information on wage statements, such as gross wages earned, and whether those

2  statements were accurate; (6) whether Defendants had a policy and practice of violating Labor

3  Code §§ 201-203 by failing to pay departing aggrieved employees all wages due at the time of

4  discharge or voluntary quit; (7) whether Defendants had a policy and practice of violating Labor

5  Code § 204b by failing to pay aggrieved employees in a timely manner; and (8) whether

6  Defendants had a policy and practice of violating Labor Code §§ 550-552 by failing to provide

7  aggrieved employees with one day of rest in seven.

8      40.   Plaintiff's experiences are typical of the experiences of the aggrieved employees

9  whom Plaintiff seeks to represent on a PAGA representative basis and her interests are consistent

10  with, and not antagonistic to, those of the State of California and the other aggrieved employees.

11  Plaintiff will fairly and adequately represent the interests of the State of California and the

12  aggrieved employees whom she seeks to represent because Plaintiff also is an aggrieved

13  employee and her claims are typical of those of the aggrieved employees.  Plaintiff has retained

14  attorneys who are experienced in the prosecution of class and representative actions, and Plaintiff

15  intends to prosecute this action vigorously.

16      41.   Common questions of law and fact exist as to all aggrieved employees that

17  predominate over any other questions affecting only individual aggrieved employees.

18      42.   Plaintiff requests permission to amend the Complaint to include additional

19  representatives if Plaintiff is deemed not to be an adequate representative of the aggrieved

20  employees.

21      **VI.**   **FIRST CAUSE OF ACTION**

22      **(UNFAIR BUSINESS PRACTICES – CAL. BUS. & PROF. CODE §§ 17200, *et seq.*)**

23      43.   Plaintiff repeats and realleges each and every paragraph above as though fully set

24  forth herein.

25      44.   California Business and Professions Code §§ 17200, *et seq.*, prohibit unfair

26  competition in the form of any unlawful, unfair, deceptive, or fraudulent business act or practice.

27      45.   Beginning at an exact date unknown to Plaintiff, but at least during the four-year

28  period preceding the original filing of the Complaint and up through the present, Defendants

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

FIRST AMENDED COMPLAINT        11        CASE NO. RG18892816

committed unlawful acts and practices as defined by California Business and Professions Code §§ 17200, *et seq.* Defendants have had a policy and practice of engaging in unlawful and unfair business practices including but not limited to violations of:

    (a)    Labor Code §§ 510 and 1194 (failure to pay all wages due, including minimum, overtime, and double-time wages);

    (b)    Labor Code §§ 226.7 and 512 (failure to provide meal periods and to authorize and permit rest breaks and failure to pay the premium pay required by law when those meal periods and rest breaks are not provided);

    (c)    Labor Code § 226 (failure to provide accurate itemized wage statements);

    (d)    Labor Code §§ 201-203 (failure to pay all wages at time of discharge or voluntary quit);

    (e)    Labor Code § 204b (failure to pay wages within the times provided by law);

    (f)    Labor Code § 550 – 552 (failure to provide one day's rest in seven); and

    (g)    Industrial Welfare Commission IWC Wage Order No. 16-2001.

46.    The violations of those laws and the acts and practices described in this Complaint constitute unlawful, unfair, deceptive and fraudulent business acts and practices and unfair competition within the meaning of Business and Professions Code §§ 17200, *et seq.*

47.    As a direct and proximate result of those acts and practices, Defendants have received and continue to hold as ill-gotten gains money and property belonging to Plaintiff and the class, in that Defendants have profited in those amounts from their unlawful practices.

48.    Business and Professions Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of unfair competition and order Defendants to make restitution to Plaintiff for the practices alleged in this Complaint. Plaintiff and putative class members are entitled under Business and Professions Code §§ 17203 and 17208 to restitution and restoration of all wages unlawfully withheld at any time during the four-year period preceding the original filing of the Complaint and up through the present and until the violations have been corrected, together with all civil penalties owed in

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

1   connection with those violations. Plaintiff will, upon leave of the Court, amend this Complaint to

2   state those amounts when they are ascertained.

3       49.   Plaintiff's success in this action will enforce important rights affecting the public

4   interest and, in that regard, Plaintiff sues on behalf of the proposed class as well as on behalf of

5   herself and the general public. Plaintiff seeks and is entitled to unpaid wages, injunctive relief,

6   and any other remedy owing to Plaintiff and all others similarly situated.

7       50.   Injunctive relief is necessary and appropriate to prevent Defendants from repeating

8   or continuing their wrongful business practices alleged above.

9       51.   To prevent Defendants from profiting and benefiting from their wrongful and

10  illegal policies and practices, an order requiring Defendants to restore to Plaintiff all monies and

11  property unlawfully gained through Defendants' unlawful practices is appropriate and necessary.

12      52.   Plaintiff takes upon herself enforcement of these laws and lawful claims. There is

13  a financial burden incurred in pursuing this action and it would be against the interests of justice

14  to penalize Plaintiff by forcing her to pay attorneys' fees from the recovery in this action.

15  Therefore, an award of attorneys' fees is appropriate under California Code of Civil Procedure §

16  1021.5.

17      Wherefore, Plaintiff prays for relief as set forth below.

18              **VII.   SECOND CAUSE OF ACTION**

19      **(UNPAID WAGES, OVERTIME PAY, MINIMUM WAGES AND LIQUIDATED**

20          **DAMAGES – LABOR CODE §§ 510, 1194 AND 1194.2)**

21      53.   Plaintiff repeats and realleges each and every paragraph above as though fully set

22  forth herein.

23      54.   Labor Code § 510 and IWC Wage Order 16-2001, require, among other things:

24          (a)   One and one-half times the employee's regular rate of pay for all hours

25              worked in excess of eight hours and up to and including 12 hours in any

26              workday, and for the first eight hours worked on the seventh consecutive

27              day of work in a workweek; and

28

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

1

(b)   Double the employee's regular rate of pay for all hours worked in excess of

2                  12 hours in any workday and for all hours worked in excess of eight hours

3                  on the seventh consecutive day of work in a workweek.

4      55.   Defendants had a policy and practice of failing to pay Plaintiff and other putative

5   class members for all hours worked by failing to pay them any wages, including minimum wages

6   and overtime pay, for certain hours worked, including time spent traveling and/or waiting for

7   and/or operating company-provided transportation.

8      56.   Plaintiff seeks to recover all unpaid wages and overtime pay due to Plaintiff and

9   other putative class members, as well as minimum wages and liquidated damages, if appropriate,

10   and interest, under Labor Code §§ 218.6, 1194 and 1194.2.

11      57.   Plaintiff seeks attorneys' fees and costs under Labor Code § 1194, which provides

12   for a private right of action to recover unpaid minimum wage and overtime compensation and

13   also provides for the recovery of attorneys' fees and costs.  Wherefore, Plaintiff prays for relief

14   as set forth below.

15                  **VIII.   THIRD CAUSE OF ACTION**

16          **(UNPAID WAGES, OVERTIME PAY AND MINIMUM WAGES –**

17       **LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004)**

18      58.   California Labor Code § 2699(f) permits "aggrieved employees" to recover certain

19   penalties on their own behalf and on behalf of other current and former employees.

20      59.   Plaintiff is an "aggrieved employee" as that term is defined in the Labor Code

21   Private Attorneys General Act of 2004 because she is a person who was employed by the alleged

22   violator and against whom one or more of the alleged violations was committed.

23      60.   Plaintiff has met all of the Labor Code § 2699.3 requirements to commence a civil

24   action against Defendants for violations of Labor Code §§ 510, 1194, 1197, 1197.1, 1198 and

25   1199.

26      61.   By the actions alleged herein, Defendants violated Labor Code §§ 510, 1194,

27   1197, 1197.1, 1198 and 1199 by failing to pay Plaintiff and other aggrieved employees overtime

28   pay on all occasions when it was required by law and failing to pay aggrieved employees any

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

1   wages, including minimum wages and overtime pay, for certain hours worked.

2       62.     Therefore, Plaintiff and all current and former aggrieved employees demand the

3   penalties provided by Labor Code § 2699(f) for violations of Labor Code §§ 510, 1194, 1197,

4   1197.1, 1198 and 1199.

5       63.     Plaintiff further seeks reasonable attorneys' fees and costs under Labor Code §§

6   1194 and 2699(g)(1).

7       Wherefore, Plaintiff prays for relief as set forth below.

8                    IX. **FOURTH CAUSE OF ACTION**

9                    **(FAILURE TO PROVIDE MEAL PERIODS)**

10      64.     Plaintiff repeats and realleges each and every paragraph above as though fully set

11  forth herein.

12      65.     At all relevant times, the Defendants were "employers" of Plaintiff and members

13  of the proposed class within the meaning of Labor Code §§ 226.7 and 512, and IWC Wage Order

14  16-2001, § 2(I).

15      66.     At all relevant times, Plaintiff and members of the proposed class were

16  "employees" of Defendants within the meaning of Labor Code §§ 226.7 and 512, and IWC Wage

17  Order 16-2001, § 2(H).  Plaintiff and members of the proposed class also were employed by

18  Defendants in on-site construction occupations, as defined in and within the meaning of IWC

19  Wage Order 16-2001, § 2(C).

20      67.     At all relevant times, Labor Code §§ 226.7 and 512, and IWC Wage Order 16-

21  2001, § 10, have provided that employees must receive a first meal period of not less than 30

22  minutes before working more than five hours in a day, and a second meal period of not less than

23  30 minutes before working more than 10 hours in a day.

24      68.     As alleged above, Defendants required Plaintiff and members of the proposed

25  class at various times to work more than 10 hours in a single day, including, occasionally, shifts

26  longer than 12 hours.  On those occasions when Plaintiff and members of the proposed class

27  worked more than 10 hours in a single day, Defendants had a policy and practice of refusing

28  and/or failing to provide employees all of their required duty-free meal periods as mandated by

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

FIRST AMENDED COMPLAINT                    15                    CASE NO. RG18892816

1   Labor Code §§ 226.7 and 512 and IWC Wage Order 16-2001, § 10(B).  Plaintiff alleges that she

2   and, on information and belief, other members of the proposed class did not waive their rights to a

3   second meal period.

4       69.   Defendants' practices of failing to provide employees timely and uninterrupted

5   meal periods of not less than 30 minutes and of requiring employees to work through those meal

6   periods, violate Labor Code §§ 226.7 and 512(a) and IWC Wage Order 16-2001, § 10(B).

7       70.   Plaintiff and members of proposed class have lost money as a direct result of

8   Defendants' unlawful practices as alleged above in that they were required to work shifts longer

9   than 10 hours, were not provided their required meal periods, and were not compensated correctly

10  for not having been provided those meal periods.  Thus, Plaintiff and members of the proposed

11  class are entitled to proper compensation, restitution and premium pay for each meal period that

12  was not provided as required by law and to the waiting time penalties attached to those violations.

13      71.   CHERNE's violations of Labor Code §§ 226.7 and 512 and IWC Wage Order 16-

14  2001 as alleged above are ongoing and will continue unless and until this Court enters an

15  injunction barring those violations.

16      72.   Plaintiff is entitled to an award of attorneys' fees and costs and expenses incurred

17  in this action under Code of Civil Procedure § 1021.5.

18      Wherefore, Plaintiff prays for relief as set forth below.

19              ## X.  FIFTH CAUSE OF ACTION

20              ### (FAILURE TO PROVIDE MEAL PERIODS –

21          ### LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004)

22      73.   Plaintiff repeats and realleges each and every paragraph above as though fully set

23  forth herein.

24      74.   California Labor Code § 2699(f) permits "aggrieved employees" to recover certain

25  penalties on their own behalf and on behalf of other current and former employees.

26      75.   Plaintiff is an "aggrieved employee" as that term is defined in the Labor Code

27  Private Attorneys General Act of 2004 because she is a person who was employed by the alleged

28  violator and against whom one or more of the alleged violations was committed.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

1    76.    Plaintiff has met all of the Labor Code § 2699.3 requirements to commence a civil
2  action against Defendants for violations of Labor Code §§ 226.7, 512, 1198 and 1199.

3    77.    By the actions alleged herein, Defendants failed to provide all required meal
4  periods in violation of Labor Code §§ 226.7, 512, 1198 and 1199.

5    78.    Therefore, Plaintiff and all current and former aggrieved employees demand the
6  penalties provided by Labor Code § 2699(f) for violations of Labor Code §§ 226.7, 512, 1198 and
7  1199.

8    79.    Plaintiff further seeks reasonable attorneys' fees and costs under Labor Code §
9  2699(g)(1).

10    Wherefore, Plaintiff prays for relief as set forth below.

11    **XI. SIXTH CAUSE OF ACTION**

12    **(FAILURE TO AUTHORIZE AND PERMIT REST PERIODS)**

13    80.    Plaintiff repeats and realleges each and every paragraph above as though fully set
14  forth herein.

15    81.    As alleged above, Defendants required Plaintiff and members of the proposed
16  class at various times to work more than 10 hours in a single day.  Occasionally the shifts lasted
17  12 hours or longer. On those occasions when Plaintiff and members of the proposed class worked
18  more than 10 hours in a single day, Defendants had a policy and practice of violating Labor Code
19  § 226.7 and IWC Wage Order 16-2001, § 11(A), by refusing and/or failing to authorize and
20  permit employees to take a third rest period of not less than 10 minutes.  Plaintiff alleges that she
21  and, on information and belief, members of the proposed class did not waive their rights to a third
22  rest period.

23    82.    Defendants' practices of failing to authorize and permit employees to take a third
24  rest period of not less than 10 minutes when employees were required to work more than 10 hours
25  in a day, and of requiring employees to work through that rest period, violate Labor Code § 226.7
26  and IWC Wage Order 16-2001, § 11(A).

27    83.    Plaintiff and members of the proposed class lost money as a direct result of
28  Defendants' unlawful practices as alleged above in that they were required to work shifts longer

---

FIRST AMENDED COMPLAINT            17            CASE NO. RG18892816

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

1   than 10 hours, were not provided a third rest period and were not compensated correctly for not

2   having been provided a third rest period.  Accordingly, Plaintiff and members of the proposed

3   class are entitled to proper compensation, restitution and premium pay for each rest period that

4   was not provided as required by Labor Code § 226.7.

5        84.   Defendants' violations of Labor Code § 226.7 and IWC Wage Order 16-2001 as

6   alleged above are ongoing and will continue unless and until this Court enters an injunction

7   barring those violations.

8        85.   Plaintiff is entitled to an award of attorneys' fees and costs and expenses incurred

9   in this action under Code of Civil Procedure § 1021.5.

10       Wherefore, Plaintiff prays for relief as set forth below.

11  ## XII.   SEVENTH CAUSE OF ACTION

12  ### (FAILURE TO AUTHORIZE AND PERMIT THIRD REST PERIODS –

13  ### LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004)

14       86.   Plaintiff repeats and realleges each and every paragraph above as though fully set

15  forth herein.

16       87.   California Labor Code § 2699(f) permits "aggrieved employees" to recover certain

17  penalties on their own behalf and on behalf of other current and former employees.

18       88.   Plaintiff is an "aggrieved employee" as that term is defined in the Labor Code

19  Private Attorneys General Act of 2004 because she is a person who was employed by the alleged

20  violator and against whom one or more of the alleged violations was committed.

21       89.   Plaintiff has met all of the Labor Code § 2699.3 requirements to commence a civil

22  action against Defendants for violations of Labor Code §§ 226.7, 1198 and 1199.

23       90.   By the actions alleged herein, Defendants violated Labor Code §§ 226.7, 1198 and

24  1199 by failing to authorize and permit all required rest periods.

25       91.   Therefore, Plaintiff and all current and former aggrieved employees demand the

26  penalties provided by Labor Code § 2699(f) for violations of Labor Code §§ 226.7 1198 and

27  1199.

28       92.   Plaintiff further seeks reasonable attorneys' fees and costs under Labor Code §

1   2699(g)(1).

2   　　　　Wherefore, Plaintiff prays for relief as set forth below.

3   　　　　　　　　**XIII.   EIGHTH CAUSE OF ACTION**

4   　　　　　**(FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS)**

5   　　　　93.　　Plaintiff repeats and realleges each and every paragraph above as though fully set

6   forth herein.

7   　　　　94.　　As alleged above, during all or some portion of the proposed class period,

8   Defendants violated Labor Code § 226 through their practice of failing to provide their

9   employees, including Plaintiff and members of the proposed class, with complete and accurate

10  itemized wage statements.  Among other things, the wage statements provided by Defendants

11  violated Labor Code § 226(a) by failing to state accurately the gross wages earned, the actual

12  hours worked by each employee, and the names and addresses of the legal entities that were the

13  employers.

14  　　　　95.　　Under Labor Code § 226(e), Plaintiff and members of the proposed class are

15  entitled to recover the greater of actual damages or $50 for the initial pay period in which a

16  violation occurred and $100 for each subsequent pay period in which Defendants failed to comply

17  with the statute, up to a maximum of $4,000 per employee.

18  　　　　96.　　Under Labor Code § 226(g), Plaintiff is entitled to injunctive relief and an order of

19  this Court requiring Defendants to comply with all provisions of Labor Code § 226.  Plaintiff also

20  is entitled under Labor Code § 226(g) to an award of attorneys' fees and costs incurred in

21  bringing this action.

22  　　　　Wherefore, Plaintiff prays for relief as set forth below.

23  　　　　　　　　**XIV.   NINTH CAUSE OF ACTION**

24  　　　　**(FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS –**

25  　　　　　**LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004)**

26  　　　　97.　　Plaintiff repeats and realleges each and every paragraph above as though fully set

27  forth herein.

28  　　　　98.　　California Labor Code § 2699(f) permits "aggrieved employees" to recover certain

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

1   penalties on their own behalf and on behalf of other current and former employees.

2       99.     Plaintiff is an "aggrieved employee" as that term is defined in the Labor Code

3   Private Attorneys General Act of 2004 because she is a person who was employed by the alleged

4   violator and against whom one or more of the alleged violations was committed.

5       100.    Plaintiff has met all of the Labor Code § 2699.3 requirements to commence a civil

6   action against Defendants for violations of Labor Code § 226(a), 1198 and 1199.

7       101.    By their actions as alleged herein, Defendants have failed to comply with Labor

8   Code §§ 226(a), 1198 and 1199 as they relate to Plaintiff and the other aggrieved employees. As

9   alleged above, Defendants employ a policy and practice of failing to provide complete and

10  accurate itemized wage statements to Plaintiff and other aggrieved employees as required by

11  Labor Code § 226(a) in that the wage statements provided do not, among other things, state

12  accurately the gross wages earned and the actual hours worked by each employee Further, the

13  wage statements also violated Labor Code §§ 226(a), 1198 and 1199 and IWC Wage Order 16-

14  2001 by failing to include the name and address of the legal entity that is the employer.

15      102.    Therefore, Plaintiff, for herself and all current and former aggrieved employees,

16  demands the penalties provided by Labor code § 2699(f) for violations of Labor Code § 226(a),

17  1198 and 1199.

18      103.    Plaintiff further seeks reasonable attorneys' fees and costs under Labor Code §

19  2699(g)(1).

20      Wherefore, Plaintiff prays for relief as set forth below.

21                  **XV.    TENTH CAUSE OF ACTION**

22                      **(LABOR CODE §§ 201-203)**

23      104.    Plaintiff repeats and realleges each and every paragraph above as though fully set

24  forth herein.

25      105.    Labor Code §§ 201 and 202 require an employer to pay its employees all wages

26  due within the time specified by law.  Labor Code § 203 provides that if an employer willfully

27  fails to pay those wages within the time specified by Labor Code §§ 201 or 202, the employer

28  must continue to pay the subject employees' wages day-by-day, weekends included, until the

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

1    back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

2        106.    Defendants unfairly and unlawfully have had a policy and practice of violating

3    Labor Code §§ 201 and 202 by failing to pay Plaintiff and the class all wages earned in their

4    employment within the time specified by those sections.

5        107.    Plaintiff and all other putative class members who ceased employment with

6    Defendants are entitled to unpaid compensation but thus far have not received that compensation.

7        108.    More than 30 days have passed since Plaintiff and certain class members left

8    Defendants' employ.

9        109.    As a consequence of Defendants' willful failure to compensate Plaintiff and

10   putative class members timely for all hours worked, Plaintiff and class members whose

11   employment ended at any time the during the three-year period preceding the original filing of the

12   Complaint and up through the present and until compliance with the law are entitled to 30 days'

13   wages under Labor Code § 203, together with interest.

14        Wherefore, Plaintiff prays for relief as set forth below.

15                    **XVI.  TWELFTH CAUSE OF ACTION**

16                    **(LABOR CODE §§ 201-203 –**

17        **LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004)**

18       110.    Plaintiff repeats and realleges each and every paragraph above as though fully set

19   forth herein.

20       111.    California Labor Code § 2699(f) permits "aggrieved employees" to recover certain

21   penalties on their own behalf and on behalf of other current and former employees.

22       112.    Plaintiff is an "aggrieved employee" as that term is defined in the Labor Code

23   Private Attorneys General Act of 2004 because she is a person who was employed by the alleged

24   violator and against whom one or more of the alleged violations was committed.

25       113.    Plaintiff has meet all of the Labor Code § 2699.3 requirements to commence a

26   civil action against Defendants for violations of Labor Code §§ 201-203.

27       114.    By their actions as alleged herein, Defendants have failed to comply with Labor

28   Code §§ 201-203 as they relate to Plaintiff and the other aggrieved employees.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

**FIRST AMENDED COMPLAINT**                    21                    **CASE NO. RG18892816**

115.    Therefore, Plaintiff, for herself and all current and former aggrieved employees, demands the penalties provided by Labor Code § 2699(f) for violations of Labor Code §§ 201-203.

116.    Plaintiff further seeks reasonable attorneys' fees and costs under Labor Code § 2699(g)(1).

Wherefore, Plaintiff prays for relief as set forth below.

## XVII.  THIRTEENTH CAUSE OF ACTION

### (LABOR CODE § 204b –

### LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004)

117.    Plaintiff repeats and realleges each and every paragraph above as though fully set forth herein.

118.    California Labor Code § 2699(f) permits "aggrieved employees" to recover certain penalties on their own behalf and on behalf of other current and former employees.

119.    Plaintiff is an "aggrieved employee" as that term is defined in the Labor Code Private Attorneys General Act of 2004 because she is a person who was employed by the alleged violator and against whom one or more of the alleged violations was committed.

120.    Plaintiff has meet all of the Labor Code § 2699.3 requirements to commence a civil action against Defendants for violations of Labor Code §§ 204b.

121.    By their actions as alleged herein, Defendants have failed to comply with Labor Code §§ 204b as it relates to Plaintiff and the other aggrieved employees.

122.    Therefore, Plaintiff, for herself and all current and former aggrieved employees, demands the penalties provided by Labor Code § 2699(f) for violations of Labor Code §§ 204b.

123.    Plaintiff further seeks reasonable attorneys' fees and costs under Labor Code § 2699(g)(1).

Wherefore, Plaintiff prays for relief as set forth below.

//

//

//

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

## XVIII. FOURTEENTH CAUSE OF ACTION

### (FAILURE TO PROVIDE ONE DAY OF REST IN SEVEN –

### LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004)

124. Plaintiff repeats and realleges each and every paragraph above as though fully set forth herein.

125. California Labor Code § 2699(f) permits "aggrieved employees" to recover certain penalties on their own behalf and on behalf of other current and former employees.

126. Plaintiff is an "aggrieved employee" as that term is defined in the Labor Code Private Attorneys General Act of 2004 because she is a person who was employed by the alleged violator and against whom one or more of the alleged violations was committed.

127. Plaintiff has meet all of the Labor Code § 2699.3 requirements to commence a civil action against Defendants for violations of Labor Code §§ 550-552.

128. By their actions as alleged herein, Defendants have failed provide Plaintiff and other aggrieved employees one day of rest in seven as required Labor Code §§ 550-552.

129. Therefore, Plaintiff, for herself and all current and former aggrieved employees, demands the penalties provided by Labor Code § 2699(f) for violations of Labor Code §§ 550-552.

130. Plaintiff further seeks reasonable attorneys' fees and costs under Labor Code § 2699(g)(1).

Wherefore, Plaintiff prays for relief as set forth below.

### PRAYER FOR RELIEF

Plaintiff prays for relief as follows:

      i. For an order certifying this action as a class action;

      ii. For disgorgement of profits and restitution and restoration of all costs incurred, sums or property unlawfully withheld and/or losses caused by the policy and practice of violating Business and Professions Code §§ 17200, et seq., by failing to pay all minimum wage, overtime and double-time compensation owed to Plaintiff and the class members;

iii. For disgorgement of profits and restitution and restoration of all costs incurred, sums or property unlawfully withheld and/or losses caused by the policy and practice of violating Business and Professions Code §§ 17200, *et seq.* by failing to provide proper meal and rest periods and to pay all wages due and owing for those failures;

iv. For compensatory damages in amounts according to proof at time of trial representing the amount of unpaid minimum wage, overtime and double-time compensation owed to Plaintiff and the class members for the policy and practice of failing to pay all wages due and owing, as well as liquidated damages as appropriate, during the applicable limitations period preceding the original filing of the Complaint and up to and including the present and until the date of compliance with the law;

v. For civil penalties as specified by Labor Code § 2699(f) for Plaintiff and each current and former aggrieved employee for each violation of Labor Code §§ 510, 1194, 1197, 1197.1, 1198 and 1199 (failure to pay minimum, overtime and  double-time wage) during the applicable limitations period preceding the original filing of the Complaint and up to and including the present and until the date of compliance with the law;

vi. For compensatory damages in amounts according to proof at time of trial representing the amount of unpaid compensation owed to Plaintiff and class members for missed meal periods and rest periods due and owing during the applicable limitations period preceding the original filing of the Complaint and up to and including the present and until the date of compliance with the law;

vii. For civil penalties as specified by Labor Code § 2699(f) for Plaintiff and each current or former aggrieved employee for each violation of Labor Code §§ 226.7, 512(a), 1198 and 1199 (missed meal periods and missed rest periods) during the applicable limitations period preceding the original

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

1   filing of the Complaint and up to and including the present and until the

2   date of compliance with the law;

3   viii.   For compensatory damages to Plaintiff and class members in an amount

4   according to proof at time of trial for the policy and practice of failing to

5   provide accurate, itemized wage statements during the applicable

6   limitations period preceding the original filing of the Complaint and up

7   through the present and until the date of compliance with the law;

8   ix.   For the statutory amounts provided by Labor Code § 226(e) for Plaintiff

9   and class members during the applicable limitations period preceding the

10   original filing of the Complaint and up through and including the present

11   and until the date of compliance with the law;

12   x.   For civil penalties as specified by Labor Code § 2699(f) for Plaintiff and

13   each current or former aggrieved employee for each violation of Labor

14   Code §§ 226(a) (failure to provide itemized wage statements), 1198 and

15   1199 during the applicable limitations period preceding the original filing

16   of the Complaint and up through the present and until the date of

17   compliance with the law;

18   xi.   For waiting time penalties as provided by Labor Code § 203 for Plaintiff

19   and class members;

20   xii.   For civil penalties as specified by Labor Code § 2699(f) for Plaintiff and

21   each current or former aggrieved employee for each violation of Labor

22   Code §§ 201-203 (failure to pay departing employees all wages due and

23   owing) during the applicable limitations period preceding the original

24   filing of the Complaint and up through and including the present and until

25   the date of compliance with the law;

26   xiii.   For civil penalties as specified by Labor Code § 2699(f) for Plaintiff and

27   each aggrieved employee for each violation of Labor Code § 204b (failure

28   to pay wages in a timely manner) during the applicable limitations period

FIRST AMENDED COMPLAINT               25               CASE NO. RG18892816

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

1   preceding the original filing of the Complaint and up through and including

2   the present and until the date of compliance with the law;

3   xiv.   For civil penalties as specified by Labor Code § 2699(f) for Plaintiff and

4   each aggrieved employee for each violation of Labor Code §§ 550-552

5   (failure to provide one day of rest in seven) during the applicable

6   limitations period preceding the original filing of the Complaint and up

7   through and including the present and until the date of compliance with the

8   law;

9   xv.   For reasonable attorneys' fees and costs as allowed by Labor Code §§

10   226(e), 226(g), 1194(a), 2699(g)(1) and Code of Civil Procedure § 1021.5;

11   xvi.   For all interest as required by Labor Code § 218.6 and other applicable

12   law;

13   xvii.   For all costs of this suit as allowed by law, including Labor Code §§ 218.5,

14   226(e), 226(g), 1194 and 2699(g)(1); and

15   xviii.   For such other and further relief as the Court may deem proper.

16

17   Dated:   February 23, 2018

18   Respectfully submitted,

19   **KELLER GROVER LLP**

20

21   By:   _____

22   ERIC A. GROVER
     ROBERT SPENCER
23   Attorneys for Plaintiff and the Proposed Class

24

25

26

27

28

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

Dated: February 23, 2018       **KELLER GROVER LLP**

By: _____
      ERIC A. GROVER
      ROBERT SPENCER
      Attorneys for Plaintiff and the Proposed Class

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861