UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATRICE PARKER,<br><br>   Plaintiff,<br><br>  v.<br><br>CHERNE CONTRACTING CORPORATION,<br><br>   Defendant. | Case No. 18-cv-01912-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 8 |

## I. BACKGROUND

Plaintiff Beatrice Parker worked for Defendant Cherne Contracting Corporation ("Cherne") as an hourly, non-exempt driver from approximately June 30, 2015 until February 20, 2017. Dkt. No. 1-1 ("FAC") ¶ 4–5. The complaint alleges putative class action claims based on violations of the California Labor Code, Wage Order 16, and the California Business and Professions Code, as well as Private Attorneys General Act ("PAGA") claims. Each of Plaintiff's claims is based upon allegations that Plaintiff and the putative class members were required to work outside their official shift hours without compensation. These allegedly uncompensated hours included hours spent traveling and/or waiting for and/or operating company-provided shuttles or buses to, from, and within worksites, FAC ¶¶ 11, 55, as well as meal periods during which Plaintiff was made to work, *id.* ¶¶ 12, 69–70.

### A. CBA

Defendant Cherne entered into a Collective Bargaining Agreement with the Contra Costa County Building & Trades Council and its Affiliated Local Unions in 2006 for work relating to

1  the Tesoro Golden Eagle Refinery Coker Modification Project.  Dkt. No. 10-1 ("CBA")[1].  That
2  CBA purports to include as signatories "[a]ny Contractor (including Cherne) performing Covered
3  Work" on the Tesoro project.  CBA § 2.2.1.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Nonetheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

## III. DISCUSSION

Because Plaintiff does not challenge the dismissal of the Sixth and Seventh Causes of

---

[1] Defendant requests that the Court take judicial notice of: (1) the Tesoro Golden Eagle Refinery Cocker Modification Project Agreement; (2) the National Maintenance Agreement; (3) the Teamsters Master Labor Agreement 2013–2016; (4) the 2016–2020 Master Agreement for Northern California; and (5) the Tesoro Avon Wharf Upgrade Project Pre-Job Meeting Agreement (the "CBA documents").  Dkt. No. 10, Exs. A–E.  Although the CBA documents are not referenced in the complaint, Plaintiff conceded at the August 30, 2018 hearing that Plaintiff was subject to at least Exs. A & B, and that Plaintiff did not object to the Court taking judicial notice of all five CBA documents.  Therefore, none of the documents is "subject to reasonable dispute," and the Court GRANTS Defendant's unopposed request for judicial notice with respect to these documents.  *See* Dkt. No. 29; *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018); *United States v. Ritchie*, 342 F.3d 903, 908–909 (9th Cir. 2003).

action without leave to amend, the Court GRANTS Defendants' motion to dismiss these causes of action without leave to amend and will not address them below. *See* Dkt. No. 14 at 1 n.3.

### A. Labor Code Exemption

#### i. Second Cause of Action

Plaintiff's second cause of action asserts claims for unpaid wages[2], overtime pay, and failure to pay a minimum wage under California Labor Code sections 510, 1194 and 1194.2, as well as IWC Wage Order 16-2001. FAC ¶¶ 53–57. Defendant contends that under California Labor Code section 514 and IWC Wage Order 16-2001 section 3(H)(1), Plaintiff is exempted from the asserted statutes based on the terms of the CBA. Dkt. No. 9 at 5–6.

##### a. § 1194 Minimum Wage Claims

Plaintiff brings claims under California Labor Code section 1194 seeking the state law mandated minimum wage. FAC ¶¶ 53–57. Minimum wage claims under California Labor Code section 1194 are not subject to exemption under section 514 and Wage Order 16-2001 section 3(H)(1). Cal. Lab. Code § 514 (exempting from Cal. Lab. Code sections 510 and 511, which do not address minimum wage); IWC Wage Order 16-2001 §§ 3(A)–(E) (same); Dkt. No. 21 at 14 (conceding same); Dkt. No. 14 at 3. Defendant contends for the first time in its reply that these minimum wage pleadings are insufficient to state a claim because they are unpaid wage claims indistinct from Plaintiff's overtime claim. Dkt. No. 21 at 14–15.

The FAC, on its face, raises claims for unpaid minimum wages under California Labor Code section 1194 that are separable from Plaintiff's overtime claims. *See* FAC ¶¶ 53–57. Defendant asserts that it is impossible for Plaintiff to claim that "damages, were it determined that she worked off the clock, would be calculated based on the state minimum wage rate and not the much higher rate set forth in the CBAs." *See* Dkt. No. 21 at 14. This assertion is not supported by

---

[2] Although the second cause of action is titled "Unpaid Wages, Overtime Pay, Minimum Wages and Liquidated Damages," FAC at 13, and the FAC refers to the recovery of "unpaid wages," separately from minimum wages and overtime compensation, *see id*. ¶ 56, Plaintiff asserts no claim for unpaid wages that is distinct from Plaintiff's overtime and minimum wage claims. Plaintiff's reference to Labor Code Section 218.6, *id.*, which provides payment of interest in actions brought for non-payment of wages, does not by itself create an independent cause of action for unpaid wages. The Court therefore treats Plaintiff's "unpaid wages" claim as a subset of Plaintiff's overtime and minimum wage claims.

the FAC, which alleges separate violations of multiple statutes based on the same conduct. *See* FAC ¶¶ 53–57. The Court therefore DENIES Defendant's motion to dismiss Plaintiff's minimum wage claims under California Labor Code section 1194. If it becomes clear at a later stage that Plaintiff's minimum wage claim necessarily sounds in unpaid wages inseparable from the CBA, Defendant may bring a motion for summary judgment on this basis.

### b.   § 510 and IWC Wage Order 16-2001 Wage Claims

California Labor Code section 514 states that:

> Sections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage.

Cal. Lab. Code § 514. Similarly, IWC Wage Order 16-2001 section 3(H)(1) states that:

> Subsections (A), (B), (C), (D), and (E) of Section 3, Hours and Days of Work, shall not apply to any employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage. (See Labor Code Section 514).

IWC Wage Order 16-2001 § 3(H)(1).

The CBA provides premium wage rates for all overtime hours worked and a regular hourly rate of pay at least 30 percent higher than the state minimum wage, as required by section 514 and section 3(H)(1). *See* CBA §§ 2.3, 2.4, 2.7–2.8; Dkt. No. 10-3 § 4(A) (setting lowest hourly rate at $27.44 per hour); Cal. Lab. Code § 1182.12(a) (setting California minimum wage at $9 per hour between July 1, 2014 and January 1, 2016). Specifically, the CBA provides for wages "at a rate of time and one-half (1/2) the straight-time hourly rate" for the "first two (2) hours of work performed in excess of the standard workday Monday through Friday," as well as "Saturday . . . for the first ten hours of work." CBA § 2.4. The CBA further provides that "[a]ll work performed on Sundays and holidays and in excess of ten (10) hours a day shall be paid at the rate of two (2) times the straight time hourly pay." *Id.*

Plaintiff contends that because its overtime claims under Labor Code section 510 are premised upon allegations that Defendant failed to record worked hours and are not based on the rate of pay for those hours, those claims do not trigger Labor Code section 514 or the Wage Order CBA exemption. Dkt. No. 14 at 3. Plaintiff additionally cites *Gregory v. SCIE, LLC*, 317 F.3d 1050 (9th Cir. 2003), for the proposition that, because the complaint alleges that Defendant did not pay premium wages for all compensable overtime hours, a disputed issue of fact exists with respect to the applicability of section 514 and Wage Order 16-2001 section 3(H)(1). Dkt. No. 14 at 12.

The Ninth Circuit recently held in *Curtis v. Irwin* that "*Gregory* was overruled by intervening California case law." *Curtis v. Irwin Indus., Inc.*, No. 16-56515, 2019 WL 321165, at *5 (9th Cir. Jan. 25, 2019) (discussing *Vranish v. Exxon Mobil Corp.*, 223 Cal. App. 4th 103, 113 (2014)).

Here, neither party has raised an issue of CBA interpretation. Because "the phrase 'overtime hours worked' is not defined by section 510," but rather by the CBA in question, no issue of fact remains with respect to exemption under § 514. *Vranish*, 223 Cal. App. 4th at 113. Therefore, because Plaintiff was covered by a CBA that satisfies the requirements of § 514 and § 3(H)(1), Plaintiff is exempt from bringing wage claims under California Labor Code § 510 and IWC Wage Order 16-2001.[3] The Court therefore GRANTS Defendant's motion to dismiss Plaintiff's claims brought under California Labor Code section 510 and IWC Wage Order 16-2001 without leave to amend.

ii. **Fourth Cause of Action**

Plaintiff's fourth cause of action asserts claims for failure to provide meal periods under

---

[3] The parties dispute whether statutory exemption is an affirmative defense. Dkt. No. 14 at 6–7; Dkt. No. 21 at 1–3. "Dismissal under Rule 12(b)(6) on the basis of an affirmative defense is proper only if the defendant shows some obvious bar to securing relief on the face of the complaint. If, from the allegations of the complaint as well as any judicially noticeable materials, an asserted defense raises disputed issues of fact, dismissal under Rule 12(b)(6) is improper." *ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014) (internal citations and parentheticals omitted). The Court need not decide here whether exemption under § 514 and Wage Order 16-2001 § 3(H)(1) is an affirmative defense, because Plaintiffs have not identified any disputed issues of fact with respect to exemption under these statutes.

5

California Labor Code sections 226.7 and 512, and IWC Wage Order 16-2001 section 10. FAC ¶¶ 44–52. Defendant contends that, under California Labor Code section 512(e) and IWC Wage Order 16-2001 section 10(E), Plaintiff is exempted from the asserted statutes based on the CBAs entered into by Defendant and several Local Unions. Dkt. No. 9 at 6–7.

California Labor Code section 512(e) states that:

> [The asserted subdivisions of § 512] do not apply to an employee specified in subdivision (f) if both of the following conditions are satisfied:
> (1) The employee is covered by a valid collective bargaining agreement.
> (2) The valid collective bargaining agreement expressly provides for the wages, hours of work, and working conditions of employees, and expressly provides for meal periods for those employees, final and binding arbitration of disputes concerning application of its meal period provisions, premium wage rates for all overtime hours worked, and a regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate.

Cal. Lab. Code § 512(e). IWC Wage Order 16-2001 section 10(E) states that:

> [The asserted meal period subsections] shall not apply to any employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage.

IWC Wage Order 16-2001 § 10(E). California Labor Code section 226.7(e) states that:

> This section shall not apply to an employee who is exempt from meal or rest or recovery period requirements pursuant to other state laws, including, but not limited to, a statute or regulation, standard, or order of the Industrial Welfare Commission.

Cal. Lab. Code § 226.7(e).

The only condition for exemption listed in Wage Order 16-2001 section 10(E) and Labor Code section 512(e) that differs from those addressed above with respect to sections 514 and 3(H)(1) is that the CBA "expressly provides for meal periods for those employees, [and] final and binding arbitration of disputes concerning application of its meal period provisions." *Compare* Cal. Lab. Code § 512(e) *and* IWC Wage Order 16-2001 § 10(E) *with* Cal. Lab. Code § 514 *and* IWC Wage Order 16-2001 § 3(H)(1). The CBA states that the "workday shall be scheduled by

6

1  mutual agreement between the hours of 7:00 AM and 4:30 PM with a one-half (1/2) hour unpaid
2  lunch period." CBA § 2.7.1.  Further, the CBA provides that all grievances arising out of the CBA
3  not otherwise resolved by the grievance procedure set forth in § 2.13 are subject to arbitration at
4  the request of either party.  CBA § 2.13.4.

5  Plaintiff contests the applicability of section 512(e) and Wage Order 16 section 10(E) by
6  again arguing that factual issues are raised by the underlying question of what time is or is not
7  compensable.  Dkt. No. 14 at 13–14.  Plaintiff conceded at the August 30, 2018 hearing that this
8  argument is entirely derivative of Plaintiff's argument contesting exemption of overtime claims.
9  The Court has already addressed these arguments above in Section III(A)(i)(b) and finds for the
10 same reasons that Plaintiff is exempted from the meal period claims brought under California
11 Labor Code sections 512 and 226.7, and IWC Wage Order 16-2001 section 10.  Having therefore
12 found the CBA to satisfy each of the conditions listed in section 512(e) and Wage Order 16
13 section 10(E), the Court GRANTS Defendant's motion to dismiss Plaintiff's claims brought under
14 Labor Code sections 512 and 226.7, and IWC Wage Order 16-2001 section 10 without leave to
15 amend.

### B. LMRA Preemption (Second and Fourth Causes of Action)

Defendant contends that Plaintiff's second and fourth causes of actions are preempted by section 301 of the Labor Management Relations Act ("LMRA").  Dkt. No. 9 at 9–12.

#### i. Legal Standard

"Federal law exclusively governs a suit for breach of a CBA under § 301, whose broad preemptive scope entirely displaces any state cause of action based on a CBA, as well as any state claim whose outcome depends on analysis of the terms of the agreement." *Cook v. Lindsay Olive Growers*, 911 F.2d 233, 237 (9th Cir. 1990).  Preemption under section 301 applies "when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985).

The section 301 preemption analysis requires two steps:  "first, an inquiry into whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by

7

a CBA. If the right exists solely as a result of the CBA, then the claim is preempted, and our analysis ends there . . . . If, however, the right exists independently of the CBA, we must still consider whether it is nevertheless substantially dependent on analysis of a collective-bargaining agreement. If such dependence exists, then the claim is preempted by section 301; if not, then the claim can proceed under state law." *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059–60 (9th Cir. 2007) (internal citations and quotation marks omitted).

Defendant contends that Plaintiff's wage, overtime, and meal break claims only exist because of the CBA, due to the exemptions under California Labor Code sections 512 and 514 and Wage Order 16-2001 sections 10(E) and 3(H)(1). Dkt. No. 9 at 10.

ii. **Exempted Claims**

Plaintiff is exempted from her unpaid wages, overtime pay, and meal period claims brought under California Labor Code sections 226.7, 510, and 512 and IWC Wage Order 16-2001 as discussed above in Section III(A). Plaintiff therefore has asserted no rights that exist independently of the CBA, and these claims are preempted. *See Coria v. Recology, Inc.*, 63 F. Supp. 3d 1093, 1098–1100 (N.D. Cal. 2014) (holding, where plaintiff was exempted from meal period claims under section 512(e) and from overtime claims under section 514, the only basis for those claims was the CBA, and those claims were accordingly preempted).

a. Conversion to Section 301

"[W]hen resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim . . . or dismissed as pre-empted by federal labor-contract law." *Lueck*, 471 U.S. 202, 220.

If the Court were to convert Plaintiff's preempted claims into Section 301 claims seeking to enforce the terms of the CBA, those claims would fail due to the CBA's grievance and arbitration provisions. *See United Paperworkers Int'l. Union, AFL–CIO v. Misco, Inc.*, 484 U.S. 29, 37 (1987) ("The courts have jurisdiction to enforce collective-bargaining contracts; but where the contract provides grievance and arbitration procedures, those procedures must first be exhausted and courts must order resort to the private settlement mechanisms without dealing with

8

1  the merits of the dispute"). The CBA provides that all grievances arising out of the CBA, other
2  than jurisdictional disputes, "shall be resolved pursuant to the grievance procedure set forth in"
3  section 2.13. CBA § 2.13.1. Any grievance not otherwise resolved by the grievance procedure set
4  forth in section 2.13 is subject to arbitration at the request of either party. CBA § 2.13.4.

Plaintiff has not alleged that she has exhausted the grievance procedures set forth in § 2.13 of the CBA, and the Court therefore dismisses Plaintiff's preempted claims. *See Hall v. Live Nation Worldwide, Inc.*, 146 F. Supp. 3d 1187, 1205–06 (C.D. Cal. 2015) (dismissing preempted claims due to failure to exhaust grievance procedures under the CBA, and collecting cases).

### iii. Non-exempted Claims

As discussed in Section III(A)(i)(a) above, Plaintiff's minimum wage claims under California Labor Code section 1194 are not subject to exemption under section 514 and Wage Order 16-2001 § 3(H)(1), and involve a state law right independent of the CBA. The Court must therefore determine whether the minimum wage rights asserted are dependent on analysis of the CBA. *See Burnside*, 491 F.3d at 1060.

Plaintiff contends that the minimum wage claims "depend entirely on whether the time at issue in the Complaint constitutes compensable 'hours worked'" under the applicable state law. Dkt. No. 14 at 17.

"[W]hen the meaning of contract terms is not the subject of a dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." *Livadas v. Bradshaw*, 512 U.S. 107, 122–24 (1994). Here, the minimum wage claims do not rely on any interpretation of the terms of the CBA. "Courts have routinely held that California wage and hour claims are not preempted" in cases like this one, which assert various wage and hour claims based on a failure to compensate at all for certain hours allegedly worked. *Mauia v. Petrochem Insulation, Inc.*, No. 18-CV-01815-MEJ, 2018 WL 3241049, at *9 (N.D. Cal. July 3, 2018) (collecting cases). Defendant notes that determining the amount of the minimum wage will necessarily implicate the CBA. But the fact that Plaintiff's minimum wage rate is defined by the CBA does not in itself create a dispute about the CBA's terms. At the August 30, 2018 hearing, Plaintiff's counsel maintained that the

minimum wage claims brought under section 1194 are based on the state minimum wage rate and not any rate defined by the CBA. Defendant has not identified any substantive dispute over the language of the CBA that would require interpretation, and the Court therefore finds that the minimum wage claims arising under California Labor Code section 1194 are not substantially dependent on analysis of the CBA. For that reason, Plaintiff's minimum wage claims under Labor Code section 1194 are not preempted by the LMRA.

### C. Remaining Causes of Action

Defendant contends that Plaintiff's UCL, PAGA, waiting time penalty, and itemized wage statement claims each derive from otherwise invalid Labor Code and IWC Wage Order claims, and should be dismissed for that reason. Dkt. No. 9 at 12.

Plaintiff contends that the third, ninth, twelfth, and thirteenth causes of action allege PAGA claims that are based in part on Plaintiff's minimum wage claim under Labor Code section 1194. Dkt. No. 14 at 18. Plaintiff, however, only pleads an underlying violation of section 1194 with respect to the third cause of action. FAC ¶¶ 60–61. Therefore, the Court GRANTS with leave to amend Defendant's motion to dismiss the remaining causes of action that do not rely on an underlying section 1194 violation.[4]

### D. Motion to Compel Arbitration

#### i. Legal Standard

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.,* sets forth a policy favoring arbitration agreements and establishes that a written arbitration agreement is "valid, irrevocable, and enforceable." 9 U.S.C. § 2; *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24 (1983) (noting federal policy favoring arbitration). The FAA allows that a party "aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing

---

[4] Plaintiff additionally contends that the twelfth, thirteenth, and fourteenth causes of action cannot be subject to preemption because PAGA claims are brought to enforce the state's interests, and the state is not a party to the CBAs in question. Dkt. No. 14 at 19–20. These Court dismisses these claims not because they are independently subject to preemption, but because these PAGA claims derive entirely from a preempted state law claim.

10

that . . . arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. Federal policy is "simply to ensure the enforceability, according to their terms, of private agreements to arbitrate." *Volt Info. Sciences, Inc. v. Bd. of Trustees of Leland Stanford Jr. Univ.,* 489 U.S. 468, 476 (1989). Courts must resolve any "ambiguities as to the scope of the arbitration clause itself . . . . in favor of arbitration." *Id.*

Arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. In analyzing whether an arbitration agreement is valid and enforceable, "generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening § 2." *Doctor's Assoc., Inc. v. Casarotto,* 517 U.S. 681, 687 (1996). In interpreting the validity and scope of an arbitration agreement, the courts apply state law principles of contract formation and interpretation. *See Wolsey, Ltd. v. Foodmaker, Inc.,* 144 F.3d 1205, 1210 (9th Cir. 1998) (citation omitted).

When considering a motion to compel arbitration, the court is limited to determining (1) whether a valid arbitration agreement exists, and, if so (2) whether the arbitration agreement encompasses the dispute at issue. *Cox v. Ocean View Hotel Corp.,* 533 F.3d 1114, 1119 (9th Cir. 2008). If these conditions are satisfied, the court must compel arbitration. 9 U.S.C. § 4; *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 218 (1985) ("By its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration.").

### ii. Preempted Claims

As to the claims already dismissed by the Court as preempted by § 301, Defendant's motion to compel arbitration is **DENIED** as moot.

### iii. Remaining Claims

Defendant moves to compel Plaintiff's remaining claims to the mandatory grievance and arbitration procedure provided in the CBA. Dkt. No. 9 at 13. The CBA's grievance and arbitration provisions "apply only to grievances arising out of the provisions of [the CBA] (other than jurisdictional disputes)." CBA § 2.13.1. As discussed above, the remaining claims brought

11

under California Labor Code section 1194 seeking the state law mandated minimum wage do not arise under or otherwise rely upon interpretation of the CBA.  The Court therefore DENIES Defendant's motion to compel arbitration of the remaining state law claims not otherwise governed by the CBA.  *Azpeitia v. Tesoro Ref. & Mktg. Co. LLC*, No. 17-CV-00123-JST, 2017 WL 3115168, at *7 (N.D. Cal. July 21, 2017) ("Because Plaintiffs' claims are founded on rights guaranteed by California law and do not require interpretation of the CBAs, Plaintiffs are not required to exhaust the grievance and arbitration procedures set forward in the CBAs.").

## IV.  CONCLUSION

The Court **GRANTS** Defendant's unopposed motion to dismiss Plaintiff's Sixth and Seventh Causes of action **WITHOUT LEAVE TO AMEND**.  The Court likewise **GRANTS** Defendant's motion to dismiss **WITHOUT LEAVE TO AMEND** with respect to:

- Plaintiff's claims brought under California Labor Code section 510 and IWC Wage Order 16-2001; and
- Plaintiff's claims brought under Labor Code sections 512 and 226.7, and IWC Wage Order 16-2001 section 10.

The Court **GRANTS** Defendant's motion to dismiss **WITH LEAVE TO AMEND** with respect to Plaintiff's remaining causes of action that do not rely on a section 1194 violation.  Any amended complaint must be filed within 21 days of the date of this order.

The Court **DENIES** Defendant's motion to dismiss with respect to Plaintiff's claims under California Labor Code section 1194 seeking the state law mandated minimum wage.  The Court **DENIES** Defendant's motion to compel arbitration.

//
//
//
//
//
//
//

The Court **SETS** a case management conference for February 12, 2019 at 2:00 p.m. to discuss case schedule and ADR.  The Court **DIRECTS** the parties to file a joint case management statement including a proposed schedule and proposed ADR deadlines on or before February 5, 2019.

**IT IS SO ORDERED.**

Dated:  1/29/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

13