1
ERIC A. GROVER (SBN 136080)
eagrover@kellergrover.com
2
ROBERT W. SPENCER (SBN 238491)
rspencer@kellergrover.com
3
**KELLER GROVER LLP**
4
1965 Market Street
San Francisco, California 94103
5
Telephone:   (415) 543-1305
Facsimile:    (415) 543-7861
6

7
SCOT BERNSTEIN (SBN 94915)
swampadero@sbernsteinlaw.com
8
**LAW OFFICES OF SCOT D. BERNSTEIN,**
**A PROFESSIONAL CORPORATION**
9
101 Parkshore Drive, Suite 100
Folsom, California 95630
10
Telephone:   (916) 447-0100
Facsimile:    (916) 933-5553
11

12
Attorneys for Plaintiffs
BEATRICE PARKER AND JEFFREY GURULE, SR.
13

14
**UNITED STATES DISTRICT COURT**
15
**NORTHERN DISTRICT OF CALIFORNIA**
16

17
BEATRICE PARKER and JEFFREY
GURULE, SR., on behalf of themselves, and all
18
others similarly situated, and all aggrieved
employees,
19

20
                    Plaintiffs,
21
        v.
22
CHERNE CONTRACTING CORPORATION;
and DOES 1 through 10, inclusive,
23

24
                    Defendants.
25

26

27

28

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No:  4:18-CV-01912-HSG

CLASS AND REPRESENTATIVE ACTION

**THIRD AMENDED CLASS ACTION**
**COMPLAINT FOR:**
**1.  UNFAIR BUSINESS PRACTICES;**
**2.  VIOLATIONS OF THE LABOR CODE;**
**3.  PENALTIES; and**
**4.  ATTORNEYS' FEES.**

**DEMAND FOR JURY TRIAL**

Complaint filed: February 13, 2018
FAC filed:        February 23, 2018
SAC filed:        February 11, 2019

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

Plaintiffs BEATRICE PARKER and JEFFREY GURULE, Sr. (referred to collectively as "Plaintiffs"), on behalf of themselves and all others similarly situated, and on behalf of all aggrieved employees, complain against Defendants CHERNE CONTRACTING CORPORATION and Does 1 through 10 (all referred to collectively as "Defendants" or "CHERNE") as follows:

## I.  JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over Plaintiffs' claims, based on, among other statutes, California Business & Professions Code §§ 17200, *et seq.*, and California Labor Code §§ 201-203, 204b, 226(a), 550, 551, 552, 1194, 1194.2, 1197, 1197.1, 1199(a), 1199(b) and 1199(c).   Plaintiffs do not allege claims founded directly on rights created by a collective bargaining agreement or claims substantially dependent on analysis or interpretation of a collective bargaining agreement; Plaintiffs expressly disclaim any such claims; and in the event of any real or perceived conflict between this disclaimer and any allegedly contrary language in this Third Amended Complaint, this disclaimer shall govern.   Further, Plaintiff PARKER has complied with all California Labor Code § 2699.3 requirements for commencing a civil action under the California Private Attorneys General Act of 2004, California Labor Code §§ 2698, *et seq.* ("PAGA").

2.      This Court has personal jurisdiction over the parties because, at all times relevant hereto, Plaintiffs were California residents who worked in California for Defendants and Defendants systematically and continuously have conducted business in the State of California.

3.      Venue is proper in this Court because Plaintiffs worked for Defendants in this judicial district and the claims asserted herein arose in this judicial district.

## II.  PARTIES AND BACKGROUND

4.      Plaintiff BEATRICE PARKER is an adult who worked for Defendants as a non-exempt hourly employee.   She worked for Defendants as a driver from approximately June 30, 2015 through February 20, 2017 at the Tesoro refinery located in Martinez, California.

5.      Plaintiff JEFFREY GURULE, Sr. is an adult who worked for Defendants as a non-exempt hourly employee.   He worked for Defendants as a pipefitter within the statutory

1  limitations period at both the Tesoro refinery located in Martinez, California, andthe Chevron

2  refinery in Richmond, California.

3        6.     Defendant CHERNE CONTRACTING CORPORATION is a Delaware

4  Corporation doing business throughout California and is a "person" as defined by California

5  Labor Code § 18 and California Business and Professions Code § 17201.  In addition, it is an

6  "employer" as that term is used in the California Labor Code and in the California Industrial

7  Welfare Commission's Orders regulating wages, hours, and working conditions.

8        7.     Plaintiffs are ignorant of the true names and capacities of Defendants sued as Does

9  1 through 10, inclusive, and therefore sues those Defendants by those fictitious names.  Plaintiffs

10  will amend this Complaint to allege their true names and capacities when ascertained.  Plaintiffs

11  are informed and believe and on that ground allege that each of the fictitiously named Defendants

12  is responsible in some manner for the occurrences alleged and that Plaintiffs' damages and other

13  losses as alleged are proximately caused by those occurrences.

14        8.     Plaintiffs bring this action on behalf of a proposed state-wide class of hourly non-

15  exempt on-site employees who worked at CHERNE locations in California to challenge

16  Defendants' (a) policy and practice of failing to pay at least the statutory minimum wage to

17  employees for compensable travel time, including time spent traveling on and/or waiting for

18  and/or operating company-provided transportation to, from and/or within the refineries and other

19  facilities; (b) policy and practice of violating California Labor Code § 226 by failing to provide

20  complete and accurate itemized wage statements; (c) policy and practice of violating California

21  Labor Code §§ 201-203 by failing to pay former employees all wages due and owing at the time

22  of discharge or voluntary quit; and (d) policy and practice of violating Labor Code §§ 550-552,

23  1199(a) and 1199(c) by failing to provide employees with one day's rest in seven.

24        9.     Plaintiffs bring this action on behalf of themselves and a proposed class of all

25  hourly non-exempt on-site workers employed by CHERNE at client locations within the State of

26  California at any time during the applicable limitations period preceding the original filing of the

27  Complaint up through the present and until compliance with the law.  Additionally, Plaintiff

28  PARKER brings this action as a representative action on behalf of all aggrieved employees.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax. 415.543.7861

**THIRD AMENDED COMPLAINT**      2      **CASE NO. 4:18-CV-01912-HSG**

Plaintiffs seek recovery of all allowable compensation and other sums for the violations described above, including unpaid statutory minimum wages, Labor Code § 1194.2 liquidated damages for failure to pay all statutorily-mandated minimum wages, restitution and restoration of sums owed and property unlawfully withheld, statutory penalties, declaratory and injunctive relief, interest, attorneys' fees and costs.

### III. FACTUAL ALLEGATIONS

10.     CHERNE provides workers on a contract basis for its clients that operate refineries or industrial plants.  The work is performed at multiple locations in the State of California.

11.     At all relevant times, Plaintiffs were employed by CHERNE as hourly non-exempt employees in an on-site construction occupation as defined by § 2(C) of IWC Wage Order 16-2001.  During their employment with CHERNE, Plaintiffs worked six to seven days a week and typically worked more than 10 hours a day.

12.     Labor Code § 1194 requires that employers pay employees at least the minimum wage for all hours worked. Defendants had a policy and practice of failing to pay Plaintiffs and other putative class members for all hours worked by failing to pay them any wages whatsoever for travel time that is compensable under the California Labor Code and IWC Wage Order 16-2001, including time spent traveling on and/or waiting for and/or operating company-provided shuttles or buses to, from and/or within the refineries and other facilities.  Plaintiffs, on behalf of themselves and other putative class members, seek the statutory minimum wage for this unpaid time.  Labor Code § 1194.2 provides for liquidated damages for violations of the Labor Code § 1194 statutory minimum wage requirements.  Plaintiffs, on behalf of themselves and other putative class members, seeks the liquidated damages available under Labor Code § 1194.2.

13.     Labor Code § 226 provides that every employer is required, "semimonthly or at the time of each payment of wages," to give each employee an itemized wage statement that includes "gross wages earned," "total hours worked" and "the name and address of the legal entity that is the employer."  The wage statements that Defendant provided to Plaintiffs and other putative class members violated Labor Code § 226(a)(8) by failing to include the legal name and address of the employer, in that those statements include only the name "Cherne" and do not

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

1   include any address.  Further, as described above, Defendant engaged in a policy and practice of

2   failing to pay at least the statutory minimum wage for all hours worked, resulting in

3   corresponding violations of Labor Code §226(a) by failing to include the  correct "gross wages

4   earned" and "total hours worked."

5       14.     Defendants had a policy and practice of violating California Labor Code §§ 201-

6   203 by failing to pay Plaintiffs and putative class members all statutory minimum wages due and

7   owing at the time of discharge or voluntary quit.  Plaintiffs and putative class members still are

8   owed the statutory minimum wage for unpaid time spent traveling on and/or waiting for and/or

9   operating company-provided shuttles or buses to, from and/or within the refineries and other

10  facilities.

11      15.     Defendants had a policy and practice of failing to pay employees all statutory

12  minimum wages owed in a timely manner as required by Labor Code § 204b.   Plaintiffs and

13  putative class members still are owed the statutory minimum wage for unpaid time spent traveling

14  on and/or waiting for and/or operating company-provided shuttles or buses to, from and/or within

15  the refineries and other facilities.

16      16.     Defendants had a policy and practice of violating Labor Code §§ 550-552, 1199(a)

17  and 1199(c) by failing to provide employees with one day's rest in seven.

18  ## IV. CLASS ACTION ALLEGATIONS

19      17.     Plaintiffs bring this action on behalf of themselves and as a class action under

20  Code of Civil Procedure § 382 on behalf of a class of similarly situated persons employed by

21  CHERNE in the State of California.  Specifically, Plaintiffs seek to represent the class of all

22  hourly non-exempt on-site employees who performed work for CHERNE at job sites located

23  within the State of California at any time during the applicable limitations period preceding the

24  original filing of the Complaint and up through the present and until compliance with the law.

25  Plaintiffs also seek to represent the following sub-classes of employees who worked for

26  CHERNE at job sites within the State of California:

27          (a)     All hourly non-exempt on-site employees who performed work for

28                  CHERNE at any time during the applicable limitations period preceding

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax. 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

the original filing of the Complaint and up through the present and until compliance with the law, inclusive, who were not paid at least the statutory minimum wage for certain hours worked, including their time spent traveling on and/or waiting for and/or operating company-provided transportation to, from and/or within the refineries and other facilities;

(b)    All hourly non-exempt on-site employees who performed work for CHERNE at any time during the applicable limitations period preceding the original filing of the Complaint and up through the present and until compliance with the law, inclusive, who did not receive complete and accurate wage statements; and

(c)    All hourly non-exempt on-site employees who performed work for CHERNE at any time during the applicable limitations period preceding the original filing of the Complaint and up through the present and until compliance with the law, inclusive, who were not paid all wages due upon discharge or voluntary quit as required by Labor Code §§ 201-203.

18.    The class and sub-classes that Plaintiffs seek to represent contain numerous members and are clearly ascertainable.  Plaintiffs reserve the right under Rule 3.765 of the California Rules of Court to amend or modify the class and sub-class descriptions with greater specificity or further division into additional sub-classes or limitation to particular issues.

19.    By their unlawful practices and policies, Defendants have violated the rights of employees under the laws and regulations of the State of California.  The questions raised are, therefore, of common or general interest to the class members, who have a well-defined community of interest in the questions of law and fact raised in this action.

20.    Plaintiffs' claims are typical of those of the class, as Plaintiffs now suffer and have suffered in the past from the same violations of the law as other members of the proposed class. Plaintiffs have retained competent counsel to represent her and the class, and Plaintiffs will fairly and adequately represent the interests of the class.

21.    This action may properly be maintained as a class action under Code of Civil

Procedure § 382 because there is a well-defined community of interest in the litigation and the proposed class and sub-classes are easily ascertainable.

**Numerosity**

22.     The members of the proposed class are so numerous that joinder of all class members is impracticable.  While the precise number of class members has not been determined at this time, Plaintiffs are informed and believe that Defendants have employed as many as 600 workers or more in the relevant time period.

23.     Plaintiffs allege that Defendants' employment records would contain relevant information as to the number of members of the proposed class.

**Commonality**

24.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  Those common questions of law and fact include, without limitation, the following:

(a)     Whether Defendants had a policy or practice of violating Labor Code § 1194 by failing to pay class members at least the statutory minimum wage for all hours worked;

(b)     Whether Defendants had a policy and practice of violating Labor Code § 226 by (i) failing to provide required information on wage statements, such as the correct gross wages earned, the correct total hours worked, and the legal name and address of the entity that is the employer,  and (ii) providing inaccurate information on wage statements, including inaccurate information regarding the total pay earned;

(c)     Whether Defendants had a policy and practice of violating Labor Code §§ 201-203 by failing to pay departing class members all statutory minimum wages due at the time of discharge or voluntary quit;

(d)     Whether Plaintiffs and the members of the class are entitled to equitable relief under Business and Professions Code §§ 17200, *et seq.*

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

THIRD AMENDED COMPLAINT                    6                    CASE NO. 4:18-CV-01912-HSG

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

**Typicality and Adequacy of Representation**

25.     Plaintiffs' claims are typical of the claims of the proposed class.  Plaintiffs and all members of the proposed class sustained injuries and economic loss arising out of and caused by Defendants' common course of conduct in violation of laws and regulations alleged in this Complaint.

26.     Plaintiffs will fairly and adequately protect the interests of all proposed class members.  Plaintiffs have no interests that are antagonistic to those of the proposed class and is not subject to any unique defenses.  Plaintiffs also have retained counsel experienced in class actions and in representing employees and protecting employees' rights.

**Superiority of Class Action**

27.     A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all proposed class members is not practicable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the class.  Each member of the class has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices.

28.     Class action treatment will allow those similarly-situated persons to litigate their claims in the manner that is most effective and economical for the parties and the judicial system.  Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

29.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all proposed class members is impractical.  Even if every proposed class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts if individual litigation of numerous cases were to be required.  Individualized litigation also would present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action with respect to some or all of the issues presented herein gives rise to fewer management difficulties, conserves the resources of the

court system and the parties and protects the rights of each proposed class member.  Further, it prevents the very real harm that would be suffered by numerous putative class members who simply will be unable to enforce individual claims of this size on their own, and by Defendants' competitors, who will be placed at an unfair competitive disadvantage as their punishment for obeying the law.  Plaintiffs do not anticipate difficulties in the management of this action.

## V.   REPRESENTATIVE ACTION

30.   Plaintiff PARKER seeks to represent all aggrieved employees with the meaning of Labor Code §§ 2698, *et seq.,* who are or were employed by Defendants as hourly non-exempt on-site employees who performed work within the State of California and were not paid at least the statutory minimum wage for certain hours worked as required by Labor Code § 1194, including their time spent traveling on and/or waiting for and/or operating company-provided transportation.

31.   Plaintiff PARKER seeks to represent all aggrieved employees with the meaning of Labor Code §§ 2698, *et seq.,* who are or were employed by Defendants as hourly non-exempt on-site employees who performed work for CHERNE at job sites located in the State of California and did not receive the complete and accurate itemized wage statements required by Labor Code § 226(a).

32.   Plaintiff PARKER seeks to represent all aggrieved employees with the meaning of Labor Code §§ 2698, *et seq.,* who are or were employed by Defendants as hourly non-exempt on-site employees who performed work for CHERNE at job sites located in the State of California and were not paid all statutory minimum wages due at the time of discharge or voluntary quit as required by Labor Code §§ 201-203. Plaintiff PARKER and other aggrieved employees still are owed unpaid statutory minimum wages for certain hours worked, including their time spent traveling on and/or waiting for and/or operating company-provided transportation to, from and/or within the refineries and other facilities.

33.   Plaintiff PARKER seeks to represent all aggrieved employees with the meaning of Labor Code §§ 2698, *et seq.,* who are or were employed by Defendants as hourly non-exempt on-site employees who performed work for CHERNE at job sites located in the State of California

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax. 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

and were not paid all statutory minimum wages due and owing in a timely manner as required by Labor Code § 204b. Plaintiff PARKER and other aggrieved employees still are owed unpaid statutory minimum wages for certain hours worked, including their time spent traveling on and/or waiting for and/or operating company-provided transportation to, from and/or within the refineries and other facilities.

34.     Plaintiff PARKER seeks to represent all aggrieved employees with the meaning of Labor Code §§ 2698, *et seq.,* who are or were employed by Defendants as hourly non-exempt on-site employees who performed work for CHERNE at job sites located in the State of California and were not provided one day of rest in seven as required by Labor Code §§ 550-552, 1199(a) and 1199(c).

35.     There is a well-defined community of interest in the questions of law and fact affecting the aggrieved employees whom Plaintiff PARKER seeks to represent.   The aggrieved employees' claims against Defendants involve questions of common or general interest including but not limited to the following: (1) whether Defendants had a policy and practice violating Labor Code § 1194 by failing to pay aggrieved employees at least the statutory minimum wage for certain hours worked, including their time spent traveling on and/or waiting for and/or operating company-provided transportation to, from and/or within the refineries and other facilities; (2) whether Defendants had a policy and practice of violating Labor Code § 226 by (i) failing to provide required information on wage statements, such as the correct gross wages earned, the correct total hours worked, and the legal name and address of the entity that is the employer, and (ii) providing inaccurate information on wage statements, including inaccurate information regarding the total pay earned and total hours worked; (3) whether Defendants had a policy and practice of violating Labor Code §§ 201-203 by failing to pay departing aggrieved employees all wages due at the time of discharge or voluntary quit; (4) whether Defendants had a policy and practice of violating Labor Code § 204b by failing to pay aggrieved employees in a timely manner during their employment; and (5) whether Defendants had a policy and practice of violating Labor Code §§ 550-552, 1199(a) and 1199(c) by failing to provide aggrieved employees with one day of rest in seven.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

36.     Plaintiff PARKER's experiences are typical of the experiences of the aggrieved employees whom Plaintiff PARKER seeks to represent on a PAGA representative basis and her interests are consistent with, and not antagonistic to, those of the State of California and the other aggrieved employees.  Plaintiff PARKER will fairly and adequately represent the interests of the State of California and the aggrieved employees whom she seeks to represent because Plaintiff PARKER also is an aggrieved employee and her claims are typical of those of the aggrieved employees.  Plaintiff PARKER has retained attorneys who are experienced in the prosecution of class and representative actions, and Plaintiff intends to prosecute this action vigorously.

37.     Common questions of law and fact exist as to all aggrieved employees that predominate over any other questions affecting only individual aggrieved employees.

38.     Plaintiffs request permission to amend the Complaint to include additional representatives if Plaintiff PARKER is deemed not to be an adequate representative of the aggrieved employees.

## VI.     FIRST CAUSE OF ACTION

### (UNFAIR BUSINESS PRACTICES – CAL. BUS. & PROF. CODE §§ 17200, *et seq.*)

### (ALL PLAINTIFFS AGAINST ALL DEFENDANTS)

39.     Plaintiffs repeat and reallege each and every paragraph above as though fully set forth herein.

40.     California Business and Professions Code §§ 17200, *et seq.*, prohibit unfair competition in the form of any unlawful, unfair, deceptive, or fraudulent business act or practice.

41.     Beginning at an exact date unknown to Plaintiffs, but at least during the four-year period preceding the original filing of the Complaint and up through the present, Defendants committed unlawful acts and practices as defined by California Business and Professions Code §§ 17200, *et seq.*  Defendants have had a policy and practice of engaging in unlawful and unfair business practices including but not limited to violations of:

> (a)     Labor Code § 1194 (failure to pay at least the statutory minimum wage for all hours worked);

> (b)     Labor Code § 226 (failure to provide accurate itemized wage statements);

THIRD AMENDED COMPLAINT                    10          CASE NO. 4:18-CV-01912-HSG

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax. 415.543.7861

(c)     Labor Code §§ 201-203 (failure to pay all statutory minimum wages due and owing at time of discharge or voluntary quit);

(d)     Labor Code § 204b (failure to pay all statutory minimum wages due and owing within the times provided by law);

(e)     Labor Code §§ 550 – 552, 1199(a) and 1199(c) (failure to provide one day's rest in seven); and

(f)     Industrial Welfare Commission IWC Wage Order No. 16-2001.

42.     The violations of those laws and the acts and practices described in this Complaint constitute unlawful, unfair, deceptive and fraudulent business acts and practices and unfair competition within the meaning of Business and Professions Code §§ 17200, *et seq*.

43.     As a direct and proximate result of those acts and practices, Defendants have received and continue to hold as ill-gotten gains money and property belonging to Plaintiffs and the class, including unpaid statutory minimum wages, in that Defendants have profited in those amounts from their unlawful practices.

44.     Business and Professions Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of unfair competition and order Defendants to make restitution to Plaintiffs for the practices alleged in this Complaint.  Plaintiffs and putative class members are entitled under Business and Professions Code §§ 17203 and 17208 to restitution and restoration of all statutory minimum wages unlawfully withheld at any time during the four-year period preceding the original filing of the Complaint and up through the present and until the violations have been corrected, together with all statutory minimum damages and civil penalties owed in connection with those violations.  Plaintiffs, on behalf of themselves and other putative class members, seek restitution and restoration of all statutory minimum wages due and owing. Plaintiffs will, upon leave of the Court, amend this Complaint to state those amounts when they are ascertained.

45.     Plaintiffs' success in this action will enforce important rights affecting the public interest and, in that regard, Plaintiffs sue on behalf of the proposed class as well as on behalf of themselves and the general public.  Plaintiffs seek and are entitled to unpaid statutory minimum

wages, injunctive relief, and any other remedy owing to Plaintiffs and all others similarly situated.

46.     Injunctive relief is necessary and appropriate to prevent Defendants from repeating or continuing their wrongful business practices alleged above.

47.     To prevent Defendants from profiting and benefiting from their wrongful and illegal policies and practices, an order requiring Defendants to restore to Plaintiffs all monies and property unlawfully gained through Defendants' unlawful practices is appropriate and necessary.

48.     Plaintiffs take upon themselves enforcement of these laws and lawful claims. There is a financial burden incurred in pursuing this action and it would be against the interests of justice to penalize Plaintiffs by forcing them to pay attorneys' fees from the recovery in this action.   Therefore, an award of attorneys' fees is appropriate under California Code of Civil Procedure § 1021.5.

Wherefore, Plaintiffs pray for relief as set forth below.

## VII.    SECOND CAUSE OF ACTION

## (UNPAID STATUTORY WAGES, MINIMUM WAGES AND LIQUIDATED DAMAGES – LABOR CODE §§ 1194 AND 1194.2)

## (ALL PLAINTIFFS AGAINST ALL DEFENDANTS)

49.     Plaintiffs repeat and reallege each and every paragraph above as though fully set forth herein.

50.     Defendants had a policy and practice of failing to pay Plaintiffs and other putative class members for all hours worked by failing to pay them any wages, including minimum wages, for certain hours worked, including time spent traveling on and/or waiting for and/or operating company-provided transportation.

51.     Plaintiffs seek to recover all unpaid wages due to Plaintiffs and other putative class members, including minimum wages, liquidated damages and interest, under Labor Code §§ 218.6, 1194 and 1194.2.

52.     Plaintiffs seek attorneys' fees and costs under Labor Code § 1194, which provides for a private right of action to recover unpaid minimum wages and also provides for the recovery

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax. 415.543.7861

1    of attorneys' fees and costs.

2         Wherefore, Plaintiffs pray for relief as set forth below.

3    ## VIII.   THIRD CAUSE OF ACTION

4    ### (UNPAID STATUTORY MINIMUM WAGES –

5    ### LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004)

6    ### (PLAINTIFF PARKER AGAINST ALL DEFENDANTS)

7         53.     California Labor Code § 2699(f) permits "aggrieved employees" to recover certain

8    penalties on their own behalf and on behalf of other current and former employees.

9         54.     Plaintiff PARKER is an "aggrieved employee" as that term is defined in the Labor

10   Code Private Attorneys General Act of 2004 because she is a person who was employed by the

11   alleged violator and against whom one or more of the alleged violations were committed.

12        55.     Plaintiff PARKER has met all of the Labor Code § 2699.3 requirements to

13   commence a civil action against Defendants for violations of Labor Code §§ 1194, 1197, 1197.1

14   and 1199(b).

15        56.     By the actions alleged herein, Defendants violated Labor Code §§ 1194, 1197,

16   1197.1 and 1199(b) by failing to pay Plaintiff PARKER and other aggrieved employees at least

17   the statutory minimum wage for certain hours worked, including time spent traveling on and/or

18   waiting for and/or operating company-provided transportation.

19        57.     Therefore, Plaintiff PARKER and all current and former aggrieved employees

20   demand the penalties provided by Labor Code § 2699(f) for violations of Labor Code §§ 1194,

21   1197, 1197.1and 1199.

22        58.     Plaintiff PARKER further seeks reasonable attorneys' fees and costs under Labor

23   Code §§ 1194 and 2699(g)(1).

24        Wherefore, Plaintiff PARKER prays for relief as set forth below.

25

26   ## IX. FOURTH CAUSE OF ACTION

27   ### (FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS)

28   ### (ALL PLAINTIFFS AGAINST ALL DEFENDANTS)

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

59.     Plaintiffs repeat and reallege each and every paragraph above as though fully set forth herein.

60.     As alleged above, during all or some portion of the proposed class period, Defendants violated Labor Code § 226 through their practice of failing to provide their employees, including Plaintiffs and members of the proposed class, with complete and accurate itemized wage statements.  Due to Defendant's failure to pay Plaintiffs and other putative class members at least the statutory minimum wage for all hours worked, as alleged above, the wage statements provided by Defendants violated Labor Code § 226(a) by failing to state accurately the "gross wages earned" the "total hours worked." The wage statements provided by Defendant further violated Labor Code § 226(a) by failing to list the name and address of the legal entity that was the employer.

61.     Under Labor Code § 226(e), Plaintiffs and members of the proposed class are entitled to recover the greater of actual damages or $50 for the initial pay period in which a violation occurred and $100 for each subsequent pay period in which Defendants failed to comply with the statute, up to a maximum of $4,000 per employee.

62.     Under Labor Code § 226(g), Plaintiffs are entitled to injunctive relief and an order of this Court requiring Defendants to comply with all provisions of Labor Code § 226.  Plaintiffs also are entitled under Labor Code § 226(g) to an award of attorneys' fees and costs incurred in bringing this action.

Wherefore, Plaintiffs pray for relief as set forth below.

## X.  FIFTH CAUSE OF ACTION

### (FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS –

### LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004)

### (PLAINTIFF PARKER AGAINST ALL DEFENDANTS)

63.     Plaintiff PARKER repeats and realleges each and every paragraph above as though fully set forth herein.

64.     California Labor Code § 2699(f) permits "aggrieved employees" to recover certain penalties on their own behalf and on behalf of other current and former employees.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax. 415.543.7861

65. Plaintiff PARKER is an "aggrieved employee" as that term is defined in the Labor Code Private Attorneys General Act of 2004 because she is a person who was employed by the alleged violator and against whom one or more of the alleged violations were committed.

66. Plaintiff PARKER has met all of the Labor Code § 2699.3 requirements to commence a civil action against Defendants for violations of Labor Code § 226(a) and 1199.

67. By their actions as alleged herein, Defendants have failed to comply with Labor Code §§ 226(a) and 1199(c) as they relate to Plaintiff PARKER and the other aggrieved employees. Due to Defendant's failure to pay Plaintiff PARKER and other aggrieved employees at least the statutory minimum wage for all hours worked, as alleged above, the wage statements provided by Defendants violated Labor Code § 226(a) by failing to state accurately the "gross wages earned" the "total hours worked." The wage statements provided by Defendant further violated Labor Code § 226(a) and Wage Order 16, section 6(B), by failing to list name and address of the legal entity that was the employer. That Wage Order violation, in turn, violated Labor Code § 1199(c).  Thus, by failing to provide accurate, itemized wage statements, Defendants violated Labor Code §§ 226(a) and 1199 as they relate to Plaintiff PARKER and the other aggrieved employees.

68. Therefore, Plaintiff PARKER, for herself and all current and former aggrieved employees, demands the penalties provided by Labor Code § 2699(f) for violations of Labor Code § 226(a) and 1199.

69. Plaintiff PARKER further seeks reasonable attorneys' fees and costs under Labor Code § 2699(g)(1).

Wherefore, Plaintiff PARKER prays for relief as set forth below.

## XI. SIXTH CAUSE OF ACTION

### (LABOR CODE §§ 201-203)

### (ALL PLAINTIFFS AGAINST ALL DEFENDANTS)

70. Plaintiffs repeat and reallege each and every paragraph above as though fully set forth herein.

71. Labor Code §§ 201 and 202 require an employer to pay its employees all wages

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

due within the times specified by law.  Labor Code § 203 provides that if an employer willfully fails to pay those wages within the times specified by Labor Code §§ 201 or 202, the employer must continue to pay the subject employees' wages day-by-day, weekends included, until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

72.     Defendants unfairly and unlawfully have had a policy and practice of violating Labor Code §§ 201 and 202 by failing to pay Plaintiffs and the class all required statutory minimum wages earned during their employment within the times specified by those sections.

73.     Plaintiffs and all other putative class members who ceased employment with Defendants are entitled to unpaid compensation but thus far have not received that compensation.

74.     More than 30 days have passed since Plaintiffs and certain class members left Defendants' employ.

75.     Due to Defendants' willful failure to compensate Plaintiffs and putative class members timely for at least the statutory minimum wage for all hours worked, Plaintiffs and class members whose employment ended at any time the during the three-year period preceding the original filing of the Complaint and up through the present and until compliance with the law, inclusive, are entitled to 30 days' wages under Labor Code § 203, together with interest.

Wherefore, Plaintiffs pray for relief as set forth below.

## XVI.  SEVENTH CAUSE OF ACTION
### (LABOR CODE §§ 201-203 –
### LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004)
### (PLAINTIFF PARKER AGAINST ALL DEFENDANTS)

76.     Plaintiff PARKER repeat and realleges each and every paragraph above as though fully set forth herein.

77.     California Labor Code § 2699(f) permits "aggrieved employees" to recover certain penalties on their own behalf and on behalf of other current and former employees.

78.     Plaintiff PARKER is an "aggrieved employee" as that term is defined in the Labor Code Private Attorneys General Act of 2004 because she is a person who was employed by the alleged violator and against whom one or more of the alleged violations were committed.

79.     Plaintiff PARKER has met all of the Labor Code § 2699.3 requirements to commence a civil action against Defendants for violations of Labor Code §§ 201-203.

80.     By their actions as alleged herein, Defendants have failed to comply with Labor Code §§ 201-203 as they relate to Plaintiff PARKER and the other aggrieved employees. Plaintiffs and putative class members still are owed the statutory minimum wage for unpaid time spent traveling on and/or waiting for and/or operating company-provided shuttles or buses to, from and/or within the refineries and other facilities.

81.     Therefore, Plaintiff PARKER, for herself and all current and former aggrieved employees, demand the penalties provided by Labor Code § 2699(f) for violations of Labor Code §§ 201-203.

82.     Plaintiff PARKER further seeks reasonable attorneys' fees and costs under Labor Code § 2699(g)(1).

Wherefore, Plaintiff PARKER prays for relief as set forth below.

## XVII.  EIGHTH CAUSE OF ACTION

### (LABOR CODE § 204b –

### LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004)

### (PLAINTIFF PARKER AGAINST ALL DEFENDANTS)

83.     Plaintiffs PARKER repeats and realleges each and every paragraph above as though fully set forth herein.

84.     California Labor Code § 2699(f) permits "aggrieved employees" to recover certain penalties on their own behalf and on behalf of other current and former employees.

85.     Plaintiff PARKER is an "aggrieved employee" as that term is defined in the Labor Code Private Attorneys General Act of 2004 because she is a person who was employed by the alleged violator and against whom one or more of the alleged violations were committed.

86.     Plaintiff PARKER has met all of the Labor Code § 2699.3 requirements to commence a civil action against Defendants for violations of Labor Code §§ 204b.

87.     By their actions as alleged herein, Defendants have failed to comply with Labor Code §§ 204b as it relates to Plaintiff PARKER and the other aggrieved employees. Plaintiff

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

PARKER and aggrieved employees still are owed the statutory minimum wage for unpaid time spent traveling on and/or waiting for and/or operating company-provided shuttles or buses to, from and/or within the refineries and other facilities.

88.     Therefore, Plaintiff PARKER, for herself and all current and former aggrieved employees, demands the penalties provided by Labor Code § 2699(f) for violations of Labor Code §§ 204b.

89.     Plaintiff PARKER further seeks reasonable attorneys' fees and costs under Labor Code § 2699(g)(1).

Wherefore, Plaintiff PARKER prays for relief as set forth below.

## XVIII. NINTH CAUSE OF ACTION

### (FAILURE TO PROVIDE ONE DAY OF REST IN SEVEN –

### LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004)

### (PLAINTIFF PARKER AGAINST ALL DEFENDANTS)

90.     Plaintiff PARKER repeat and realleges each and every paragraph above as though fully set forth herein.

91.     California Labor Code § 2699(f) permits "aggrieved employees" to recover certain penalties on their own behalf and on behalf of other current and former employees.

92.     Plaintiff PARKER is an "aggrieved employee" as that term is defined in the Labor Code Private Attorneys General Act of 2004 because she is a person who was employed by the alleged violator and against whom one or more of the alleged violations were committed.

93.     Plaintiff PARKER has met all of the Labor Code § 2699.3 requirements to commence a civil action against Defendants for violations of Labor Code §§ 550-552, 1199(a) and 1199(c).

94.     By their actions as alleged herein, Defendants have failed to provide Plaintiff PARKER and other aggrieved employees one day of rest in seven as required Labor Code §§ 550-552, 1199(a) and 1199(c).

95.     Therefore, Plaintiff PARKER, for herself and all current and former aggrieved employees, demands the penalties provided by Labor Code § 2699(f) for violations of Labor

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

1    Code §§ 550-552, 1199(a) and 1199(c).

2         96.    Plaintiff PARKER further seeks reasonable attorneys' fees and costs under Labor

3    Code § 2699(g)(1).

4        Wherefore, Plaintiff PARKER prays for relief as set forth below.

5    **PRAYER FOR RELIEF**

6    Plaintiffs pray for relief as follows:

7        i.  For an order certifying this action as a class action;

8        ii.  For disgorgement of profits and restitution and restoration of all costs

9        incurred, sums or property unlawfully withheld and/or losses caused by the

10       policy and practice of violating Business and Professions Code §§ 17200,

11       *et seq.*, by violating the Labor Code and Wage Order 16 as described

12       herein and by failing to pay all statutory minimum wage compensation

13       owed to Plaintiffs and the class members during the applicable limitations

14       period preceding the original filing of the Complaint and up to and

15       including the present and until the date of compliance with the law,

16       together with interest on all such sums;

17       iii.  For compensatory damages in amounts according to proof at time of trial

18       representing the amount of unpaid statutory minimum wage compensation

19       owed to Plaintiffs and the class members for the policy and practice of

20       failing to pay all minimum wages due and owing, as well as liquidated

21       damages and interest, during the applicable limitations period preceding

22       the original filing of the Complaint and up to and including the present and

23       until the date of compliance with the law;

24       iv.  For civil penalties as specified by Labor Code § 2699(f) for Plaintiff

25       PARKER and each current and former aggrieved employee for each

26       violation of Labor Code §§ 1194, 1197, 1197.1 and 1199 (failure to pay

27       statutory minimum wage) during the applicable limitations period

28

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax. 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

1  preceding the original filing of the Complaint and up to and including the
2  present and until the date of compliance with the law;

3  v.  For compensatory damages to Plaintiffs and class members in an amount
4  according to proof at time of trial for the policy and practice of failing to
5  provide accurate, itemized wage statements during the applicable
6  limitations period preceding the original filing of the Complaint and up
7  through the present and until the date of compliance with the law;

8  vi.  For the statutory amounts provided by Labor Code § 226(e) for Plaintiffs
9  and class members during the applicable limitations period preceding the
10  original filing of the Complaint and up through and including the present
11  and until the date of compliance with the law;

12  vii.  For civil penalties as specified by Labor Code § 2699(f) for Plaintiff
13  PARKER and each current and former aggrieved employee for each
14  violation of Labor Code §§ 226(a) (failure to provide itemized wage
15  statements) and 1199 during the applicable limitations period preceding the
16  original filing of the Complaint and up through the present and until the
17  date of compliance with the law;

18  viii.  For waiting time penalties as provided by Labor Code § 203 for Plaintiffs
19  and class members;

20  ix.  For civil penalties as specified by Labor Code § 2699(f) for Plaintiff
21  PARKER and each current and former aggrieved employee for each
22  violation of Labor Code §§ 201-203 (failure to pay departing employees all
23  wages due and owing within the times provided by law) during the
24  applicable limitations period preceding the original filing of the Complaint
25  and up through and including the present and until the date of compliance
26  with the law;

27  x.  For civil penalties as specified by Labor Code § 2699(f) for Plaintiff
28  PARKER and each aggrieved employee for each violation of Labor Code §

1    204b (failure to pay wages in a timely manner) during the applicable

2    limitations period preceding the original filing of the Complaint and up

3    through and including the present and until the date of compliance with the

4    law;

5    xi.   For civil penalties as specified by Labor Code § 2699(f) for Plaintiff

6    PARKER and each aggrieved employee for each violation of Labor Code

7    §§ 550-552, 1199(a) and 1199(c) (failure to provide one day of rest in

8    seven) during the applicable limitations period preceding the original filing

9    of the Complaint and up through and including the present and until the

10   date of compliance with the law;

11   xii.  For reasonable attorneys' fees and costs as allowed by Labor Code §§

12   226(e), 226(g), 1194(a), 2699(g)(1) and Code of Civil Procedure § 1021.5;

13   xiii. For all interest as required by Labor Code § 218.6 and other applicable

14   law;

15   xiv.  For all costs of this suit as allowed by law, including Labor Code §§ 218.5,

16   226(e), 226(g), 1194 and 2699(g)(1); and

17   xv.   For such other and further relief as the Court may deem proper.

21   Dated:  November 23, 2020          Respectfully submitted,

22                                     **KELLER GROVER LLP**

24                          By:     /s/ *Robert W. Spencer*
25                                  ERIC A. GROVER
26                                  ROBERT SPENCER
                                    Attorneys for Plaintiffs and the Proposed Class

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

## **JURY TRIAL DEMAND**

Plaintiffs demand a trial by jury as to all issues so triable.


Dated:  November 23, 2020                          **KELLER GROVER LLP**



                                          By:      /s/ *Robert W. Spencer*
                                                   ERIC A. GROVER
                                                   ROBERT SPENCER
                                                   Attorneys for Plaintiffs and the Proposed Class

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax. 415.543.7861