ERIC A. GROVER (SBN 136080)
eagrover@kellergrover.com
ROBERT W. SPENCER (SBN 238491)
rspencer@kellergrover.com
**KELLER GROVER LLP**
1965 Market Street
San Francisco, California 94103
Telephone: (415) 543-1305
Facsimile: (415) 543-7861

SCOT BERNSTEIN (SBN 94915)
swampadero@sbernsteinlaw.com
**LAW OFFICES OF SCOT D. BERNSTEIN,**
**A PROFESSIONAL CORPORATION**
101 Parkshore Drive, Suite 100
Folsom, California 95630
Telephone: (916) 447-0100
Facsimile: (916) 933-5533

*Attorneys for Plaintiffs and the Certified Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BEATRICE PARKER and JEFFREY GURULE, SR, on behalf of themselves, and all others similarly situated, and all aggrieved employees,<br><br>        Plaintiff,<br><br>    v.<br><br>CHERNE CONTRACTING CORPORATION; and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No:  4:18-cv-01912-HSG<br><br>CLASS AND REPRESENTATIVE ACTION<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:    July 29, 2021<br>Time:   2:00 p.m.<br>Ctrm:   2<br>Judge: Haywood S. Gilliam, Jr.<br><br>Complaint Filed:  February 13, 2018<br>TAC filed:       November 23, 2020 |

*Sidebar (vertical text):* KELLER GROVER LLP — 1965 Market Street, San Francisco, CA 94103 — Tel. 415.543.1305 | Fax 415.543.7861

**PLEASE TAKE NOTICE THAT** on July 29, 2021 at 2:00 p.m., or as soon thereafter as the matter may be heard by the Honorable Haywood S. Gilliam, Jr., located at 1301 Clay Street, Courtroom 2, 4th Floor, Oakland, California, Plaintiffs and Class Representatives BEATRICE PARKER and JEFFREY GURULE, SR. will and hereby do move for an Order (1) preliminarily approving the settlement set forth in the Joint Stipulation of Class Action and PAGA Settlement and Release of Claims; (2) conditionally certifying the proposed Settlement Class; (3) appointing Plaintiffs as the settlement Class Representatives; (4) appointing Class Counsel as settlement Class Counsel; (5) approving the designation of RG2 Claims Administration LLC as the Settlement Administrator; (6) approving the proposed notice plan; and (7) scheduling a fairness hearing for final approval of the settlement.

This Motion is made pursuant to Federal Rule of Civil Procedure 23, which provides for court approval of the settlement of a class action. The basis for this Motion is that the proposed settlement is fair, adequate, and reasonable and in the best interests of the proposed Settlement Class as a whole, and that the procedures proposed are adequate to ensure the opportunity of the proposed Settlement Class Members to participate in, opt out of, or object to the settlement.

This Motion will be based on this notice of motion and motion, the accompanying memorandum of points and authorities set forth herein, the parties' Joint Stipulation of Class Action and PAGA Settlement and Release of Claims, the Declarations of Eric A. Grover and Scot D. Bernstein, the pleadings and papers filed in this case, and such evidence or oral argument as may be presented at the hearing.

Dated: June 8, 2021                    KELLER GROVER LLP


By:   /s/ *Eric A. Grover*
_____
ERIC A. GROVER
ROBERT SPENCER
*Attorneys for Plaintiffs and Certified Class*

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

# TABLE OF CONTENTS

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

**Page**

I.     INTRODUCTION ................................................................. 1

II.    BACKGROUND .................................................................. 3

    A.     Factual Background ................................................. 3

    B.     Procedural History .................................................. 4

    C.     The Settlement Process .......................................... 5

III.   THE SETTLEMENT AGREEMENT ................................... 6

    A.     The Settlement Class and Aggrieved Employee Definitions. .... 6

    B.     The Settlement Benefits. ......................................... 7

    C.     Payments to Settlement Class Members. .................. 7

    D.     Payments to the Aggrieved Employees and the State ........... 8

    E.     Cy Pres Distribution .............................................. 9

    F.     Limited Release applicable to Settlement Class Members ........ 10

    G.     The PAGA Release ............................................... 10

    H.     The General Releases by Plaintiffs. ........................ 11

    I.     Class Notice ......................................................... 11

    J.     Notice of PAGA Settlement ................................... 12

    K.     Opt Out and Objection Procedures ......................... 12

    L.     Class Representative Incentive Awards ................... 12

    M.     Attorneys' Fees and Costs ..................................... 13

    N.     Settlement Administration ...................................... 14

IV.    CLASS CERTIFICATION DOES NOT NEED TO BE REVISITED ........... 14

V.     THE SETTLEMENT MERITS PRELIMINARY APPROVAL .......... 15

    A.     Legal Standard ...................................................... 15

    B.     The Proposed Class Action Settlement is Fair, Adequate and Reasonable. ...... 17

        i.     The Settlement is the result of serious, informed, non-collusive negotiations. ........... 17

        ii.     The Settlement Falls within the Range of Possible Approval ............ 18

iii.   The Settlement does not grant preferential treatment to certain Class Members.................................................................................... 20

iv.   None of the Bluetooth red flag indicators of collusion or conflict of interest are present. ................................................................. 21

C.   The proposed attorneys' fees and costs awards are reasonable. ........................... 22

D.   The proposed notice procedure should be approved............................................ 23

E.   The PAGA Payment is reasonable and warrants approval. .................................. 24

VI.   CONCLUSION ............................................................................................................ 25

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

1

<u>**TABLE OF AUTHORITIES**</u>

2

**Federal Cases**                                                                                                          **Page(s)**

3

*Ahmed v. HSBC Bank USA,*
4
    2019 U.S. Dist. LEXIS 104401 (C.D. Cal. June 21, 2019) ........................................ 18, 20

5
*Alvarez v. Farmers Ins. Exch.,*
    2017 U.S. Dist. LEXIS 119128 (N.D. Cal. Jan. 18, 2017) ............................................ 22

6
*Ang v. Bimbo Bakeries USA, Inc.,*
7
    2020 U.S. Dist. LEXIS 74775 (N.D. Cal. April 28, 2020) ............................................ 14

8
*Baumann v. Chase Inv. Servs. Corp.,*
    747 F.3d 1117 (9th Cir. 2014) ................................................................................ 12, 24

9
*Bellinghausen v. Tractor Supply Co.,*
    306 F.R.D. 245 (N.D. Cal. 2015) .................................................................................. 22

10
*Bennett v. SimplexGrinnell LP,*
11
    2015 U.S. Dist. LEXIS 192870 (N.D. Cal. Sept. 3, 2015) ............................................ 22

12
*Betorina v. Randstad US, L.P.,*
    2017 U.S. Dist. LEXIS 53317 (N.D. Cal. Apr. 6, 2017) .............................................. 18

13
*Black v. T-Mobile USA Inc.,*
    2019 U.S. Dist. LEXIS 21121 (N.D. Cal. Feb. 8, 2019) .............................................. 17

14
*Briseño v. Henderson,*
15
    2021 U.S. App. LEXIS 16261 (9th Cir. June 1, 2021) ............................................ *passim*

16
*Brown v. Am. Airlines, Inc.,*
    2015 U.S. Dist. LEXIS 150672 (C.D. Cal. Oct. 5, 2015) ............................................ 19

17
*Churchill Vill., L.L.C. v. Gen. Elec.,*
    361 F.3d 566 (9th Cir. 2004) .................................................................................... 2, 16

18
*Class Plaintiffs v. City of Seattle,*
19
    955 F.2d 1268 (9th Cir. 1992) ...................................................................................... 15

20
*Dennis v. Kellogg Co.,*
    697 F.3d 858 (9th Cir. 2012) .......................................................................................... 9

21
*Dickey v. Advanced Micro Devices, Inc.,*
22
    2019 U.S. Dist. LEXIS 172924 (N.D. Cal. Oct. 4, 2019) ...................................... 14, 17

23
*Dyer v. Wells Fargo Bank, N.A.,*
    303 F.R.D. 326 (N.D. Cal. 2014) .................................................................................. 20

24
*Espinosa v. Ahearn* (In re Hyundai & Kia Fuel Econ. Litig.),
    926 F.3d 539 (9th Cir. 2019) .................................................................................. 23, 24

25
*Garcia v. Lift,*
    2020 U.S. Dist. LEXIS 220762 (E.D. Cal. Nov. 23, 2020) .......................................... 22

26
*Hanlon v. Chrysler Corp.,*
27
    150 F.3d 1011 (9th Cir. 1998) ................................................................................ 16, 17

28
*In re Lenovo Adware Litig.,*
    2018 U.S. Dist. LEXIS 198909 (N.D. Cal. Nov. 21, 2018) ................................16, 17, 18

**K**ELLER **G**ROVER **LLP**
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

*Jones v. GN Netcom, Inc.* (*In re Bluetooth Headset Prods. Liab. Litig.*),
    654 F.3d 935 (9th Cir. 2011) ......................................................................... *passim*

*Linney v. Cellular Alaska P'ship*,
    151 F.3d 1234 (9th Cir. 1998) ...................................................................... 15

*Low v. Trump Univ., Ltd. Liab. Co.*,
    881 F.3d 1111 (9th Cir. 2018) ...................................................................... 23

*Magadia v. Wal-Mart Assocs.*,
    384 F. Supp. 3d 1058 (N.D. Cal. 2019) ....................................................... 19

*Mays v. Wal-Mart Stores, Inc.*,
    804 F. App'x 641 (9th Cir. 2020) ................................................................. 19

*Mendez v. C-Two Grp. Inc.*,
    2017 U.S. Dist. LEXIS 44817 (N.D. Cal. Mar. 27, 2017) ............................. 14

*Morrison v. Am. Nat'l Red Cross*,
    2020 U.S. Dist. LEXIS 132712 (N.D. Cal. July 27, 2020) ...................... *passim*

*Mullane v. Cent. Hanover Bank & Trust Co.*,
    339 U.S. 306 (1950) ..................................................................................... 23

*Nachshin v. AOL, LLC*,
    663 F.3d 1034 (9th Cir. 2011) ........................................................................ 9

*Noroma v. Home Point Fin. Corp.*,
    2019 U.S. Dist. LEXIS 63587 (N.D. Cal. Apr. 12, 2019) .....................17, 18, 24

*Ortiz v. CVS Caremark Corp., EDL*,
    2014 U.S. Dist. LEXIS 36833 (N.D. Cal. Mar. 18, 2014) ............................. 19

*Phillips Petroleum Co. v. Shutts*,
    472 U.S. 797 (1985) ..................................................................................... 23

*Pryor v. Aerotek Scientific, LLC*,
    278 F.R.D. 516 (C.D. Cal. 2011) ................................................................. 19

*Rabin v. PricewaterhouseCoopers LLP*,
    2021 U.S. Dist. LEXIS 41285 (N.D. Cal. Feb. 3, 2021) ............................... 22

*Rivas v. BG Retail, LLC*,
    2020 U.S. Dist. LEXIS 8712 (N.D. Cal. Jan. 16, 2020) ............................... 22

*Roadrunner Intermodal Servs., Ltd. Liab. Co. v. T.G.S. Transp., Inc.*,
    2019 U.S. Dist. LEXIS 142321 (E.D. Cal. Aug. 21, 2019) ........................... 19

*Rodriguez v. West Publ'g Corp.*,
    563 F.3d 948 (9th Cir. 2009) ....................................................................... 20

*Six Mexican Workers v. Ariz. Citrus Growers*,
    904 F.2d 1301 (9th Cir.1990) ........................................................................ 9

*Weigele v. FedEx Ground Package Sys., Inc.*,
    267 F.R.D. 614 (S.D. Cal. 2010) ................................................................. 19

*Zayas v. S.F. Sheriff's Dep't*,
    2021 U.S. Dist. LEXIS 8948 (N.D. Cal. Jan. 18, 2021) ............................... 15

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

**State Cases**

*Arias v. Superior Court,*
    46 Cal. 4th 969 (2009) ................................................. 24

*Nordstrom Com'n Cases,*
    186 Cal.App.4th 576 (2010) ....................................... 24

**Statutes**

California Business & Professions Code
    § 17200 ............................................................................. 4

California Labor Code
    § 201 ........................................................................... 1, 4
    § 202 ........................................................................... 1, 4
    § 203 ........................................................................... 1, 4
    § 204 ........................................................................... 1, 4
    § 226 ........................................................................ *passim*
    § 550 ............................................................................... 4
    § 552 ............................................................................... 4
    § 1194 ......................................................................... 1, 4
    § 1194.2 .......................................................................... 4
    § 1197 ............................................................................. 4
    § 1197.1 .......................................................................... 4
    § 1199 ............................................................................. 4
    § 2698 ............................................................................. 1
    § 2699 ...................................................................... *passim*

**Rules**

Federal Rules of Civil Procedure,
    Rule 23 ................................................... 2, 15, 16, 23

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1                         **MEMORANDUM OF POINTS AND AUTHORITIES**

2   **I.**          **INTRODUCTION**

3           Plaintiffs Beatrice Parker and Jeffrey Gurule, Sr. ("Plaintiffs" or "Class Representatives")

4 brought this class action on behalf of current and former California employees of Defendant

5 Cherne Contracting Corporation ("Cherne" or "Defendant").[1]  The Court certified a class claim

6 based on allegations the Defendant issued wage statements that did not comply with Labor Code

7 § 226(a).[2]  Plaintiffs also allege PAGA[3] claims based on alleged violations of Labor Code §§ 201,

8 202, 203, 204b, 226(a), and 1194 on behalf of all aggrieved employees[4] and the California Labor

9 & Workforce Development Agency ("LWDA").

10           Plaintiffs now seek the Court's preliminary approval of a proposed non-reversionary class

11 action and PAGA action settlement (the "Settlement").[5]  After three years of hard-fought

12 litigation, including significant discovery and summary judgment and class certification motions,

13 Plaintiffs and Defendant (the "Parties") agreed to mediate with Honorable Jeffrey K. Winikow

14 (Ret.), a well-respected mediator with wage and hour class action experience.[6]  As a result of that

15 mediation and subsequent negotiations, the Parties reached an agreement to resolve this action.[7]

16 All of the terms of the Settlement are set forth in the Settlement Agreement.[8]

17           The Settlement satisfies all of the criteria for preliminary approval under Federal Rule of

---

[1] Docket ("Dkt.") 82 (the operative Third Amended Complaint).

[2] Dkt. 81 (the Court's November 20, 2020 Order Denying in Part and Granting in Part Motion for Class Certification (the "Class Certification Order"). The Wage Statement Sub-Class certified in the Class Certification Order is referred to in this brief as the "certified Class."

[3] "PAGA" is the California Labor Code Private Attorneys General Act of 2004, Labor Code §§ 2698, *et seq.*

[4] Labor Code § 2699(c) defines "aggrieved employees" as "any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed."

[5] Declaration of Eric A. Grover submitted in support of the preliminary approval motion ("Grover Decl."), Ex. A (the Joint Stipulation of Class Action and PAGA Settlement and Release of Claims ("Settlement Agreement")).  Hereinafter, all "Ex." references are to the exhibits attached to the Grover Declaration.

[6] Ex. A at § II.B.

[7] Ex. A at § II.B; Grover Decl. at ¶¶ 15-17.

[8] Ex. A; Grover Decl. at ¶ 17.

Civil Procedure 23 and controlling Ninth Circuit case law.[9]  The Settlement is the product of serious, non-collusive negotiations by highly experienced counsel who, after substantive motion practice and discovery, were well-informed about the case's key legal and factual issues sufficient to assess the value of the claims and settlement terms.[10]

The Settlement provides an excellent result for the Settlement Class Members, who are co-extensive with the certified class, on terms that Plaintiffs and Class Counsel believe to be fair, reasonable and adequate.[11]  Defendant is required to pay $2,500,000, referred to as the Maximum Settlement Amount ("MSA"), and has no reversionary interest in that amount.[12]  Settlement Class Members will receive substantial Individual Settlement Payments averaging $623.10.[13] Balancing the strength of Plaintiffs' case with the risks of continuing the litigation to trial, the Settlement is well within the range of approval.

The Settlement provides that the estimated Net Settlement Amount of $1,146,500 will be paid to the Class Members who do not opt-out, *i.e.*, Settlement Class Members.[14] Settlement Class Members do not need to submit claim forms to receive a payment.[15] Each Settlement Class Member will receive an Individual Settlement Payment based on the number of Qualified Paper Paychecks that he or she received during the Class Period.[16]  Any uncashed Individual Settlement Payment checks will be split between two *cy pres* recipients that provide indirect benefits to the proposed Settlement Class Members related to the subject matter of the lawsuit.[17]

The Settlement also provides that Plaintiff Parker's representative PAGA claims will be

---

[9] *See e.g.*, *Jones v. GN Netcom, Inc. (In re Bluetooth Headset Prods. Liab. Litig.)*, 654 F.3d 935, 946 (9th Cir. 2011) ("*Bluetooth*"), citing *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) ("*Churchill*"); *Briseño v. Henderson*, No. 19-56297, 2021 U.S. App. LEXIS 16261, at *23-24 (9th Cir. June 1, 2021) ("*Briseño*"), citing F.R.C.P. 23(e) and *Bluetooth*.

[10] Grover Decl. at ¶¶ 9-17, 21-46; Declaration of Scot D. Bernstein submitted in support of the preliminary approval motion ("Bernstein Decl.") at ¶ 2, Ex. 1.

[11] Grover Decl. at ¶¶ 21-30, 32-35, 37-41, 43-45; *see e.g.*, Ex. A at §§ I.H, I.S, I.T, I.W, III.L.2. *See also*, Dkt. 81 at pp. 2, 20.

[12] *See* Grover Decl., Ex. A (Settlement Agreement) at §§ I.W, III.A.

[13] Ex. A at § III.L.2; Grover Decl. at ¶¶ 23, 30.

[14] Ex. A at §§ I.H, I.X, I.RR, III.L.2.a.; Grover Decl. at ¶ 27.

[15] Ex. A at § III.L.2.a; Grover Decl. at ¶ 28.

[16] Ex. A at § III.L.2.a(1), *see also*, §§ I.T, I.II, I.JJ.

[17] Ex. A at § III.L.2.e.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

settled for $500,000, referred to as the PAGA Payment.[18]  As Labor Code § 2699(i) requires, the PAGA Payment will be distributed 75% ($375,000) to the LWDA and 25% ($125,000) to Aggrieved Employees.[19]  From the $125,000 allocated to Aggrieved Employees, each Aggrieved Employee will receive an Individual PAGA Payment based the number of Qualified Pay Periods worked during the PAGA Period.[20]  All Settlement Class Members are Aggrieved Employees and will receive an Individual PAGA Payment in addition to the Individual Settlement Payment.[21]

The Settlement has no obvious deficiencies and does not grant preferential treatment to any segment of the Class.  The key Settlement terms are discussed in detail below and support that the Settlement is fair, adequate and reasonable.

Plaintiffs request that the Court (a) grant preliminary approval of the Settlement, (b) conditionally grant certification of the proposed Settlement Class, which is co-extensive with the certified class,[22] (c) approve the appointment of RG2 Claims Administration LLC as the Settlement Administrator, (d) authorize notice pursuant to the proposed notice plan, (e) schedule a final fairness and approval hearing, (f) appoint current Class Representatives Beatrice Parker and Jeffrey Gurule, Sr. as settlement Class Representatives, and (g) appoint current Class Counsel, Eric A. Grover and Robert Spencer of Keller Grover LLP and Scot D. Bernstein of Law Offices of Scot D. Bernstein, A Professional Corporation as settlement Class Counsel.[23]

## II.        BACKGROUND

### A.    Factual Background

Cherne employs hourly workers to perform maintenance at oil refineries and industrial plants.[24]  Plaintiff Parker worked for Cherne as an hourly-paid driver/driver-foreman at the Tesoro refinery in Martinez, California.[25]  Plaintiff Gurule worked for Cherne as an hourly-paid

---

[18] Ex. A at §§ I.AA, III.L.5. *See* Lab. Code § 2699(l)(2).
[19] Ex. A at § III.L.5.
[20] Ex. A at § I.S, I.HH, I.KK., III.L.2.b, III.L.5.
[21] Ex. A at §§ III.L.2.a and L.2.b.
[22] *See* Dkt. 81.
[23] Plaintiffs will seek approval of the PAGA Payment as part of the final approval process.
[24] Dkt. 82 at ¶ 6.
[25] Dkt. 82 at ¶ 4.

1   pipefitter at the Tesoro refinery in Martinez, California and at the Chevron refinery in Richmond,

2   California.[26]  In the operative Third Amended Complaint, Plaintiffs assert that Cherne failed to

3   pay the statutory minimum wage for all compensable time worked; failed to provide accurate,

4   itemized wage statements; failed to pay all statutory minimum wages due upon termination; and

5   failed to pay wages in the time frame set by law.  Based on that conduct, Plaintiffs allege that

6   Defendant violated California Business & Professions Code §§ 17200, *et seq.*, and California

7   Labor Code §§ 201-203, 204b, 226(a), 550-552, 1194, 1194.2, 1197, 1197.1, 1199(a), 1199(b)

8   and 1199(c).  Plaintiffs also allege related representative PAGA claims.[27]

9        Defendant has vigorously denied all of the allegations in their entirety.[28]  To date, no court

10  has made a finding of any wrongdoing on the part of Defendant or that Defendant otherwise acted

11  improperly or in violation of any state law, rule or regulation, with respect to the issues presented

12  in the litigation.[29]

13       **B.    Procedural History**

14       Plaintiff Parker initially filed this action on February 13, 2018.[30]  She filed the First

15  Amended Complaint on February 23, 2018, the Second Amended Complaint on February 11,

16  2019 and the operative Third Amended Complaint on November 23, 2020, adding Plaintiff

17  Gurule as a named plaintiff.[31]

18       Defendant moved to dismiss the original complaint on collective bargaining preemption

19  grounds.[32]  On January 29, 2019, the Court granted in part and denied in part Defendant's motion,

20  dismissing the unpaid overtime and missed-meal-period claims based on its finding that collective

21  bargaining agreements precluded those claims.[33]

22  _____

23  [26] Dkt. 82 at ¶ 5.

    [27] Dkt. 82.

24  [28] Grover Decl. at ¶ 8; Ex. A at § II.D.

25  [29] Grover Decl. at ¶ 8.

    [30] Dkt. 1-1.

26  [31] Dkt. 1-1 (*see* pp. 22-49), 32, 82; *see also*, Dkt. 81 at p. 1, n.1 (Class Certification Order granting
    to leave to amend the complaint to add Plaintiff Gurule).

27  [32] Dkt. 8.

28  [33] Dkt. 30.  If the case did not settle, Plaintiffs intended to appeal this ruling after judgment was
    entered.  Grover Decl. at ¶ 10.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

Plaintiffs moved for class certification and to amend the complaint to add Plaintiff Gurule in late 2019.[34]   The Court deferred ruling on the class certification motion to allow Defendant to file its motion for summary judgment.[35]   The Court held a hearing on both motions on August 6, 2020.[36]   On November 20, 2020, the Court issued its Class Certification Order Denying in Part and Granting in Part Motion for Class Certification ("Class Certification Order") and granting the motion to amend the complaint.[37]   The Court denied certification of the unpaid wage-related claim and granted certification of Plaintiffs' claim that Defendant issued wage statements that did not contain all of the information required by § 226(a)(8), certifying the Wage Statement Sub-Class, defined as:

> all of Defendant's former hourly employees who worked for Defendant in California between December 18, 2016 and June 6, 2019 and received paper wage statements that did not have Defendant's full name and address printed on them.[38]

The Court also appointed Plaintiffs Parker and Gurule as Class Representatives and Eric A. Grover and Robert Spencer of Keller Grover LLP and Scot D. Bernstein of Law Offices of Scot D. Bernstein, A Professional Corporation as Class Counsel. [39]

Trial is scheduled for November 29, 2021.   In advance of various pre-trial motion deadlines, the Parties agreed to attempt mediation.[40]

### C.   The Settlement Process

Prior to bringing the action, Class Counsel investigated Plaintiffs' legal claims and factual circumstances.   Once the litigation was underway, the Parties conducted significant discovery.[41] Plaintiffs propounded multiple sets of written discovery and reviewed more than 1,600 pages of documents that Defendant produced.   Plaintiffs took 11 depositions and defended five.   Defendant

---

[34] Dkt. 55.

[35] Dkt. 64 and 70.

[36] Dkt. 80.

[37] Dkt. 81.   At the December 8, 2020 case management conference, Defendant withdrew its motion for summary judgment without prejudice.   (Dkt. 85).

[38] Dkt. 81.

[39] Dkt. 82.

[40] Grover Decl. at ¶ 13.

[41] Grover Decl. at ¶ 14.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

also propounded written discovery. The investigation and discovery provided Class Counsel with considerable relevant information regarding the legal and factual issues affecting the class and PAGA claims in this case.[42]  Further, the substantive, adversarial motion practice in this case provided the Parties with a thorough understanding of each other's respective legal theories and defenses.

In preparation for mediation, the Parties exchanged additional information necessary to engage in productive settlement negotiations.[43]  On February 22, 2021, the Parties participated in an all-day mediation session with the highly experienced and skilled mediator, the Honorable Jeffrey K. Winikow (Ret.).[44] Through the mediation, the Parties agreed to settle the entire action on the terms set forth in the Settlement Agreement, subject to approval by the Court.[45]  All terms of the Parties' settlement are set forth in the Settlement Agreement.[46]

## III.      THE SETTLEMENT AGREEMENT

### A.    The Settlement Class and Aggrieved Employee Definitions.

The Parties have agreed that Settlement Class Members are "all Class Members who do not submit a valid Request for Exclusion,"[47] and have defined "Class Members" as:

> All current and former hourly employees who worked for Defendant in California and received one or more paper paychecks during the Class Period.[48]

The Class Period is December 18, 2016 through June 6, 2019, inclusive.[49] That definition is co-extensive with the Class certified in the November 22, 2020 Class Certification Order.[50]  There are 1,840 Class Members who received 28,343 paper paychecks during the Class Period.[51]

---

[42] Grover Decl. at ¶ 14.
[43] Ex. A at § II.B; Grover Decl. at ¶¶ 15-17.
[44] Ex. A at § II.B; Grover Decl. at ¶ 17.
[45] Ex. A at § II.B; Grover Decl. at ¶ 17.
[46] *See generally*, Ex. A; Grover Decl. at ¶ 17.
[47] Ex. A at § I.RR.
[48] Ex. A at § I.H.
[49] Ex. A at § I.I.
[50] *See* Dkt. 81 at pp. 2, 20; Ex. A at § II.A; Grover Decl. at ¶ 18.
[51] Grover Decl. at ¶ 22.

1    For the PAGA claims, the Settlement defines "Aggrieved Employees" to mean "all current

2 and former hourly employees who worked for Defendant in California at any time during the

3 PAGA Period."[52]   The PAGA Period is from December 18, 2016 through February 22, 2021,

4 inclusive.[53]   There are 2,211 Aggrieved Employees.  Of those, 1,840 are also Class Members and

5 371 are not.[54]

6    **B.    The Settlement Benefits.**

7    The Settlement provides that Defendant will fund the MSA in the amount of $2,500,000

8 to resolve the claims covered by the Settlement.[55]   After subtracting out the amounts allocated to

9 the PAGA Payment ($500,000), Class Counsel's fees and costs (fees not to exceed $750,000 plus

10 actual out-of-pocket costs, which are currently estimated not to exceed $40,000), the General

11 Release Payments (not to exceed $40,000), Class Representative Incentive Awards (not to exceed

12 $7,500), and the settlement administration costs (not to exceed $16,000), the remaining funds,

13 referred to as the Net Settlement Amount, will distributed in full to the Settlement Class

14 Members.[56]   The Net Settlement Amount is estimated to be $1,146,500.[57]   Defendant does not

15 have any revisionary interest in the MSA.[58]

16    **C.    Payments to Settlement Class Members.**

17    The Settlement provides that Settlement Class Members will receive Individual

18 Settlement Payments without the need to submit a claim form.[59]   Each Settlement Class

19 Member's Individual Settlement Payment will be calculated in the manner set forth in the

20 Settlement Agreement.[60]   Specifically, the Settlement Administrator will divide the respective

21 Qualified Paper Paychecks for each Settlement Class Member by the total Qualified Paper

22

23 [52] Ex. A at § I.B.

24 [53] Ex. A at § I.BB
   [54] Grover Decl. at ¶¶ 16, 20.

25 [55] Ex. A at §§ I.W, III.A.

26 [56] Ex. A at §§ I.X and III.L.2, *see,* §§ I.F, I.J., I.R, I.AA, III.C, III.L.3-L.6; Grover Decl. at ¶ 27.
   [57] Grover Decl. at ¶ 27; *see* Ex. A at § I.X.

27 [58] Ex. A at § III.L.

28 [59] Ex. A at § III.L.2.a.
   [60] Ex. A at § III.L.2.a.1.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

Paychecks for all Settlement Class Members, resulting in the Payment Ratio -- Class Member for each Settlement Class Member.[61]  Each Settlement Class Member's Payment Ratio will then be multiplied by the Net Settlement Amount to calculate each Settlement Class Member's share of the Net Settlement Amount.[62]  Class Counsel estimates that the maximum average potential value of each certified Class Member's Labor Code § 226(a) claim is $1,490.38.[63]  Through the Settlement, each Settlement Class Member is expected to receive an Individual Settlement Payment of, on average, $623.10.[64]  That means that the Settlement provides Settlement Class Members with 42.17% of their potential recover for the Labor Code § 226(a) claim.[65]

### D.    Payments to the Aggrieved Employees and the State

The Parties have agreed to allocate $500,000 of the MSA to settle the PAGA claims, referred to as the PAGA Payment.[66]  Labor Code § 2699(i) requires that the LWDA receive 75% ($375,000) of the PAGA settlement amount and Aggrieved Employees receive 25% ($125,000).[67]

To distribute the 25% allocated to the Aggrieved Employees, the Settlement Administrator will distribute Individual PAGA Payments according to the formula set forth in the Settlement Agreement.[68]  The Settlement Administrator will divide the respective Qualified Pay Periods for each Aggrieved Employees by the total Qualified Pay Periods for all Aggrieved Employees, resulting in the Payment Ratio – Aggrieved Employees for each Aggrieved Employee.[69]  Each Aggrieved Employee's Payment Ratio then will be multiplied by the $125,000 portion of the PAGA Payment allocated to the Aggrieved Employees to calculate each Individual

---

[61] Ex. A at § III.L.2.a.1; *see also*, §§ I.O, I.DD, I.EE, I.MM; Grover Decl. at ¶ 29.  Qualified Paper Paychecks are defined as any paper paycheck that a Class Member received at any time during the Class Period.  Ex. A at § I.EE.
[62] Ex. A at § III.L.2.a.1.
[63] Grover Decl. at ¶ 23.
[64] Grover Decl. at ¶ 23.
[65] Grover Decl. at ¶ 23.
[66] Lab. Code § 2699(f); Ex. A at § I.AA, III.L.5.
[67] Ex. A at §§ I.AA, III.L.5; Lab. Code § 2699(i).
[68] Ex. A at § III.L.2.b.
[69] Ex. A at § III.L.2.b; *see also*, §§ I.HH, I.KK; Grover Decl. at ¶ 31. Qualified Pay Periods are defined as any pay period (as reflected in Defendant's records) in which an Aggrieved Employee performed work for Defendant during the PAGA Period. Ex. A at § I.KK

PAGA Payment.[70]   On average, each Aggrieved Employee is expected to receive an Individual

PAGA Payment in the amount of $56.54.[71]

### E.      Cy Pres Distribution

The *cy pres* doctrine allows for unclaimed or non-distributable portions of a class action

settlement fund to be distributed in a manner that still indirectly benefits the class.[72]   Unclaimed

settlement funds should be put to their "next best use" in light of "the purposes of the underlying

lawsuit or the class of plaintiffs involved."[73]   Here, the Parties have agreed that, any unclaimed

funds will be distributed 50-50 to the Parties' two selected *cy pres* recipients, subject to the

Court's approval.   The two *cy pres* recipients are Build California, a 501.c.3 organization that is

working to  develop a future workforce for the construction industry from often under-represented

communities (https://buildcalifornia.com/about/)   and   The   Beavers   Charitable   Trust,   which

provides   endowments   and   scholarships   for   universities   feeding   the   construction   industry

(https://www.thebeavers.org/charitable-trust/).   All funds sent to The Beaver Charitable Trust

must be directed to a university located in California.[74]   None of the Parties' counsel has any

relationship to the selected *cy pres*.[75]

The selected *cy pres* beneficiaries are the "'the next best distribution' to giving the funds

to   class   members"[76]   as   they   are   related   to   the   subject   matter   of   the   lawsuit   and   the   class

members.[77]

The Parties also have agreed that, if any Individual PAGA Payment checks issued to

Aggrieved Employees that remain uncashed more than 90 days after their issuance, the remaining

---

[70] Ex. A at § III.L.2.b; Grover Decl. at ¶ 31.

[71] Grover Decl. at ¶ 25.

[72] *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1038-39 (9th Cir. 2011); *Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1306-07 (9th Cir.1990).

[73] *Nachshin*, 663 F.3d at 1038-39; *see also*, *Six Mexican Workers*, 904 F.2d at 1306-07.

[74] Ex. A at § III.L.2.e; Grover Decl. at ¶ 52.

[75] Grover Decl. at ¶ 52 (Cherne Contracting Corporation is a subsidiary of Kiewit Corporation. David J. Miles, a vice president of another Kiewit subsidiary, is one of six Trustees of the Beavers Charitable Trust).

[76] *Morrison v. Am. Nat'l Red Cross*, No. 19-cv-02855-HSG, 2020 U.S. Dist. LEXIS 132712, at *22-23 (N.D. Cal. July 27, 2020), citing *Dennis v. Kellogg Co.*, 697 F.3d 858, 864 (9th Cir. 2012).

[77] *See Nachshin*, 663 F.3d at 1038-39.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1   funds will be paid to the LWDA.[78]

2       **F.    Limited Release applicable to Settlement Class Members**

3       The Settlement Agreement provides a Limited Release applicable to the Settlement Class

4   Members.[79]  Through the Limited Release, Plaintiffs and Settlement Class Members will release

5   only the claims in the operative Third Amended Complaint under Labor Code § 226 based on the

6   failure to provide compliant wage statements, together with interest, fees, and costs related to that

7   failure.[80]  Specifically, the Released Claims are defined as:

8           the claims in the operative Third Amended Complaint under California
            Labor Code § 226 based on the failure to provide compliant wage
9           statements, together with interest, fees, and costs related to that failure.
            The Release Period for the Released Claims shall be the same as the Class
10          Period, i.e., from December 18, 2016 through June 6, 2019, inclusive.  To
            avoid and prevent doubt, the Released Claims do not include a release of
11          any other claims, including claims by Plaintiffs or Class Members that
            may exist in connection with any of the claims that were not certified by
12          the Court in the November 20, 2020 Order Denying in Part and Granting
            in Part Motion for Class Certification (Dkt. 81).[81]
13

14      The Release Period for the Released Claims shall be the same as the Class Period, *i.e.,*

15  from December 18, 2016 through June 6, 2019, inclusive.[82]

16      **G.    The PAGA Release**

17      The Settlement provides a separate PAGA Release through which Plaintiff Parker,

18  individually and as representative acting as a proxy or agent of the LWDA, a State of California

19  Executive Branch Agency, releases the Released Parties of and from any and all claims for civil

20  penalties, attorneys' fees, and litigations costs under PAGA (the "PAGA Released Claims").[83]

21  No individual Class Members or Aggrieved Employees are providing a PAGA Release.

22  ///

23  ///

24

25  [78] Ex. A at § III.L.2.e; Grover Decl. at ¶ 53.

26  [79] Ex. A at §§ III.B, *see also*, §§ I.MM, I.NN.
    [80] Ex. A at §III.B; *see also*, § I.MM, Dkt. 82.

27  [81] Ex. A at § I.MM, *see also*, § I.NN, III.B.

28  [82] Ex. A at § I.MM.
    [83] Ex. A at § III.D, *see also*, §§ I.CC, I.NN.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1

**H.      The General Releases by Plaintiffs.**

2          In addition to the certified Labor Code § 226 claim, Plaintiff Parker and Plaintiff Gurule

3   have individual wage and hour claims that remain part of the action.[84]  In exchange for a payment

4   of $20,000 to each named Plaintiff, the Plaintiffs will provide a General Release, as set forth in §

5   I.C of the Settlement Agreement, of their claims against the Released Parties.[85]

6          The General Release Payments shall be in addition to each Plaintiff's Class

7   Representative Incentive Award, Individual Settlement Payment, and Individual PAGA

8   Payment.[86]  Plaintiffs will apply for the Court's approval of the General Release Payments with

9   the motion for attorneys' fees and costs.[87]

10  **I.      Class Notice**

11         The proposed Notice of Class Action Settlement (the "Notice") explains the terms of the

12  Settlement and how Class Members can opt out or object.[88]  The Notice will be individualized to

13  include each Class Member's number of Qualified Paper Paychecks and calculation of their

14  estimated Individual Settlement Payment.[89]  The Notice also sets forth the release that the Class

15  Members will provide in exchange for the Individual Settlement Payment.[90]

16         The Notice also informs Class Members that Class Counsel will file a motion seeking an

17  award of attorneys' fees and reimbursement of actual litigation costs and expenses incurred by

18  Class Counsel, requesting approval of the Class Representative Incentive Awards, and General

19  Release Payments and states the deadline on which that motion must be filed and the deadline for

20  a Class Member to object.[91]

21  ///

22

23  [84] Ex. A at § III.C.

24  [85] Ex. A at § III.C.

25  [86] Ex. A at § III.C, III.L.3.e; *see also*, § I.R.
    [87] Ex. A at § IIII.OO

26  [88] Ex. A at §§ I.Y, III.K.1 and III.K.2, Settlement Agreement Exhibits 1 (the proposed Notice) and
    2 (the proposed mailing envelope).

27  [89] Ex. A at § III.K.2, Settlement Agreement Exhibit 1 (the proposed Notice).
    [90] Ex. A at § III.K.2, Settlement Agreement Exhibit 1 (the proposed Notice).

28  [91] *See* Ex. A, Settlement Agreement Exhibit 1.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

### J.      Notice of PAGA Settlement

"PAGA has no notice requirements for unnamed aggrieved employees, nor may such employees opt out of a PAGA action."[92] Even so, the Notice will inform Settlement Class Members of the PAGA Settlement.  Non-Class Member Aggrieved Employees will receive an explanatory letter with their Individual PAGA Payment if the PAGA Settlement is approved.[93]

### K.      Opt Out and Objection Procedures

Class Members will have 45 calendar days from the date the Notices are mailed to opt out.[94]  The Notice will provide a specific date informing the Class Members of the exact deadline and instructions regarding how to opt out of the Settlement.[95]

Aggrieved Employees -- including Class Members who are Aggrieved Employees -- cannot request to be excluded from the settlement of the PAGA Released Claims.[96]

Class Members also have the opportunity to object to the Settlement.  Class Members who object will have 45 days from the date the Notices are mailed to submit their written objection by mail.[97]  The postmark date of a Class Member's Request for Exclusion or Objection will determine whether it is timely.[98]

### L.      Class Representative Incentive Awards

The Settlement provides reasonable Incentive Awards for the Class Representatives to compensate them for the risks they incurred and the time and effort they expended in bringing and prosecuting the employment-related claims alleged in this action on behalf of the Class Members.[99]  The Settlement provides a reasonable Incentive Award of not more than $5,000 for Plaintiff Parker and a reasonable Incentive Award of not more than $2,500 for Plaintiff Gurule.[100]

---

[92] *Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1122 (9th Cir. 2014).
[93] Ex. A at § III.K.9 and Settlement Agreement Ex. 1 (Notice).
[94] Ex. A at § III.K.7; *see also*, § I.OO; Ex. A, Settlement Agreement Ex. 1 (Notice).
[95] Ex. A, Settlement Agreement Ex. 1 (Notice).
[96] *See e.g.*, *Baumann*, 747 F.3d at 1122.  *See also* Ex. A at § III.K.7(c).
[97] Ex. A at § III.K.8.
[98] Ex. A at §§ III.K.7 and III.K.8.
[99] Ex. A at § III.L.3.a; *see also*, § I.J; Grover Decl. at ¶¶ 49-50.
[100] Ex. A at § III.L.3.a.

Plaintiffs will request the Court's approval of the Incentive Awards in the motion for award of attorneys' fees and litigation expenses, which will be filed no later than 14 days before the Response Deadline.[101]

### M.   Attorneys' Fees and Costs

The Settlement provides that Class Counsel may seek an award of attorneys' fees of no more than $750,000, which is 30% of the MSA, and actual out-of-pocket expenses and costs, which are estimated not to exceed $40,000.[102]   The fee amount, which is less than Class Counsels' lodestar for the entire litigation to date, is intended to compensate for all of the work already performed in litigating this action and the work remaining to be performed in documenting and securing approval of the settlement, making sure that the settlement is fairly administered and implemented, and obtaining dismissal of the action.[103]

Class Counsel's motion for award of attorneys' fees and costs, the General Release Payments and Class Representative Incentive Awards will be the subject of a separate motion that will be filed no later than 14 days before the opt-out and objections Response Deadline.[104]   Class Counsel has provided initial lodestar calculations and litigation costs for preliminary approval purposes but will provide updated, detailed information with the motion for fees and costs.[105]

In the event that the Court reduces the requested Class Counsel Award, Plaintiffs and Class Counsel shall not have the right to modify or revoke the Settlement, and the Settlement will remain binding, nor will Plaintiffs or Class Counsel seek, request, or demand an increase in the MSA on that basis.[106]   Any portion of the requested Class Counsel Award that the Court does not award shall be part of the Net Settlement Amount and shall be distributed to Settlement Class Members as provided in this Agreement.[107]

///

---

[101] Ex. A at § III.L.3 and III.OO.
[102] Ex. A at § III.L.4.a; *see also*, § I.F.
[103] Ex. A at § I.F; Grover Decl. at ¶¶ 57-63; Bernstein Decl. at ¶ 3.
[104] Ex. A at § III.O.  This represents only .0064% of the MSA.
[105] Grover Decl. at ¶¶ 59-63; Bernstein Decl. at ¶ 3.
[106] Ex. A at §§ III.L.4.c and III.L.4.f.
[107] Ex. A at § III.L.4.c.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

1

**N.    Settlement Administration.**

2

Subject to the Court's approval, the Parties have selected RG2 Claims Administration

3

LLC as the proposed third-party Settlement Administrator after reviewing proposals from three

4

administrators.  Class Counsel has worked with RG2 on two other class settlements in the past

5

two years.[108]  The Settlement Agreement allocates $16,000 of the MSA for the administration

6

costs.[109]    Because the Class Members are Cherne's former and current employees whose

7

identities and contact information are readily available, the Parties agreed that mail notice

8

provides the best practicable notice under the circumstances.[110]   The administration costs are

9

reasonable given the number of Class Members and Aggrieved Employees, the number of

10

Individual Settlement Payment and Individual PAGA Payments to be calculated, and the notice

11

procedures involved.[111]

12

**IV.    CLASS CERTIFICATION DOES NOT NEED TO BE REVISITED.**

13

The Court need not revisit the recent Class Certification Order certifying the certified

14

Class during preliminary approval if "no facts that would affect the Court's reasoning have

15

changed."[112]   This is especially applicable when the proposed settlement provides relief for the

16

same persons as the certified class.[113]

17

The parties agreed that, for the purpose of settlement, the Class Members are defined -- as

18

in the Class Certification Order – as all current and former hourly employees who worked for

19

Defendant in California and received one or more paper paychecks during the Class Period,

20

which is the period from December 18, 2016 through June 6, 2019, inclusive.  The only minor

21

difference is that the phrase "received paper wage statements that did not have Defendant's full

22

name and address printed on them" in the certified Class definition has been changed to "received

23

24

[108] Grover Decl. at ¶ 55.
[109] Ex. A at § III.L.6.

25

[110] Grover Decl. at ¶ 40.
[111] Grover Decl. at ¶ 55.

26

[112] *See e.g.*, *Ang v. Bimbo Bakeries USA, Inc.*, No. 13-cv-01196-HSG, 2020 U.S. Dist. LEXIS 74775, at *11 (N.D. Cal. April 28, 2020); *Dickey v. Advanced Micro Devices, Inc.*, No. 15-cv-

27

04922-HSG, 2019 U.S. Dist. LEXIS 172924, at *8 (N.D. Cal. Oct. 4, 2019); *Mendez v. C-Two Grp. Inc.*, No. 13-cv-05914-HSG, 2017 U.S. Dist. LEXIS 44817, at *8 (N.D. Cal. Mar. 27, 2017).

28

[113] *See e.g.*, *Mendez*, 2017 U.S. Dist. LEXIS 44817, at *5, 8.

**KELLER GROVER LLP**
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

one or more paper paychecks" in the settlement Class definition.[114]  The Class definition used in the Settlement does not expand the scope of the certified Class at all.[115]  The Parties changed the language to simplify the class definition after Defendant confirmed that all paper wage statements issued during the Class Period were missing Defendant's full name and address.[116]

Further. the Limited Release and Released Claims provided in the Settlement do not affect any claims outside of the certified class claim.[117]  Since the Court certified the Class, the Class Representatives have continued to prosecute vigorously the claims on behalf of the certified class and thus, no new facts should affect their appointment as class representatives and Eric A. Grover and Robert Spencer of Keller Grover LLP and Scot D. Bernstein of Law Offices of Scot D. Bernstein, A Professional Corporation should continue serving as Class Counsel.[118]  Accordingly, there is no reason to revisit class certification at this preliminary approval stage.

## V.     THE SETTLEMENT MERITS PRELIMINARY APPROVAL

### A.  Legal Standard

The Ninth Circuit has a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned."[119]  Balancing that policy is Federal Rule of Civil Procedure ("Rule") 23(e), which "imposes on district courts an independent obligation to ensure that any class settlement is 'fair, reasonable, and adequate,' accounting for the interests of absent class members."[120]  Courts therefore may approve a class action settlement "only after a hearing and only on finding that it is fair, reasonable, and adequate after considering whether:

> (A)  the class representatives and class counsel have adequately
>        represented the class;
>
> (B)  the proposal was negotiated at arm's length;
>
> (C)  the relief provided for the class is adequate, taking into account:

---

[114] *Compare* Ex. A at §§ I.H and I.I. *with* Dkt. 81 at p. 2.

[115] Grover Decl. at ¶ 18.

[116] Grover Decl. at ¶ 18.

[117] Compare Ex. A at §§ I.MM, I.NN, III.B with Dkt. 81 at pp. 2-3, 20.

[118] *See* Grover Decl. at ¶¶ 47, 49.

[119] *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998); *see also, e.g.*, *Class Plaintiffs v. City of Seattle,* 955 F.2d 1268, 1276 (9th Cir. 1992); *Zayas v. S.F. Sheriff's Dep't*, No. 18-cv-06155-JCS, 2021 U.S. Dist. LEXIS 8948, at *7 (N.D. Cal. Jan. 18, 2021), citing *Linney*.

[120] *Briseño*, 2021 U.S. App. LEXIS 16261, at *16, citing Rule 23(e).

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

(i)  the costs, risks, and delay of trial and appeal;

(ii)  the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii)  the terms of any proposed award of attorney's fees, including timing of payment; and

(iv)  any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.[121]

Courts also have weighed the some or all of the following factors:

(1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; … and (8) the reaction of the class members of the proposed settlement.[122]

Courts routinely approve a settlement that: "(1) appears to be the product of serious, informed, non-collusive negotiations; (2) does not grant improper preferential treatment to class representatives or other segments of the class; (3) falls within the range of possible approval; and (4) has no obvious deficiencies."[123]  "Courts lack the authority, however, to 'delete, modify or substitute certain provisions. The settlement must stand or fall in its entirety.'"[124]

Also, courts must apply heightened scrutiny to "assess[] whether the division of funds between the class members and their counsel is fair and 'adequate.'"[125]  Courts must scrutinize all proposed class settlements for the three possible red flags outlined in *Bluetooth*: (1) whether class counsel will receive "a disproportionate distribution of the settlement," (2) whether the defendant agreed to a "clear sailing arrangement" by which it will not challenge the agreed-upon attorneys'

---

[121] Rule 23(e)(2). *See Briseño*, 2021 U.S. App. LEXIS 16261, at *15-23, citing Rule 23(e)(2).

[122] *Bluetooth*, 654 F.3d at 946, quoting *Churchill*, 361 F.3d at 575.

[123] *Morrison*, 2020 U.S. Dist. LEXIS 132712, at *18, citing *In re Lenovo Adware Litig.*, No. 15-MD-02624-HSG, 2018 U.S. Dist. LEXIS 198909, at *28 (N.D. Cal. Nov. 21, 2018). *See also*, *Bluetooth*, 654 F.3d at 946, approving these factors but adding that heightened scrutiny should be applied regarding potential collusion or other conflicts of interest.

[124] *Morrison*, 2020 U.S. Dist. LEXIS 132712, at *19, quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

[125] *Briseño*, 2021 U.S. App. LEXIS 16261, at *23, citing Rule 23(e)(2)(C) and *Bluetooth*, 654 F.3d at 947-49.

fees, and (3) whether there is a "'kicker' or 'reverter' clause[,]" by which funds allocated for class counsel's fees that the court does not approve are returned to the defendant.[126]

## B. The Proposed Class Action Settlement is Fair, Adequate and Reasonable.

    i.    The Settlement is the result of serious, informed, non-collusive negotiations.

At the preliminary approval stage, courts routinely find that a settlement is fair where it is reached through arm's-length bargaining by well-qualified, highly experience counsel who are familiar with the strengths and weakness of the action.[127]   When the Parties have conducted "significant discovery" and participated in a full-day formal mediation with a skilled, experienced mediator prior to reaching a settlement, the settlement process supports preliminary approval.[128]

Here, the Settlement was a product of non-collusive, arm's-length negotiations during which the Parties were represented by skilled and experienced counsel.[129]   Class Counsel are highly experienced in litigating and settling similar wage and hour class actions.[130]   They have investigated the factual and legal issues in this action and diligently litigated the Class Members' claims.[131]   During the three years litigating this action, the Parties conducted extensive discovery and engaged in substantive motion practice, including Defendant's summary judgment motion and Plaintiffs' class certification motion.[132]   In doing so, the Parties "thoroughly investigated and considered their own and the opposing parties' positions" giving them "sound basis for measuring

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

---

[126] *Id.* at *24-27, citing *Bluetooth*, 654 F.3d at 947-49.

[127] *See e.g.*, *Hanlon*, 150 F.3d at 1027 (affirming trial court's approval of class action settlement where parties reached agreement after several months of negotiation and the record contained no evidence of collusion); *Black v. T-Mobile USA Inc.*, No. 17-cv-04151-HSG, 2019 U.S. Dist. LEXIS 21121 at *13-14 (N.D. Cal. Feb. 8, 2019) (after significant discovery, class counsel's views that the settlement was fair, reasonable and adequate weighed in favor of preliminary approval); *In re Lenovo Adware Litig.*, 2018 U.S. Dist. LEXIS 198909, at *28 (class counsel's recommendation of the settlement after arms'-length negotiations weighed in favor of fairness).

[128] *See e.g.*, *Dickey*, 2019 U.S. Dist. LEXIS 172924, at *9-10; *Noroma*, 2019 U.S. Dist. LEXIS 63587, at *20.

[129] *See* Grover Decl. at ¶¶ 14-17, 21-22, 43, 60; *see*, Ex. A at §§ II.B-D.

[130] Grover Decl. at ¶¶ 2-4, 21; Bernstein Decl. at ¶ 2, Ex. 1.

[131] Grover Decl. at ¶¶ 14-17, 21, 43, 60.

[132] Grover Decl. at ¶¶ 9-14, 43, 60.

the terms of the settlement against the risks of continued litigation."[133]

The Parties participated in a mediation session on February 22, 2021 with the Honorable Jeffrey K. Winikow (Ret.), an experienced mediator in wage and hour cases.[134]  With Judge Winikow's assistance, the Parties reached a settlement.[135]  Class Counsel believe that the Settlement is fair, reasonable and adequate, a factor that weighs in favor of preliminary approval.[136]

ii.      The Settlement Falls within the Range of Possible Approval.

"To evaluate whether the settlement amount is adequate, 'courts primarily consider plaintiffs' expected recovery balanced against the value of the settlement offer.'"[137]  To do so, courts evaluate the strength of plaintiff's case, risk of continued litigation, risk of maintaining class status and the amount offered in settlement.[138]

The Settlement represents a strong result for the Settlement Class Members. The Net Settlement Amount is estimated to be $1,146,500 and will be distributed to Settlement Class Members in full.[139]  Each Individual Settlement Payment is estimated to be, on average, $623.10.[140]  In addition to their Individual Settlement Payment, each Class Member will receive a pro rata share of the Aggrieved Employees' $125,000 portion of the PAGA Payment.[141]  On average, the Individual PAGA Payment is estimated to be $56.54.[142]

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

---

[133] *Ahmed v. HSBC Bank USA*, No. ED CV 15-2057 FMO (SPx), 2019 U.S. Dist. LEXIS 104401, at *28 (C.D. Cal. June 21, 2019).  *See* Grover Decl. at ¶¶ 9-17, 21-46.

[134] Ex. A at § II.B; Grover Decl. at ¶ 17.

[135] Ex. A at § II.B; Grover Decl. at ¶ 17.

[136] Grover Decl. at ¶¶ 2-4, 21-46.

[137] *Morrison*, 2020 U.S. Dist. LEXIS 132712, at *25, quoting *In re Lenovo Adware Litig.*, No. 15-md-02624-HSG, 2018 U.S. Dist. LEXIS 198909, at *30 (N.D. Cal. Nov. 21, 2018).

[138] *Id.* at *25-26; *Noroma*, 2019 U.S. Dist. LEXIS 63587, at *22-24; *Betorina v. Randstad US, L.P.*, No. 15-cv-03646-EMC, 2017 U.S. Dist. LEXIS 53317, at *22 (N.D. Cal. Apr. 6, 2017) (weighing these *Churchill* factors when assessing whether the settlement was within the range of possible approval.)

[139] Ex. A at § III.L.2.a; Grover Decl. at ¶¶ 27, 30.

[140] Grover Decl. at ¶ 30.

[141] Ex. A at § III.L.2.b; *see also*, §§ I.S., I.T, I.AA, III.L.5.

[142] Grover Decl. at ¶ 25.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

Class Counsel has calculated the maximum value of the Labor Code § 226(a) class claim as $2,742,300.[143]  Not including potential PAGA penalties, the $2,500,000 Maximum Settlement Amount represents 91% of the maximum damage calculation [$2,500,000/$2,742,300 = .91].[144]

Although Plaintiffs are confident that the Labor Code § 226(a) class claims are strong, they also recognize that, if litigation continued and proceeded to trial, they would have encountered legal and factual hurdles that could have prevented the Class from obtaining any recovery.[145]  Defendant has argued, for example, that no Class Member suffered any damages related to the issuance of wage statements and the Plaintiffs will be unable to prove that any Labor Code § 226(a) violation was a "knowing and intentional failure," a necessary element for the award of statutory damages under Labor Code § 226(e).[146]

With regard to the PAGA penalties, Plaintiffs acknowledge the risk the Court could exercise its broad discretion under PAGA to award lesser penalties than might otherwise be owed.[147]  Those risks could result in Aggrieved Employees receiving significantly less than $100 per pay period if this action proceeds to trial, instead of settling now.[148]  Defendant also has raised what it considers to be substantial defenses to Plaintiffs' PAGA claims.  Defendant has argued that the PAGA claims could not succeed because it asserts that they are wholly derivative of the other claims that are unsuitable for class treatment.[149]

---

[143] Grover Decl. at ¶ 22.

[144] Grover Decl. at ¶¶ 22-23.

[145] Grover Decl. at ¶¶ 21, 24, 26, 43-46.

[146] Grover Decl. at ¶ 45.  *See e.g.*, *Mays v. Wal-Mart Stores, Inc.*, 804 F. App'x 641, 644 (9th Cir. 2020) (reversing class certification of a wage statement class after concluding that the class representative's receipt of a pay stub with only a minor discrepancy in the employer's name was not the type of injury-in-fact required for Article III standing, meaning she could not represent the class); *Roadrunner Intermodal Servs., Ltd. Liab. Co. v. T.G.S. Transp., Inc.*, No. 1:17-cv-01207-DAD-BAM, 2019 U.S. Dist. LEXIS 142321, at *50 (E.D. Cal. Aug. 21, 2019) (finding employer was not liable under Lab. Code § 226(e) as its pay stub error was unintentional).

[147] Lab. Code § 2699(e)(2). *See e.g.*, *Magadia v. Wal-Mart Assocs.*, 384 F. Supp. 3d 1058, 1100, 1104 (N.D. Cal. 2019) (finding that, under Labor Code § 2699(e)(2), "the Court has broad discretion to award PAGA penalties as the Court sees fit" and reducing the PAGA penalty award significantly from the maximum penalties possible).

[148] *See e.g.*, *Magadia*, 384 F. Supp. 3d at 1100, 1104.  *See also*, Grover Decl. at ¶ 26 for list of additional exemplar cases where courts awarded substantially reduced PAGA penalties.

[149] *See e.g.*, *Weigele v. FedEx Ground Package Sys., Inc.*, 267 F.R.D. 614, 623 (S.D. Cal. 2010); *Pryor v. Aerotek Scientific, LLC*, 278 F.R.D. 516, 537 (C.D. Cal. 2011). *See also*, cases in which the court struck PAGA claims based on manageability problems, *e.g.*, *Salazar v. McDonald's*
*(Cont'd)*

Considering the strength of Plaintiffs' case, the risks of continued litigation, risk of maintaining class status, and the settlement amount achieved, the proposed Settlement is well within the range of reasonableness.

iii.    The Settlement does not grant preferential treatment to certain Class Members.

The Settlement does not contain any obvious deficiencies to prevent preliminary approval. Nor does it grant preferential treatment to Plaintiffs or any segment of the Class. The Settlement permits Plaintiffs to seek Incentive Awards of up to $5,000 for Plaintiff Parker and $2,500 for Plaintiff Gurule.[150] Incentive awards are "fairly typical in class action cases" and "are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action."[151] A "$5,000 incentive award to each named plaintiff is presumptively reasonable," especially when, as here, "the parties agree that the settlement shall remain in force regardless of any incentive award."[152]

Plaintiffs have spent substantial time and effort prosecuting this action on behalf of the Class Members.[153] Plaintiffs will provide detailed declarations of their work and time spent in this action with the motion requesting approval of the Incentive Awards.[154] At this preliminary stage, the fact that the proposed Incentive Awards are not per se unreasonable is sufficient.[155]

The Settlement also provides that, because the named Plaintiffs have individual claims in this action, they will enter into a General Release in exchange for a payment of $20,000 each.[156]

---

*Corp.*, No. 14-cv-02096-RS, U.S. Dist. LEXIS 9641, at *8 (N.D. Cal. Jan. 5, 2017); *Ortiz v. CVS Caremark Corp.*, No. C -12-05859 EDL, 2014 U.S. Dist. LEXIS 36833, at *11 (N.D. Cal. Mar. 18, 2014); *Brown v. Am. Airlines, Inc.*, No. CV 10-8431-AG (PJWx), 2015 U.S. Dist. LEXIS 150672 (C.D. Cal. Oct. 5, 2015).

[150] *See* Ex. A at § III.L.3.

[151] *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009); *Morrison*, 2020 U.S. Dist. LEXIS 132712, at *24, quoting same.

[152] *Ahmed v. HSBC Bank USA*, No. ED CV 15-2057 FMO (SPx), 2019 U.S. Dist. LEXIS 104401, at *34-35 (C.D. Cal. June 21, 2019), citing *Dyer v. Wells Fargo Bank, N.A.*, 303 F.R.D. 326, 335 (N.D. Cal. 2014). *See* Ex. A at § III.L.3.d.

[153] Grover Decl. at ¶ 49.

[154] Grover Decl. at ¶ 50.

[155] *See e.g.*, *Morrison*, 2020 U.S. Dist. LEXIS 132712, at *25.

[156] Ex. A at §§ III.L.3 and II.C.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

The General Release does not apply to or affect the Settlement Class Members.[157]  The General Release Payments are not preferential treatment because the Settlement Class Members will not be subject to or affected by the General Release.  The inclusion of the General Release Payments enables the Parties to resolve the entire action.

        iv.      None of the Bluetooth red flag indicators of collusion or conflict of interest are present.

The Settlement does not contain any of the *Bluetooth* red flag indicators of collusion or conflict of interest.[158]  The Settlement is non-reversionary.[159]  If the Court does not award the full amounts requested for attorneys' fee and costs and Class Representative Incentive Awards, the unawarded funds become part of the Net Settlement Amount.[160]  The Settlement also provides that Plaintiffs and Class Counsel "shall not have the right to modify or revoke the Settlement, and the Settlement will remain binding, nor will Plaintiffs or Class Counsel seek, request, or demand an increase in the MSA on that basis" if the Court does not award any or a portion of the Class Representative Incentive Awards or Class Counsel Award.[161]  Any funds from uncashed Individual Settlement Payment checks will be distributed to the selected *cy pres* beneficiaries or the LWDA for uncashed Individual PAGA Payment checks.[162]

The Settlement allows Class Counsel to seek attorneys' fees of $750,000, which is 30% of the MSA, and actual litigation costs and expenses.[163]  The Net Settlement Amount is estimated to be $1,146,500 and will be paid out in full to the Settlement Class Members.[164]  Settlement Class Members will receive automatic settlement payments without the need to submit claims.[165]  Thus, the Settlement ensures that Settlement Class Members will receive a substantial portion of the

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

---

[157] *See id.*

[158] *Briseño*, 2021 U.S. App. LEXIS 16261, at *23-27, citing *Bluetooth*, 654 F.3d at 947-49.

[159] *See* Ex. A at §§ III.L and I.W. *See, e.g.*, *Briseño*, 2021 U.S. App. LEXIS 16261, at *26-27.

[160] Ex. A at §§ III.L.3.d. and III.4.c.

[161] Ex. A at §§ III.L.3.d and III.L.4.f.

[162] Ex. A at § III.L.2.e.

[163] Ex. A. at § III.L.4.

[164] Grover Decl. at ¶ 27; Ex. A at §§ I.X, I.RR, III.L.2.a.

[165] Ex. A at §§ I.X, I.RR, III.L.2.a; Grover Decl. at ¶ 28.

1  MSA and Class Counsel will not receive a disproportionate distribution.[166]

2  Further, the Settlement does not include a clear sailing arrangement.[167] Defendant has not

3  agreed not to challenge Class Counsel's fee motion.

4  **C.  The proposed attorneys' fees and costs awards are reasonable.**

5  The Settlement permits Class Counsel to request fees of $750,000, which is 30% of the

6  MSA, and their actual litigation costs and expenses.[168] The proposed fee request is reasonable.

7  District "courts have consistently approved of attorney fee awards over the 25% benchmark,

8  specifically at a rate of 30% or higher."[169] Further, courts have found that, when a settlement

9  includes a fee request within the Ninth Circuit's range, the settlement "does not provide a

10  disproportionate distribution to Class Counsel."[170]

11  The proposed fee award also is supported by Class Counsel's lodestar.[171] After three years

12  of litigation, including extensive motion practice and discovery, Class Counsel preliminarily

13  calculates their current lodestar to be approximately $1,114,785.[172] Class Counsel will provide

14  updated lodestar information with the motion for fees and costs.[173] The proposed $750,000 fee

15  award reflects less than the total expected lodestar, which makes it reasonable.

16  _____

17  [166] Contrast *Briseño*, 2021 U.S. App. LEXIS 16261, at *5, in which class counsel received more than seven times what the class members receive in the claims-made settlement.

18  [167] *See* Ex. A, *Briseño*, 2021 U.S. App. LEXIS 16261, at *25-26.
[168] Ex. A. at § III.L.4.

19  [169] *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 260 (N.D. Cal. 2015) (internal quotations

20  and original alternations omitted). *See also, e.g.*, *Rabin v. PricewaterhouseCoopers LLP*, No. 16-cv-02276-JST, 2021 U.S. Dist. LEXIS 41285, at *24 (N.D. Cal. Feb. 3, 2021) (approving 35% fee

21  award); *Bennett v. SimplexGrinnell LP*, No. 11-cv-01854-JST, 2015 U.S. Dist. LEXIS 192870, at *19 (N.D. Cal. Sept. 3, 2015) (awarding 38.8% of common fund with a 0.6x multiplier); *Rivas v.*

22  *BG Retail, LLC*, No. 16-cv-06458-BLF, 2020 U.S. Dist. LEXIS 8712, at *23 (N.D. Cal. Jan. 16, 2020) ("California district courts usually award attorneys' fees in the range of 30-40% in wage and

23  hour class actions" when the common fund is under $10 million," (internal quotation and citation omitted); *Alvarez v. Farmers Ins. Exch.*, No. 3:14-cv-00574-WHO, 2017 U.S. Dist. LEXIS

24  119128, at *9-10 (N.D. Cal. Jan. 18, 2017) ("Fee award percentages generally are higher in cases where the common fund is below $10 million.").

25  [170] *Garcia v. Lift*, 2020 U.S. Dist. LEXIS 220762, at *36 (E.D. Cal. Nov. 23, 2020) (finding no disproportionate distribution where fee award was one-third of the settlement fund, citing cases).

26  [171] "Where a settlement produces a common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery method." *Bluetooth*,

27  654 F.3d at 942.

28  [172] Grover Decl. at ¶¶ 57-63; Bernstein Decl. at ¶ 3.
[173] Grover Decl. at ¶ 58.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1

2

3

4

5

6

      The Settlement also provides that Class Counsel may seek reimbursement of their out-of-pocket expenses and costs incurred litigating this action.[174]  Class Counsel's actual costs and expenses to date are approximately $36,745.21 and are not expected to exceed $40,000.[175]  They include deposition costs, mediation fees, filing fees, courier charges, legal research fees, parking costs, transportation costs, travel and hotel expenses, meal costs, mailing charges, and postage costs. Class Counsel will provide detailed expense and cost information with the fee motion.[176]

7

**D.  The proposed notice procedure should be approved.**

8

9

10

11

      Federal Rule of Civil Procedure 23(c)(2)(B) provides that "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."[177]  Rule 23(c)(2)(B) requires that the notice "clearly and concisely" states in "plain," easy-to-understand language:

12

13

14

15

> (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members.[178]

16

17

18

19

20

21

      The proposed Notice (Settlement Agreement Exhibit 1) fully complies with Rule 23 and due process.[179]  The Notice informs Class Members about the Settlement terms, the date, time and location of the final approval hearing, and how to enter an appearance.[180]  The Notice explains how to object to the Settlement and the deadline to do so.  The Notice informs Class Members of their right to opt out of the Settlement, how to do so and the deadline.  The Notice also states how individual recoveries will be determined and provides an estimated settlement amount for each

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

22

23

24

25

26

27

28

[174] Ex. A at § III.L.4.

[175] Grover Decl. at ¶¶ 64-66.

[176] Grover Decl. at ¶ 64.

[177] *See also*, *e.g.*, *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985); *Low v. Trump Univ., Ltd. Liab. Co.*, 881 F.3d 1111, 1117 (9th Cir. 2018).

[178] Fed. R. Civ. P. 23(c)(2)(B); Ex. A at § III.K.2, Settlement Agreement Ex. 1.

[179] *See e.g.*, *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (due process requires that notice be reasonably calculated "to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."); *Espinosa v. Ahearn (In re Hyundai & Kia Fuel Econ. Litig.)*, 926 F.3d 539, 567 (9th Cir. 2019) (similar).

[180] Ex. A at § III.K.2, Settlement Agreement Ex. 1.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

1 Class Member.[181]  Thus, the Notice complies with the standards of fairness, completeness, and

2 neutrality required of a settlement notice disseminated under authority of the Court.

3          In addition, the procedures to disseminate the Notice ensure it will be sent to Class

4 Members in the manner best calculated to ensure that they are alerted to the terms of the

5 settlement.[182]  Defendant will provide the Settlement Administrator with each Class Member's

6 contact information and the number of paper paychecks issued to each Class Member during the

7 Class Period.[183]  The Settlement Administrator will perform address updates and verifications as

8 necessary and send the settlement Notice and Claim Form via first-class U.S. mail.[184]  If a Notice

9 Packet is returned, the Settlement Administrator will conduct address follow-up and will re-mail

10 the Notice Packet to any updated address.[185]

11          Because the Class Members are Defendant's current and former employees, notice in this

12 action is simpler than in other types of class actions.   The proposed notice plan meets

13 constitutional standards and should be approved.[186]

14          **E.  The PAGA Payment is reasonable and warrants approval.**

15          Labor Code § 2699(l)(2) requires court approval of any PAGA settlement.  Class action

16 requirements do not apply to PAGA actions.[187] "PAGA has no notice requirements for unnamed

17 aggrieved employees, nor may such employees opt out of a PAGA action."[188] The circumstances

18 of the settlement, rather than the amount allocated to PAGA claims, determine whether a PAGA

19 settlement is appropriate.[189]

20

21

22 [181] *Id.*

23 [182] Ex. A at §§ III.K.1-III.K.8.
   [183] Ex. A at §§ I.G and III.K.1.

24 [184] Ex. A at §§ III.K.1, III.K.3.

25 [185] Ex. A at §§ III.K.4.
   [186] *See e.g.*, *Morrison*, 2020 U.S. Dist. LEXIS 132712, at *26-27 (approving notice by mail);

26 *Noroma v. Home Point Fin. Corp.*, No. 17-cv-07205-HSG, 2019 U.S. Dist. LEXIS 63587, at *25-
   56 (N.D. Cal. Apr. 12, 2019) (same).

27 [187] *Arias v. Superior Court*, 46 Cal. 4th 969, 974 (2009).

28 [188] *Baumann*, 747 F.3d at 1122.
   [189] *Nordstrom Com'n Cases*, 186 Cal.App.4th 576, 589 (2010).

1    As part of the final approval process, Plaintiff will seek the Court's approval of the PAGA

2 portion of the Settlement, including the $500,000 PAGA Payment, the distribution plan for the

3 PAGA Payment and Notice of PAGA Settlement, and the PAGA Release.[190]

4 **VI.    CONCLUSION**

5    Based on the foregoing, Plaintiffs request that this Court grant preliminary approval of the

6 Settlement consistent with the terms of the Settlement Agreement, and enter an order requiring

7 notice procedures and a final approval hearing consistent with Plaintiffs' proposed schedule, as

8 provided in the proposed order submitted herewith.

9

10 Dated:  June 8, 2021                        **KELLER GROVER LLP**

11                                            By:   /s/ *Eric A. Grover*

12                                                  ERIC A. GROVER
                                                    ROBERT SPENCER
13                                                  *Attorneys for Plaintiffs and Certified Class*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    [190] Ex. A at §§ I.AA, I.BB, I.CC, III.D, III.K.9, III.L.2.b, III.L.5.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861