1    ERIC A. GROVER (SBN 136080)
2    eagrover@kellergrover.com
     ROBERT W. SPENCER (SBN 238491)
3    rspencer@kellergrover.com
     **KELLER GROVER LLP**
4    1965 Market Street
     San Francisco, California 94103
5    Telephone: (415) 543-1305
     Facsimile: (415) 543-7861
6
7    SCOT BERNSTEIN (SBN 94915)
     swampadero@sbernsteinlaw.com
8    **LAW OFFICES OF SCOT D. BERNSTEIN,**
     **A PROFESSIONAL CORPORATION**
9    101 Parkshore Drive, Suite 100
     Folsom, California 95630
10   Telephone: (916) 447-0100
     Facsimile: (916) 933-5533
11
12   Attorneys for Plaintiffs and the Certified Class
13
14                  **UNITED STATES DISTRICT COURT**
15               **NORTHERN DISTRICT OF CALIFORNIA**
16   BEATRICE PARKER and JEFFREY          Case No:  4:18-cv-01912-HSG
17   GURULE, SR, on behalf of themselves, and
     all others similarly situated, and all aggrieved   CLASS ACTION
18   employees,
                                          **PLAINTIFFS' NOTICE OF MOTION AND**
19                    Plaintiffs,         **MOTION FOR FINAL APPROVAL OF**
                                          **CLASS ACTION AND PAGA**
20          v.                            **SETTLEMENT; MEMORANDUM OF**
                                          **POINTS AND AUTHORITIES IN**
21   CHERNE CONTRACTING                   **SUPPORT THEREOF**
     CORPORATION; and DOES 1 through 10,
22   inclusive,                           Date:     December 2, 2021
                                          Time:     2:00 p.m.
23                    Defendants.         Ctrm:     2
                                          Judge:    Haywood S. Gilliam, Jr.
24
25                                        Complaint Filed:  February 13, 2018
26                                        TAC filed:        November 23, 2020
27
28

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

**PLEASE TAKE NOTICE THAT** on December 2, 2021 at 2:00 p.m., or as soon thereafter as the matter may be heard by the Honorable Haywood S. Gilliam, located at Courtroom 2, 4th Floor, 1301 Clay Street, Oakland, California, Plaintiffs BEATRICE PARKER and JEFFREY GURULE, SR. will and hereby do move for an Order granting final approval of the class action settlement reached between Plaintiffs and Cherne Contracting Corporation ("Cherne" or "Defendant"). Specifically, Plaintiffs move for an order: 1) confirming the certification of the Settlement Class; 2) finding that the class settlement is fair, reasonable and adequate; 3) finally approving the class settlement; 4) finding that proper notice of the class settlement was given; 5) approving the PAGA settlement; 6) directing distribution of class settlement and PAGA benefits; 7) dismissing Plaintiffs' class claims with prejudice; 8) direct that the clerk of the Court enter the Court's order as a final judgment; and 9) without affecting the finality of the final judgment, reserve continuing jurisdiction over the parties for the purposes of implementing, enforcing and/or administering the settlement.

This Motion is made pursuant to Federal Rule of Civil Procedure 23, which requires court approval of the settlement of a class action and California Labor Code § 2699(l)(2), which requires court approval of a PAGA settlement. This Motion is based on this notice of motion and motion, the accompanying memorandum of points and authorities set forth herein, the parties' Joint Stipulation of Class Action and PAGA Settlement and Release of Claims, the Declaration of Eric A. Grover, the Supplemental Declaration of Dana Boub on Behalf of RG2 Claims Administration LLC Regarding Notice to the Class, the pleadings and papers filed in this case, and such evidence or oral argument as may be presented at the hearing.

Dated: October 28, 2021

KELLER GROVER LLP

By:   /s/ *Eric A. Grover*

ERIC A. GROVER
ROBERT SPENCER
*Attorneys for Plaintiffs*

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

# TABLE OF CONTENTS

Page

I.  INTRODUCTION ........................................................................................................ 1

II. BACKGROUND ......................................................................................................... 3

    A.  Factual Background ........................................................................................ 3

    B.  Procedural History .......................................................................................... 4

    C.  The Settlement Process ................................................................................... 5

    D.  Preliminary Approval, the Notice Process, and Class Members' Responses ........ 7

III. THE TERMS OF THE SETTLEMENT AGREEMENT .......................................... 9

    A.  The Settlement Benefits ................................................................................. 9

    B.  Payments to Settlement Class Members ........................................................ 9

    C.  Payments to the Aggrieved Employees and the State of California ............ 10

    D.  Cy Pres Distribution ..................................................................................... 11

    E.  Limited Release Applicable to Settlement Class Members .......................... 12

    F.  The PAGA Release ....................................................................................... 12

    G.  The General Releases by the named Plaintiffs ............................................ 13

IV. LEGAL ARGUMENT ............................................................................................. 13

    A.  The Notice was the Best Practicable Notice Under the Circumstances ............... 14

    B.  The Settlement is Fair, Reasonable, and Adequate ..................................... 15

        1.  The strength of Plaintiffs' case supports final approval ...................... 15

        2.  The complexity, expense and likely duration of continued litigation weighs in favor of final approval ................................... 16

        3.  The value of the Settlement favors final approval. ............................. 17

        4.  Disclosure of documents and data demonstrating the strengths and weaknesses of this action was completed prior to entering into the settlement. ........................................................... 18

        5.  The experience and views of Class Counsel favor final approval. ........... 18

        6.  Class Members' positive reaction favors final approval. .................... 19

        7.  None of the *Bluetooth* signs of collusion are present. ....................... 20

        8.  The settlement has no obvious deficiencies and does not grant preferential treatment to any Class Member. ............................ 21

    C.  The Settlement Class Meets the Rule 23 Class Certification Requirements ........ 22

    D.  The PAGA Settlement is fair and reasonable. ............................................. 22

V.  CONCLUSION ......................................................................................................... 23

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

**KELLER GROVER LLP**
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

## <u>TABLE OF AUTHORITIES</u>

**Federal Cases**                                                                 **Page(s)**

*Ahmed v. HSBC Bank USA*,
    2019 U.S. Dist. LEXIS 104401 (C.D. Cal. June 21, 2019) .................... 22

*Baumann v. Chase Inv. Servs. Corp.*,
    747 F.3d 1117 (9th Cir. 2014) ....................................................... 23

*Briseño v. Henderson*,
    998 F.3d 1014 (9th Cir. 2021) ....................................... 1, 14, 20, 21

*Brown v. Am. Airlines, Inc.*,
    2015 U.S. Dist. LEXIS 150672 (C.D. Cal. Oct. 5, 2015) ................ 16

*Campbell v. Facebook, Inc.*,
    951 F.3d 1106 (9th Cir. 2020) ....................................................... 13

*Churchill Vill., L.L.C. v. Gen. Elec.*,
    361 F.3d 566 (9th Cir. 2004) ........................................ 1, 14, 15, 19

*Dennis v. Kellogg Co.*,
    697 F.3d 858 (9th Cir. 2012) ......................................................... 11

*Dyer v. Wells Fargo Bank, N.A.*,
    303 F.R.D. 326 (N.D. Cal. 2014) ................................................... 22

*Eisen v. Carlisle & Jacquelin*,
    417 U.S. 156 (1974) ...................................................................... 14

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) ....................................................... 13

*In re Hyundai & Kia Fuel Econ. Litig.*,
    926 F.3d 539 *(*9th Cir. 2019*)*.......................................................... 13

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*,
    229 F. Supp. 3d 1052 (N.D. Cal. 2017) ........................................ 18

*Jones v. GN Netcom, Inc. (In re Bluetooth Headset Prods. Liab. Litig.)*,
    654 F.3d 935 (9th Cir. 2011) ......................................... 1, 14, 20

*Magadia v. Wal-Mart Assocs.*,
    384 F. Supp. 3d 1058 (N.D. Cal. 2019) ........................................ 16

*Mays v. Wal-Mart Stores, Inc.*,
    804 F. App'x 641 (9th Cir. 2020) ................................................. 16

*Miguel-Sanchez v. Mesa Packing, LLC*,
    2021 U.S. Dist. LEXIS 84437 (N.D. Cal. May 3, 2021) ................ 14

*Moreno v. Capital Bldg. Maint. & Cleaning Servs.*,
    2021 U.S. Dist. LEXIS 172633 (N.D. Cal. Sep. 10, 2021) ........ 2, 19, 20

*Morrison v. Am. Nat'l Red Cross*, ("*Morrison II*")
    2021 U.S. Dist. LEXIS 4043 (N.D. Cal. Jan. 8, 2021) ........... 13, 20, 21

*Morrison v. Am. Nat'l Red Cross*, ("*Morrison I*")
    2020 U.S. Dist. LEXIS 132712 (N.D. Cal. July 27, 2020) ............ 11

*Mullane v. Cent. Hanover Bank & Trust Co.*,
339 U.S. 306 (1950) ................................................................. 15

*Nachshin v. AOL, LLC*,
663 F.3d 1034 (9th Cir. 2011) ...................................................... 11, 12

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
221 F.R.D. 523 (C.D. Cal. 2004) ................................................... 18, 19

*Officers for Justice v. Civil Serv. Com.*,
688 F.2d 615 (9th Cir. 1982)........................................................ 19

*Ortiz v. CVS Caremark Corp.*,
2014 U.S. Dist. LEXIS 36833 (N.D. Cal. Mar. 18, 2014) ............................... 16

*Perez v. CVS Health Corp.*,
2021 U.S. Dist. LEXIS 110216 (E.D. Cal. June 11, 2021) ............................. 21

*Perks v. ActiveHours, Inc.*,
2021 U.S. Dist. LEXIS 57272 (N.D. Cal. Mar. 25, 2021) .............................. 18

*Phillips Petroleum Co. v. Shutts*,
472 U.S. 797 (1985) ................................................................. 14

*Pryor v. Aerotek Scientific, LLC*,
278 F.R.D. 516 (C.D. Cal. 2011) .................................................... 16

*Rabin v. PricewaterhouseCoopers LLP*,
2021 U.S. Dist. LEXIS 41285 (N.D. Cal. Feb. 3, 2021)................................ 21

*Rivas v. BG Retail, LLC*,
2020 U.S. Dist. LEXIS 8712 (N.D. Cal. Jan. 16, 2020) ............................... 20

*Roadrunner Intermodal Servs., Ltd. Liab. Co. v. T.G.S. Transp., Inc.*,
2019 U.S. Dist. LEXIS 142321 (E.D. Cal. Aug. 21, 2019) ............................. 16

*Rodriguez v. West Publ'g Corp.*,
563 F.3d 948 (9th Cir. 2009) ....................................................... 21

*Romero v. Perryman (In re Easysaver Rewards Litig.)*,
906 F.3d 747 (9th Cir. 2018) ....................................................... 11

*Salazar v. McDonald's Corp.*,
U.S. Dist. LEXIS 9641 (N.D. Cal. Jan. 5, 2017) .................................... 16

*Silber v. Mabon*,
18 F.3d 1449 (9th Cir. 1994) ....................................................... 15

*Taafua v. Quantum Glob. Techs., LLC*,
2021 U.S. Dist. LEXIS 28754 (N.D. Cal. Feb. 16, 2021) .............................. 18

*Vizcaino v. Microsoft Corp.*,
290 F.3d 1043 (9th Cir. 2002) ...................................................... 20

*Weigele v. FedEx Ground Package Sys., Inc.*,
267 F.R.D. 614 (S.D. Cal. 2010) ................................................... 16

*Wong v. Arlo Techs.*,
2021 U.S. Dist. LEXIS 58514 (N.D. Cal. Mar. 25, 2021) ......................... 14, 21

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

**State Cases**

*Arias v. Superior Court,*
     46 Cal. 4th 969 (2009) ................................................. 22

*Nordstrom Com'n Cases,*
     186 Cal.App.4th 576 (2010) ........................................ 23

**State Statutes**

California Business & Professions Code
     § 17200 ........................................................................ 4

California Labor Code
     § 201 ............................................................................ 4
     § 203 ............................................................................4
     § 204 ............................................................................4
     § 226 ..................................................................... *passim*
     § 550 ............................................................................4
     § 552 ............................................................................4
     § 1194 ..........................................................................4
     § 1194.2 .......................................................................4
     § 1197 ..........................................................................4
     § 1197.1 .......................................................................4
     § 1199 ..........................................................................4
     § 2699 ................................................................... passim

**Rules**

Federal Rule of Civil Procedure,
     Rule 23 ........................................................... 1, 13, 14, 22

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Beatrice Parker and Jeffrey Gurule, Sr. ("Plaintiffs" or "Class Representatives") request that this Court grant final approval of the class and PAGA settlement reached between Plaintiffs and Cherne Contracting Corporation ("Cherne" or "Defendant").[1]   The Court granted preliminary approval of the proposed settlement and the Joint Stipulation of Class Action and PAGA Settlement and Release of Claims ("Settlement Agreement") on July 29, 2021.[2]

After three years of hard-fought litigation, that has included significant discovery and summary judgment and class certification motions and one prior mediation, Plaintiffs and Defendant (the "Parties") agreed to mediate with Honorable Jeffrey K. Winikow (Ret.), a well-respected mediator with wage and hour class action experience.[3]   As a result of that mediation and subsequent negotiations, the Parties reached an agreement to resolve this action (the "Settlement").[4]  All of the terms of the Settlement are set forth in the Settlement Agreement.[5]

The Settlement satisfies the criteria for final approval under Rule 23 and controlling Ninth Circuit case law.[6]   The Settlement is the product of serious, non-collusive negotiations by highly experienced counsel who, after substantive motion practice and discovery, were well-informed about the case's key legal and factual issues sufficient to assess the value of the claims and settlement terms.[7]   The Settlement has no obvious deficiencies and does not grant preferential

---

[1] Federal Rule of Civil Procedure ("Rule") 23(e) (court approval is required for proposed class settlements); *see also, e.g.*, *Briseño v. Henderson*, 998 F.3d 1014, 1022-23 (9th Cir. 2021) ("*Briseño*"), citing Rule 23(e); and Cal. Labor Code § 2699(l)(2) (court approval is required for PAGA settlement).

[2] Dkt. 97 (the Court's July 29, 2021 Order Granting Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval"); Declaration of Eric A. Grover submitted in support of this motion ("Grover Decl."), Ex. A (the Settlement Agreement). Hereinafter, all "Ex." references are to the exhibits attached to the Grover Declaration unless otherwise noted.

[3] Ex. A at § II.B.

[4] Ex. A at § II.B; Grover Decl. at ¶ 15.

[5] Ex. A; Grover Decl. at ¶ 15.

[6] *See e.g.*, *Jones v. GN Netcom, Inc. (In re Bluetooth Headset Prods. Liab. Litig.)*, 654 F.3d 935, 946 (9th Cir. 2011) ("*Bluetooth*"), citing *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) ("*Churchill*"); *Briseño*, 998 F.3d at 1025, citing Rule 23(e) and *Bluetooth*.

[7] Grover Decl. at ¶¶ 7-15, 32-35.

KELLER GROVER LLP

1965 Market Street, San Francisco, CA 94103

Tel. 415.543.1305 | Fax 415.543.7861

1  treatment to any segment of the Class.  The key terms are discussed in detail below and support

2  that the Settlement is fair, adequate and reasonable.

3      RG2 Claims Administration LLC ("RG2 Claims"), the Settlement Administrator, mailed

4  1,891 Court-approved Notice of Class Action Settlement ("Class Notice") to the Class Members

5  on September 2, 2021.[8]  Only 34 were considered undeliverable; a 98.2% success rate.[9]  The

6  deadline to opt-out of or object to the Settlement was October 18, 2021.[10] Only one Class

7  Member opted-out and none objected to the Settlement.[11] Thus, there are 1,890 Settlement Class

8  Members.[12] Accordingly, the Class has favorably responded to the proposed Settlement.[13]

9      The Class Members' positive response reflects the monetary relief that the settlement

10  provides.  To settle this action, Defendant is required to pay $2,500,000, referred to as the

11  Maximum Settlement Amount ("MSA").[14]  After subtracting the amounts allocated to PAGA

12  Payment, cost of administering the settlement, Class Counsel's fees and costs, the Class

13  Representative Incentive Awards, and the General Release payments, the Settlement Agreement

14  provides an available Net Settlement Amount of at least $1,146,500 to be distributed in full to

15  Settlement Class Members.[15]   Settlement Class Members will receive substantial Individual

16  Settlement Payments averaging $606.61 ($1,146,500/1,890) without the need to submit claim

17  forms.[16]  There is no reversion to Defendant of any amount of the MSA.[17]

---

18  [8]  Dkt. 103-5 (Sept. 15, 2021 Declaration of Dana Boub on Behalf of RG2 Claims Administration

19  LLC regarding Notice to the Class ("RG2 Claims Decl.") at ¶¶ 4-7).  *See also*, Dkt. 101 (the
   Court's August 9, 2021 Scheduling Order).

20  [9]  Supplemental Declaration of Dana Boub on Behalf of RG2 Claims Administration LLC

21  Regarding Notice to the Class, submitted with this motion ("RG2 Claims Supp. Decl.") at ¶ 3.

22  [10]  RG2 Claims Supp. Decl. at ¶¶ 5-6; Dkt. 103-5 (Sept. 15, 2021 RG2 Claims Decl. at ¶¶ 7, 9-11, Ex. A).

23  [11] RG2 Claims Supp. Decl. at ¶¶ 5-6.

   [12] Grover Decl. at ¶ 22.

24  [13] *Moreno v. Capital Bldg. Maint. & Cleaning Servs.*, No. 19-cv-07087-DMR, 2021 U.S. Dist.

25  LEXIS 172633, at *10 (N.D. Cal. Sep. 10, 2021) ("the absence of a large number of objections to
   a proposed class action settlement raises a strong presumption that the terms of [the settlement] are

26  favorable to the class members." (Internal quotations, citations omitted).

27  [14] *See* Ex. A at §§ I.W, III.A, III.L.

   [15] Ex. A at § I.X.

28  [16] RG2 Claims Supp. Decl. at ¶ 7; Grover Decl. at ¶ 23; Ex. A at § III.L.2.a.

---

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

The Settlement also provides that Plaintiff Parker's representative PAGA claims will be settled for $500,000, referred to as the PAGA Payment.[18] As Labor Code § 2699(i) requires, the PAGA Payment will be distributed 75% ($375,000) to the Labor & Workforce Development Agency ("LWDA") and 25% ($125,000) to Aggrieved Employees.[19]   From the $125,000 allocated to Aggrieved Employees, each Aggrieved Employee will receive an Individual PAGA Payment based the number of Qualified Pay Periods worked during the PAGA Period.[20]   All Settlement Class Members are Aggrieved Employees and will receive an Individual PAGA Payment in addition to the Individual Settlement Payment.[21]   An additional 320 Aggrieved Employees who are not Settlement Class Members will receive Individual PAGA Payments.[22]

Because the Settlement is fair, reasonable and adequate, Plaintiffs request that the Court grant final approval of the Settlement.

## II.    BACKGROUND

### A.    Factual Background

Cherne employs hourly workers to perform maintenance at oil refineries and industrial plants.[23]   Plaintiff Parker worked for Cherne as an hourly-paid driver/driver-foreman at the Tesoro refinery in Martinez, California.[24]   Plaintiff Gurule worked for Cherne as an hourly-paid pipefitter at the Tesoro refinery in Martinez, California and at the Chevron refinery in Richmond, California.[25]   In the operative Third Amended Complaint, Plaintiffs assert that Cherne failed to pay the statutory minimum wage for all compensable time worked; failed to provide accurate, itemized wage statements; failed to pay all statutory minimum wages due upon termination; and failed to pay wages in the time frame set by law.  Based on that conduct, Plaintiffs allege that

---

[17] Ex. A at §§ III.L and I.W.

[18] Ex. A at §§ I.AA, III.L.5. *See* Lab. Code § 2699(l)(2).

[19] Ex. A at §§ III.L.5, III.L2.b.

[20] Ex. A at § I.S, I.HH, I.KK., III.L.2.b, III.L.5.

[21] Ex. A at §§ III.L.2.a and L.2.b.

[22] Ex. A at §§ III.L.2.b and III.L.5; Dkt. 103-5 (Sept. 15, 2021 RG2 Claims Decl. at ¶ 4.

[23] Dkt. 82 at ¶ 6.

[24] Dkt. 82 at ¶ 4.

[25] Dkt. 82 at ¶ 5.

1   Defendant violated California Business & Professions Code §§ 17200, *et seq.*, and California

2   Labor Code §§ 201-203, 204b, 226(a), 550-552, 1194, 1194.2, 1197, 1197.1, 1199(a), 1199(b)

3   and 1199(c).  Plaintiffs also allege related representative PAGA claims.[26]

4          Defendant has denied all of the allegations in their entirety.[27]  To date, no court has made

5   a finding of any wrongdoing on the part of Defendant or that Defendant otherwise acted

6   improperly or in violation of any state law, rule or regulation, with respect to the issues presented

7   in the litigation.[28]

8          **B.      Procedural History**

9          Plaintiff Parker initially filed this action on February 13, 2018.[29]  She filed the First

10  Amended Complaint on February 23, 2018, the Second Amended Complaint on February 11,

11  2019 and the operative Third Amended Complaint on November 23, 2020, adding Plaintiff

12  Gurule as a named plaintiff.[30]

13         Defendant moved to dismiss the original complaint on collective bargaining preemption

14  grounds.[31]  On January 29, 2019, the Court granted in part and denied in part Defendant's motion,

15  dismissing the unpaid overtime and missed-meal-period claims based on its finding that collective

16  bargaining agreements precluded those claims.[32]

17         Plaintiffs moved for class certification and to amend the complaint to add Plaintiff Gurule

18  in late 2019.[33]  The Court deferred ruling on the class certification motion to allow Defendant to

19  file its motion for summary judgment.[34]  The Court held a hearing on both motions on August 6,

20

---

21  [26] Dkt. 82.

22  [27] Ex. A at § II.D; Grover Decl. at ¶ 6.

23  [28] Grover Decl. at ¶ 6.

    [29] Dkt. 1-1.

24  [30] Dkt. 1-1 (*see* pp. 22-49), 32, 82; *see also*, Dkt. 81 at p. 1, n.1 (Class Certification Order granting

25  to leave to amend the complaint to add Plaintiff Gurule).

    [31] Dkt. 8.

26  [32] Dkt. 30.  If the case did not settle, Plaintiffs intended to appeal this ruling after judgment was

27  entered.  Dkt. 93-1 (June 8, 2021 Grover Decl. at ¶ 10).

    [33] Dkt. 55.

28  [34] Dkt. 64 and 70.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

---

2020.[35]   On November 20, 2020, the Court issued its Class Certification Order Denying in Part and Granting in Part Motion for Class Certification ("Class Certification Order") and granting the motion to amend the complaint.[36]   The Court denied certification of the unpaid wage-related claim and granted certification of Plaintiffs' claim that Defendant issued wage statements that did not contain all of the information required by § 226(a)(8), certifying the Wage Statement Sub-Class, defined as:

> all of Defendant's former hourly employees who worked for Defendant in California between December 18, 2016 and June 6, 2019 and received paper wage statements that did not have Defendant's full name and address printed on them.[37]

The Court also appointed Plaintiffs Parker and Gurule as Class Representatives and Eric A. Grover and Robert Spencer of Keller Grover LLP and Scot D. Bernstein of Law Offices of Scot D. Bernstein, A Professional Corporation as Class Counsel. [38]

Trial was scheduled for November 29, 2021.   In advance of various pre-trial motion deadlines, the Parties agreed to attempt mediation.[39]

## C.   The Settlement Process

Prior to bringing the action, Class Counsel investigated Plaintiffs' legal claims and factual circumstances.   Once the litigation was underway, the Parties conducted significant discovery.[40] Plaintiffs propounded multiple sets of written discovery and reviewed more than 1,600 pages of documents that Defendant produced.   Plaintiffs took 11 depositions and defended five.   Defendant also propounded written discovery.   The investigation and discovery provided Class Counsel with considerable relevant information regarding the legal and factual issues affecting the class and PAGA claims in this case.[41]   Further, the substantive, adversarial motion practice in this case

---

[35] Dkt. 80.

[36] Dkt. 81.   At the December 8, 2020 case management conference, Defendant withdrew its motion for summary judgment without prejudice.  (Dkt. 85).

[37] Dkt. 81.

[38] Dkt. 82.

[39] Grover Decl. at ¶ 11.

[40] Grover Decl. at ¶ 12.

[41] Grover Decl. at ¶ 12.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

provided the Parties with a thorough understanding of each other's respective legal theories and defenses.[42]

In preparation for mediation, the Parties exchanged additional information necessary to engage in productive settlement negotiations.[43] Among the information that Class Counsel had in connection with the second mediation was the following:

(A)   The number of Class Members:

  o   There are approximately 1,891 total unique Class Members. The Class Period is period from December 18, 2016 through June 6, 2019, inclusive.

  o   All of the Class Members also fall within the definition of an Aggrieved Employee.

(B)   The number of Qualified Paper Paychecks:

  o   There are an estimated 28,343 total "Qualified Paper Paychecks," *i.e.* the number of times during the Class Period when Defendant's records demonstrate that a Class Member received a paper paycheck.

(C)   The number of Aggrieved Employees:

  o   There are 2,211 Aggrieved Employees, *i.e.* all current and former hourly employees who worked for Defendant in California at any time during the PAGA Period. The PAGA Period is the period from December 18, 2016 through February 22, 2021, inclusive.

  o   Approximately 320 Aggrieved Employees are not also Class Members.

(D)   The number of Qualified Pay Periods:

  o   There are an estimated 81,801 total "Qualified Pay Periods," i.e., the total number of pay period (as reflected in Defendant's records) in which Aggrieved Employees performed work for Defendant during the PAGA Period. [44]

On February 22, 2021, the Parties participated in an all-day mediation session with the

---

[42] Grover Decl. at ¶ 12.

[43] Ex. A at § II.B; Grover Decl. at ¶¶ 13-14.

[44] Grover Decl. at ¶ 14.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

highly experienced and skilled mediator, the Honorable Jeffrey K. Winikow (Ret.).[45]   Through the mediation and subsequent negotiations, the Parties agreed to settle the entire action on the terms set forth in the Settlement Agreement, subject to approval by the Court.[46]   All terms of the Settlement are set forth in the Settlement Agreement.[47]

Plaintiffs moved for preliminary approval of the Settlement on June 8, 2021, which the Court granted.[48]   Plaintiffs also filed a motion on September 17, 2021 seeking an order awarding Class Counsel's fees and costs, Class Representative Incentive Awards, General Release Payments and settlement administration costs.[49]   In further support of the fee motion, Class Counsel has provided updated lodestar information in the Grover Declaration.[50]   The Settlement Administrator also has provided its invoice with the RG2 Claims Supplemental Declaration.[51]

**D.    Preliminary Approval, the Notice Process, and Class Members' Responses**

The Court preliminarily approved the settlement terms set forth in the Settlement Agreement on July 29, 2021.[52]

Settlement Class Members are "all Class Members who do not submit a valid Request for Exclusion,"[53] and have defined "Class Members" as:

> All current and former hourly employees who worked for Defendant in California and received one or more paper paychecks during the Class Period.[54]

The Class Period is December 18, 2016 through June 6, 2019, inclusive.[55] That definition is co-

---

[45] Ex. A at § II.B; Grover Decl. at ¶ 15.
[46] Ex. A at § II.B; Grover Decl. at ¶ 15.
[47] *See generally*, Ex. A; Grover Decl. at ¶ 15.
[48] Dkt. 93 and Dkt. 97.
[49] Dkt. 103.
[50] Grover Decl. at ¶¶ 40-41.
[51] RG2 Claims Supp. Decl. at ¶ 9, Ex. 2.
[52] Dkt. 97.
[53] Dkt. 97 at 3.
[54] Dkt. 97 at 3.
[55] Dkt. 97 at 3.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

extensive with the Class certified in the November 22, 2020 Class Certification Order.[56]

For the PAGA claims, "Aggrieved Employees" are defined to mean "all current and former hourly employees who worked for Defendant in California at any time during the PAGA Period."[57]  The PAGA Period is from December 18, 2016 through February 22, 2021, inclusive.[58]  There are 2,211 Aggrieved Employees.  Of those, 1,891 are also Class Members and 320 are not.[59]

Defendant identified 1,891 Class Members who received 28,343 paper paychecks during the Class Period and Defendant provided the necessary relevant information about the Class Members to the Settlement Administrator.[60]  On September 2, 2021, RG Claims mailed the Court-approved Notices via U.S. mail to 1,891 Class Members.[61]

Ultimately, only 34 Class Notices out of 1,891 was determined to be undeliverable.  Thus, the Notice mailing had a 98.2% success rate.[62]

The deadline to opt out or object, *i.e.*, the Response Deadlines, was October 18, 2021.[63]  Class Members did not have to file a claim to participate in the Settlement.  RG2 Claims did not receive any disputes from Class Members.[64]  RG2 Claims received only a single Class Member opt-out and no objections, timely or late.[65]  Class Counsel has not received any objections or opt

---

[56] Dkt. 97 at 3.  *See also*, Dkt. 81 at pp. 2, 20; Ex. A at § II.A.

[57] Dkt. 97 at 3.

[58] Dkt. 97 at 3.

[59] Grover Decl. at ¶¶ 14, 31; Dkt. 103-5 (Sept. 15, 2021 RG2 Claims Decl. at ¶ 4.

[60] Dkt. 103-5 (Sept. 15, 2021 RG2 Claims Decl. at ¶¶ 4-5); Grover Decl. at ¶¶ _.

[61] Dkt. 103-5 (Sept. 15, 2021 RG2 Claims Decl. at ¶ 7, Ex. A); *see* Grover Decl. at ¶ 20.  Also on September 2, 2021, RG2 mistakenly mailed the Class Notice to the 320 Aggrieved Employees who were not also Class Members. On September 30, 2021, RG2 mailed out the Court-approved corrective notice to the Aggrieved Employees. RG2 Claims Supp. Decl. at ¶ 8.  RG2 Claims did not charge for the sending the corrective notice.  *Id.* at ¶ 9.

[62] RG2 Claims Suppl. Decl. at ¶ 3.

[63] RG2 Claims Suppl. Decl. at ¶¶ 5-6; Dkt. 103-5 (Sept. 15, 2021 RG2 Claims Decl. at ¶¶ 7, 9-11, Ex. A).

[64] RG2 Claims Suppl. Decl. at ¶ 4.

[65] RG2 Claims Suppl. Decl. at ¶¶ 5-6.

outs, timely or late.[66] Class Counsel has not received notice that any objections have been submitted to the Court.[67] Accordingly, there are 1,890 Settlement Class Members.[68]

## III.    THE TERMS OF THE SETTLEMENT AGREEMENT

### A.    The Settlement Benefits

The Settlement provides that Defendant will fund the MSA in the amount of $2,500,000 to resolve the claims covered by the Settlement.[69] After subtracting out the amounts allocated to the PAGA Payment ($500,000), Class Counsel's fees and costs (fees not to exceed $750,000 plus actual out-of-pocket costs not to exceed $40,000), the General Release Payments (not to exceed $40,000), Class Representative Incentive Awards (not to exceed $7,500), and the settlement administration costs (not to exceed $16,000), the remaining funds, referred to as the Net Settlement Amount, will distributed in full to the Settlement Class Members.[70] The Net Settlement Amount is estimated to be at least $1,146,500.[71] Defendant does not have any revisionary interest in the MSA.[72]

### B.    Payments to Settlement Class Members

The Settlement provides that Settlement Class Members will receive Individual Settlement Payments without the need to submit a claim form.[73] Each Settlement Class Member's Individual Settlement Payment will be calculated in the manner set forth in the Settlement Agreement.[74] Specifically, the Settlement Administrator will divide the respective Qualified Paper Paychecks for each Settlement Class Member by the total Qualified Paper Paychecks for all Settlement Class Members, resulting in the Payment Ratio -- Class Member for

---

[66] Grover Decl. at ¶ 22.

[67] Grover Decl. at ¶ 22.

[68] Grover Decl. at ¶ 22.

[69] Ex. A at §§ I.W, III.A.

[70] Ex. A at §§ I.X and III.L.2, *see*, §§ I.F, I.J., I.R, I.AA, III.C, III.L.3-L.6; Grover Decl. at ¶ 25.

[71] Grover Decl. at ¶ 25; *see* Ex. A at § I.X.

[72] Ex. A at §§ III.L and I.W.

[73] Ex. A at § III.L.2.a.

[74] Ex. A at § III.L.2.a.1.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

each Settlement Class Member.[75]   Each Settlement Class Member's Payment Ratio will then be multiplied by the Net Settlement Amount to calculate each Settlement Class Member's share of the Net Settlement Amount.[76]   Class Counsel estimates that the maximum average potential value of each certified Class Member's Labor Code § 226(a) claim is $1,490.38.[77]   Through the Settlement, each Settlement Class Member is expected to receive an Individual Settlement Payment of, on average, $606.61.[78]   That means that the Settlement provides Settlement Class Members with 40.68% of their potential recover for the Labor Code § 226(a) claim.[79]

### C.   Payments to the Aggrieved Employees and the State of California

The Parties have agreed to allocate $500,000 of the MSA to settle the PAGA claims, referred to as the PAGA Payment.[80]   Labor Code § 2699(i) requires that the LWDA receive 75% ($375,000) of the PAGA settlement amount and Aggrieved Employees receive 25% ($125,000).[81]

To distribute the 25% allocated to the Aggrieved Employees, the Settlement Administrator will distribute Individual PAGA Payments according to the formula set forth in the Settlement Agreement.[82]   The Settlement Administrator will divide the respective Qualified Pay Periods for each Aggrieved Employees by the total Qualified Pay Periods for all Aggrieved Employees, resulting in the Payment Ratio – Aggrieved Employees for each Aggrieved Employee.[83]   Each Aggrieved Employee's Payment Ratio then will be multiplied by the $125,000 portion of the PAGA Payment allocated to the Aggrieved Employees to calculate each Individual

---

[75] Ex. A at § III.L.2.a.1; *see also*, §§ I.T, I.II, I.JJ, I.KK, I.RR; Grover Decl. at ¶ 28.   Qualified Paper Paychecks are defined as any paper paycheck that a Class Member received at any time during the Class Period. Ex. A at § I.JJ.

[76] Ex. A at § III.L.2.a.1.

[77] Grover Decl. at ¶ 29.

[78] $606.61 = $1,146,500/1,890.   RG2 Claims Suppl. Decl. at ¶ 7; Grover Decl. at ¶ 29.

[79] Grover Decl. at ¶ 29.

[80] Lab. Code § 2699(f); Ex. A at § I.AA, III.L.5.

[81] Ex. A at §§ I.AA, III.L.5; Lab. Code § 2699(i).

[82] Ex. A at § III.L.2.b, *see* § I.S.

[83] Ex. A at § III.L.2.b; *see also*, §§ I.S, I.HH, I.KK; Grover Decl. at ¶ 30. Qualified Pay Periods are defined as any pay period (as reflected in Defendant's records) in which an Aggrieved Employee performed work for Defendant during the PAGA Period. Ex. A at § I.KK.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

PAGA Payment.[84]  On average, each Aggrieved Employee is expected to receive an Individual PAGA Payment in the amount of $56.54.[85]

### D. Cy Pres Distribution

The *cy pres* doctrine allows for unclaimed portions of a class action settlement fund to be distributed in a manner that still indirectly benefits the class.[86]  Unclaimed settlement funds should be put to their "next best use" in light of "the purposes of the underlying lawsuit or the class of plaintiffs involved."[87]

The Settlement provides that Individual Settlement Payment checks shall be valid for 90 days from the date of issuance.[88]  After the 90 days, if any Individual Settlement Payment checks remain uncashed, any unclaimed funds will be distributed 50-50 to the Parties' two selected *cy pres* recipients, subject to the Court's approval.[89]  The two *cy pres* recipients are Build California, a 501.c.3 organization that is working to  develop a future workforce for the construction industry from often under-represented communities (https://buildcalifornia.com/about/) and The Beavers Charitable Trust, which provides endowments and scholarships for universities feeding the construction industry  (https://www.thebeavers.org/charitable-trust/).   All funds sent to The Beaver Charitable Trust must be directed to a university located in California.[90]  None of the Parties' counsel has any relationship to the selected *cy pres*.[91]  The selected *cy pres* beneficiaries are the "'the next best distribution' to giving the funds to class members"[92] as they are related to

---

[84] Ex. A at § III.L.2.b; Grover Decl. at ¶ 30.

[85] Grover Decl. at ¶ 30.

[86] *Romero v. Perryman (In re Easysaver Rewards Litig.)*, 906 F.3d 747, 761 (9th Cir. 2018); *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1038-39 (9th Cir. 2011).

[87] *Nachshin*, 663 F.3d at 1038-39; see also, *In re Easysaver Rewards Litig.*, 906 F.3d at 761.

[88] Ex. A at § III.L.2.e.

[89] Ex. A at § III.L.2.e.

[90] Ex. A at § III.L.2.e; Grover Decl. at ¶ 37.

[91] Dkt. 103-1, Grover Fee Decl. at ¶ __ (Cherne Contracting Corporation is a subsidiary of Kiewit Corporation.  David J. Miles, a vice president of another Kiewit subsidiary, is one of six Trustees of the Beavers Charitable Trust).

[92] *Morrison v. Am. Nat'l Red Cross*, No. 19-cv-02855-HSG, 2020 U.S. Dist. LEXIS 132712, at *22-23 (N.D. Cal. July 27, 2020) ("*Morrison I*"), citing *Dennis v. Kellogg Co.*, 697 F.3d 858, 864 (9th Cir. 2012).

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

1    the subject matter of the lawsuit and the class members.[93]

2    The Parties also have agreed that, if any Individual PAGA Payment checks issued to

3    Aggrieved Employees that remain uncashed more than 90 days after their issuance, the remaining

4    funds will be paid to the LWDA.[94]

5    **E.    Limited Release Applicable to Settlement Class Members**

6    The Settlement Agreement provides a Limited Release applicable to the Settlement Class

7    Members.[95]  Through the Limited Release, Plaintiffs and Settlement Class Members will release

8    only the claims in the operative Third Amended Complaint under Labor Code § 226 based on the

9    failure to provide compliant wage statements, together with interest, fees, and costs related to that

10   failure.[96]  Specifically, the Released Claims are defined as:

11              the claims in the operative Third Amended Complaint under California
12              Labor Code § 226 based on the failure to provide compliant wage
                statements, together with interest, fees, and costs related to that failure.
13              The Release Period for the Released Claims shall be the same as the Class
                Period, i.e., from December 18, 2016 through June 6, 2019, inclusive.  To
14              avoid and prevent doubt, the Released Claims do not include a release of
                any other claims, including claims by Plaintiffs or Class Members that
15              may exist in connection with any of the claims that were not certified by
                the Court in the November 20, 2020 Order Denying in Part and Granting
16              in Part Motion for Class Certification (Dkt. 81).[97]

17   The Release Period for the Released Claims shall be the same as the Class Period, *i.e.,*

18   from December 18, 2016 through June 6, 2019, inclusive. [98]

19   **F.    The PAGA Release**

20   The Settlement provides a separate PAGA Release through which Plaintiff Parker,

21   individually and as representative acting as a proxy or agent of the LWDA, a State of California

22   Executive Branch Agency, releases the Released Parties of and from any and all claims for civil

---

[93] *See Nachshin*, 663 F.3d at 1038-39.

[94] Ex. A at § III.L.2.e; Grover Decl. at ¶ 38.

[95] Ex. A at § III.B, *see also*, §§ I.MM, I.NN.

[96] Ex. A at § III.B; *see also*, § I.MM, Dkt. 82.

[97] Ex. A at § I.MM, *see also*, § I.NN, III.B.

[98] Ex. A at § I.MM.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

penalties, attorneys' fees, and litigations costs under PAGA (the "PAGA Released Claims").[99] No individual Class Members or Aggrieved Employees are providing a PAGA Release.

### G.    The General Releases by the named Plaintiffs

In addition to the certified Labor Code § 226 claim, Plaintiff Parker and Plaintiff Gurule have individual wage and hour claims that remain part of the action.[100]   In exchange for a payment of $20,000 to each named Plaintiff, the Plaintiffs will provide a General Release, as set forth in § I.C of the Settlement Agreement, of their claims against the Released Parties.[101]

The General Release Payments shall be in addition to each Plaintiff's Class Representative Incentive Award, Individual Settlement Payment, and Individual PAGA Payment.[102]  Plaintiffs have applied for the Court's approval of the General Release Payments with the motion for attorneys' fees and costs.[103]

## IV.    LEGAL ARGUMENT

Rule 23(e) requires court approval of a proposed class settlement and that adequate notice of the settlement be provided to the class.[104]  Rule 23(e) requires courts to approve any proposed class settlement to ensure that it "is 'fair, reasonable, and adequate,'" to protect absent class members' interests "while also accounting 'for the strong judicial policy that favors settlements, particularly where complex class action litigation is concerned.'"[105]  Under Rule 23(e)(2), courts must consider certain factors when assessing a settlement, including whether:

> (A)   the class representatives and class counsel have adequately represented the class;   (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the

---

[99] Ex. A at § III.D, *see also*, §§ I.CC, I.NN.

[100] Ex. A at § III.C.

[101] Ex. A at § III.C.

[102] Ex. A at § III.C, III.L.3.e; *see also*, § I.R.

[103] Dkt. 103.

[104] Rule 23(e). *See e.g.*, *Morrison v. Am. Nat'l Red Cross*, No. 19-cv-02855-HSG, 2021 U.S. Dist. LEXIS 4043, at *11 (N.D. Cal. Jan. 8, 2021) ("*Morrison II*"), citing Rule 23(e) and *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1025 (9th Cir. 1998).

[105] *Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1120-21 (9th Cir. 2020), quoting Rule 23(e)(2) and *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 556, 568 (9th Cir. 2019) (en banc).

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other.[106]

As the Rule 23(e) factors were "not intended to displace any factors" that courts previously considered,[107] district courts assessing fairness, reasonableness and adequacy of a class settlement continue to weigh some or all of the following factors, depending on their relevancy to the case:

(1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; … and (8) the reaction of the class members of the proposed settlement.[108]

Courts also must ensure that there are none of the *Bluetooth* signs of collusion, *i.e.*, no "clear sailing" agreement, no reverter clause, and allows a reasonable fee award to 25% of the MSA that is not a disproportionate distribution.[109]

## A.   The Notice was the Best Practicable Notice Under the Circumstances

Rule 23(c)(2) requires that the class members receive "the best notice practicable under the circumstances."[110]  Procedural due process requires that affected parties have the right to be heard at a meaningful time and in a meaningful manner.  It does not guarantee any particular procedure but rather requires only notice reasonably calculated "to apprise interested parties of

---

[106] Rule 23(e)(2); *see Briseño*, 998 F.3d at 1023-24, citing Rule 23(e)(2).

[107] *Miguel-Sanchez v. Mesa Packing, LLC*, No. 20-cv-00823-VKD, 2021 U.S. Dist. LEXIS 84437, at *22 (N.D. Cal. May 3, 2021), citing Rule 23(e) Advisory Comm. Note to 2018 amendment.

[108] *Bluetooth*, 654 F.3d at 946 (internal quotations, citation omitted); *Briseño*, 998 F.3d at 1023 (listing same factors).

[109] *Bluetooth*, 654 F.3d at 943, 947-49; *see e.g.*, *Wong v. Arlo Techs.*, No. 5:19-cv-00372-BLF, 2021 U.S. Dist. LEXIS 58514, at *24-25 (N.D. Cal. Mar. 25, 2021) (fee award within the Ninth Circuit's range was not disproportionate).

[110] Rule 23(c)(2); *see also*, *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174-75 (1974); *Churchill Village, L.L.C. v. GE*, 361 F.3d 566, 575 (9th Cir. 2004).

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

the pendency of the action and afford them an opportunity to present their objections."[111] "Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'"[112]

On July 29, 2021, the Court approved the Notice and notice procedure and authorized its distribution to the class.[113] Pursuant to the Preliminary Order and August 9, 2021 Scheduling Order, RG2 Claims mailed out the Court-approved Notice to the Class Members.[114] Ultimately, only 34 out of 1,891 Notices were undeliverable – a 98.2% success rate.[115]

The notice approved by the Court at the preliminary approval stage was the best notice practicable under the circumstances and fairly apprised Class Members of the proposed settlement terms and their options.

**B.     The Settlement is Fair, Reasonable, and Adequate**

In the Preliminary Approval Order, the Court made the initial determination that the settlement was fair, reasonable and adequate.[116] Confirmation of that finding for final approval is warranted.

1.      <u>The strength of Plaintiffs' case supports final approval.</u>

Fairness of the settlement is further demonstrated by the uncertainty and risks to the Plaintiffs in not prevailing on the class or PAGA claims at trial.[117] Defendant has raised what it considers to be substantial defenses to many of Plaintiffs' claims.[118] Defendant has argued, for example, that no Class Member suffered any damages related to the issuance of wage statements and the Plaintiffs will be unable to prove that any Labor Code § 226(a) violation was a "knowing and intentional failure," a necessary element for the award of statutory damages under Labor

---

[111] *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994).

[112] *Churchill Village*, 361 F.3d at 575.

[113] Dkt. 97 at 10-11.

[114] Dkt. 103-5 (Sept. 15, 2021 RG2 Claims Decl. at ¶ 7). *See* Dkt. 97 and Dkt. 101.

[115] RG2 Claims Supp. Decl. at ¶ 3.

[116] *See* Dkt. 97.

[117] *See* Dkt. 93 (June 8, 2021 Grover Declaration at ¶¶ 25-26, 45-46).

[118] *See id.*

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

1   Code § 226(e).[119]

2   With regard to the PAGA penalties, Plaintiffs acknowledge the risk the Court could

3   exercise its broad discretion under PAGA to award lesser penalties than might otherwise be

4   owed.[120]   Those risks could result in Aggrieved Employees receiving significantly less than $100

5   per pay period if this action proceeds to trial, instead of settling now.[121]   Defendant also has raised

6   what it considers to be substantial defenses to Plaintiffs' PAGA claims.   Defendant has argued

7   that the PAGA claims could not succeed because it asserts that they are wholly derivative of the

8   other claims that are unsuitable for class treatment.[122]

9   Although believing Plaintiffs' case to be strong, Plaintiffs' Counsel considered all of those

10   issues when concluding that the Class Members' recovery through the settlement was fair.

11   2.   The complexity, expense and likely duration of continued litigation weighs
     in favor of final approval.

12   Employment class action cases are expensive and time-consuming to prosecute.   Further

13   litigation of this action against Defendant would likely continue to be complex and expensive,

14   due to subject matter, the size of the class and the nature of the claims.   If the parties had not

15   

16   [119] Dkt. 93-1 (June 8, 2021 Grover Decl. at ¶ 45).   *See e.g.*, *Mays v. Wal-Mart Stores, Inc.*, 804 F.

17   App'x 641, 644 (9th Cir. 2020) (reversing certification of a wage statement class after concluding
     that the class representative's receipt of a pay stub with only a minor discrepancy in the

18   employer's name was not the type of injury-in-fact required for Article III standing, meaning she
     could not represent the class); *Roadrunner Intermodal Servs., Ltd. Liab. Co. v. T.G.S. Transp.,*

19   *Inc.*, No. 1:17-cv-01207-DAD-BAM, 2019 U.S. Dist. LEXIS 142321, at *50 (E.D. Cal. Aug. 21,
     2019) (finding employer was not liable under Lab. Code § 226(e) as its pay stub error was

20   unintentional).

21   [120] Lab. Code § 2699(e)(2). *See e.g.*, *Magadia v. Wal-Mart Assocs.*, 384 F. Supp. 3d 1058, 1100,
     1104 (N.D. Cal. 2019) (finding that, under Labor Code § 2699(e)(2), "the Court has broad

22   discretion to award PAGA penalties as the Court sees fit" and reducing the PAGA penalty award
     significantly from the maximum penalties possible).

23   [121] *See e.g.*, *Magadia*, 384 F. Supp. 3d at 1100, 1104.   *See also*, Grover Decl. at ¶ 26 for list of

24   additional exemplar cases where courts awarded substantially reduced PAGA penalties.

25   [122] *See e.g.*, *Weigele v. FedEx Ground Package Sys., Inc.*, 267 F.R.D. 614, 623 (S.D. Cal. 2010);
     *Pryor v. Aerotek Scientific, LLC*, 278 F.R.D. 516, 537 (C.D. Cal. 2011). *See also*, cases in which

26   the court struck PAGA claims based on manageability problems, *e.g.*, *Salazar v. McDonald's
     Corp.*, No. 14-cv-02096-RS, U.S. Dist. LEXIS 9641, at *8 (N.D. Cal. Jan. 5, 2017); *Ortiz v. CVS*

27   *Caremark Corp.*, No. C -12-05859 EDL, 2014 U.S. Dist. LEXIS 36833, at *11 (N.D. Cal. Mar.
     18, 2014); *Brown v. Am. Airlines, Inc.*, No. CV 10-8431-AG (PJWx), 2015 U.S. Dist. LEXIS

28   150672 (C.D. Cal. Oct. 5, 2015).

1  reached a settlement, Plaintiffs still would have to establish class-wide liability, and then prove up

2  various issues regarding damages and PAGA penalties.[123]   Such efforts would likely take a

3  substantial amount of time, and necessitate expert witness testimony, as well as other costs, risks,

4  and potential delays.[124]   Any subsequent appellate proceedings could further delay and jeopardize

5  recovery.[125]   By contrast, the Settlement ensures timely relief and substantial recovery of the

6  amounts Plaintiffs contend are owed to the proposed Settlement Class.[126]

7                      3.    The value of the Settlement favors final approval.

8          The Settlement provides a good result for Class Members in terms of a cash settlement

9  payable in one payment and is enhanced by the Settlement's lack of non-cash benefits such as

10  paid time off or coupons.[127]   The Net Settlement Amount is estimated to be at least $1,146,500

11  and will be distributed to Settlement Class Members in full.[128]   Each Individual Settlement

12  Payment is estimated to be, on average, $606.61.[129]   In addition to their Individual Settlement

13  Payment, each Class Member will receive a pro rata share of the Aggrieved Employees' $125,000

14  portion of the PAGA Payment.[130]   On average, the Individual PAGA Payment is estimated to be

15  $56.54.[131]

16          Class Counsel has calculated the maximum value of the Labor Code § 226(a) class claim

17  as $2,742,300.[132]   The $2,500,000 Maximum Settlement Amount represents 91% of the

18  maximum damage calculation [$2,500,000/$2,742,300 = .91].[133]

19

20

21  [123] Dkt. 93-1 (June 8, 2021 Grover Declaration at ¶¶ 21-24, 26, 44-46); Grover Decl. at ¶¶ 32-35.
    [124] *See id.*

22  [125] *See id.*

23  [126] *Id.*

24  [127] *See* Ex. A at §§ I.W, III.A and III.L.2.a; Grover Decl. at ¶¶ 24-36.

25  [128] Ex. A at § III.L.2.a; Grover Decl. at ¶ 25.
    [129] RG2 Claims Supp. Decl. at ¶ 7; Grover Decl. at ¶ 29.

26  [130] Ex. A at § III.L.2.b; *see also,* §§ I.S., I.T, I.AA, III.L.5.

27  [131] Grover Decl. at ¶ 30.
    [132] Dkt. 93-1 (June 8, 2021 Grover Decl. at ¶ 22).

28  [133] Dkt. 93-1 (June 8, 2021 Grover Decl. at ¶¶ 22-23).

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

4.   <u>Disclosure of documents and data demonstrating the strengths and weaknesses of this action was completed prior to entering into the settlement.</u>

Settlement was achieved only after the parties exchanged substantive information through extensive formal discovery and substantive motion practice, including Defendant's summary judgment motion and Plaintiffs' class certification motion.[134]   In addition, prior to mediation, Defendant produced information and documents necessary to evaluate the claims at issue.[135]   Through their independent investigation, formal and informal discovery, and information exchanged in the motion practice and at the mediation, Class Counsel "obtained sufficient information to make an informed decision about the settlement and about the legal and factual risks of the case."[136]

The parties engaged in extensive good-faith, arms-length negotiations. On February 22, 2021, the parties participated in a full-day mediation session with the Honorable Jeffrey K. Winikow (Ret.), an experienced mediator in wage and hour cases, a well-respected mediator with experience mediating wage and hour class actions.[137]   With Judge Winikow's assistance, the Parties reached a settlement.[138]

5.   <u>The experience and views of Class Counsel favor final approval.</u>

The endorsement of qualified and well-informed counsel of the settlement as fair is entitled to significant weight.[139]   This is because parties "represented by competent counsel are

---

[134] Grover Decl. at ¶¶ 8-15.

[135] Grover Decl. at ¶¶ 13-14.

[136] *Perks v. ActiveHours, Inc.,* No. 5:19-cv-05543-BLF, 2021 U.S. Dist. LEXIS 57272, at *13 (N.D. Cal. Mar. 25, 2021) (approving class settlement at relatively early stage of the litigation); *see also*, *e.g.*, *Taafua v. Quantum Glob. Techs., LLC*, No. 18-cv-06602-VKD, 2021 U.S. Dist. LEXIS 28754, at *19 (N.D. Cal. Feb. 16, 2021) (similar, finding that class counsel "had sufficient information to properly evaluate the merits of the claims and to make an informed decision about settlement."); Grover Decl. at ¶¶ 7-15, 24, 33-35.

[137] Grover Decl. at ¶ 15.

[138] Ex. A at § II.B; Grover Decl. at ¶ 15.

[139] *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, 229 F. Supp. 3d 1052, 1067 (N.D. Cal. 2017) ("Courts afford great weight … to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation" quoting *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004)) (internal quotations omitted).

---

better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in the litigation."[140]  "Thus, 'the trial judge, absent fraud, collusion, or the like, should be hesitant to substitute its own judgment for that of counsel.'"[141]

Class Counsel believes this Settlement to be an excellent result for the Class Members.[142] Class Counsel has significant experience in complex employment class litigation, including actions involving paycheck claims.[143]  Class Counsel is of the opinion that the settlement is fair, adequate, reasonable, and in the best interest of the Class Members.[144]

6.    <u>Class Members' positive reaction favors final approval.</u>

Finally, courts look at the reaction of class members to determine if a settlement that directly affects their interests should be approved as fair, adequate, and reasonable.  Of most importance is the fact that, as of the filing of this motion, not a single Class Member objected to the Settlement.[145]  "Courts have repeatedly recognized that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members."[146]  Moreover, because only one Class Member opted out, 1,890 Class Members will receive Individual Settlement Payments.[147]  The Court should construe the overwhelming non-opposition to and participation in the Settlement as strong indications of Class Members' support for the Settlement as fair, adequate, and reasonable.

---

[140] *Id.* (internal quotations and citation omitted).

[141] *Id.* (citations omitted); *see also*, *Officers for Justice v. Civil Serv. Com.,* 688 F.2d 615, 625 (9th Cir. 1982) (a court's inquiry is ultimately limited "to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties.").

[142] Grover Decl. at ¶¶ 24-36; *see* Dkt. 93-1 (June 8, 2021 Grover Decl. at ¶¶ 21-46).

[143] Dkt. 103-1 (Sept. 17, 2021 Grover Decl. at ¶¶ 2-4, 46-49, 57); Dkt. 103-2 (Sept. 17, 2021 Declaration of Scot D. Bernstein Decl. at ¶ 2, Ex. 1).

[144] Grover Decl. at ¶¶ 24-26; *see also*, Dkt. 93-1 (June 8, 2021 Grover Decl. at ¶¶ 21-46).

[145] RG2 Claims Supp. Decl. at ¶ 6.

[146] *Moreno*, 2021 U.S. Dist. LEXIS 172633, at *10 (internal quotations, citations omitted), citing *Churchill Village*, 361 F.3d at 577, among other cases.

[147] *See* RG2 Claims Supp. Decl. at ¶ 5; Grover Decl. at ¶¶ 22-23.

KELLER GROVER LLP

1965 Market Street, San Francisco, CA 94103

Tel. 415.543.1305 | Fax 415.543.7861

7.    None of the *Bluetooth* signs of collusion are present.

The settlement has none of the *Bluetooth* signs of collusion.[148] The Settlement is non-reversionary.[149]  If the Court does not award the full amounts requested for attorneys' fee and costs and Class Representative Incentive Awards, the unawarded funds become part of the Net Settlement Amount to be distributed to the Settlement Class Members and does not revert to Defendant[150]  The Settlement also provides that Plaintiffs and Class Counsel "shall not have the right to modify or revoke the Settlement, and the Settlement will remain binding, nor will Plaintiffs or Class Counsel seek, request, or demand an increase in the MSA on that basis" if the Court does not award any or a portion of the Class Representative Incentive Awards or Class Counsel Award.[151]  Further, any funds from uncashed Individual Settlement Payment checks will be distributed to the selected *cy pres* beneficiaries or the LWDA for uncashed Individual PAGA Payment checks.[152]  None of the MSA reverts back to Defendant.[153]

The Settlement does not distribute a disproportionate amount of the MSA to Class Counsel.[154]  The Settlement permits Class Counsel to seek attorneys' fees amounting to 30% of the MSA, which falls with the Ninth Circuit's usual range,[155] and actual litigation costs and expenses.[156]  Courts have found that, when a settlement allows a fee request within the Ninth

---

[148] *See Briseño*, 998 F.3d at 1025-28, citing *Bluetooth*, 654 F.3d at 947-49.

[149] *See* Ex. A at §§ III.L and I.W. *See, e.g.*, *Briseño*, 2021 U.S. App. LEXIS 16261, at *26-27.

[150] Ex. A at §§ III.L.3.d. and III.4.c.

[151] Ex. A at §§ III.L.3.d and III.L.4.f.

[152] Ex. A at § III.L.2.e.

[153] Ex. A at §§ III.L and I.W.

[154] Ex. A. at § III.L.4.a.

[155] *Morrison II*, 2021 U.S. Dist. LEXIS 4043, at *24, citing *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002) (noting that the Ninth Circuit benchmark is 25% and the "usual range" of fee awards is 20-30%); *Rivas v. BG Retail, LLC*, No. 16-cv-06458-BLF, 2020 U.S. Dist. LEXIS 8712, at *23 (N.D. Cal. Jan. 16, 2020) (finding that, although the Ninth Circuit's benchmark is 25%, "California district courts usually award attorneys' fees in the range of 30-40% in wage and hour class actions that result in the recovery of a common fund under $10 million."); *Moreno*, 2021 U.S. Dist. LEXIS 172633, at *12 (N.D. Cal. Sep. 10, 2021) (finding same, citing cases).

[156] Ex. A. at § III.L.a.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

Circuit's range, there is no disproportionate distribution to Class Counsel.[157]   Here, the Net Settlement Amount is estimated to be at least $1,146,500 and will be paid out in full to the Settlement Class Members.[158]   Settlement Class Members will receive automatic settlement payments without the need to submit claims.[159]   Thus, the Settlement ensures that Settlement Class Members will receive a substantial portion of the MSA and Class Counsel will not receive a disproportionate distribution.[160]

The Settlement also does not include a clear sailing arrangement.[161]   Defendant has not agreed to refrain from challenging Class Counsel's fee motion.

8.   <u>The settlement has no obvious deficiencies and does not grant preferential treatment to any Class Member.</u>

The Settlement does not contain any obvious deficiencies nor does it grant preferential treatment to Plaintiffs or any segment of the Class.   The Settlement permits Plaintiffs to seek reasonable Incentive Awards of up to $5,000 for Plaintiff Parker and $2,500 for Plaintiff Gurule.[162]   Incentive awards are "fairly typical in class action cases" and "are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action."[163]   A "$5,000 incentive award to each named

---

[157] *E.g.*, *Perez v. CVS Health Corp.*, No. 1:19-cv-00449-DAD-BAM, 2021 U.S. Dist. LEXIS 110216, at *25 (E.D. Cal. June 11, 2021) (finding there was no disproportionate distribution as the settlement's provision allowing counsel to seek a 33.33% fee award was within the Ninth Circuit's accepted range); *Wong*, 2021 U.S. Dist. LEXIS 58514, at *24 (same as to 25% fee award provision); *Rabin v. PricewaterhouseCoopers LLP*, No. 16-cv-02276-JST, 2021 U.S. Dist. LEXIS 41285, at *16, 22-27 (N.D. Cal. Feb. 3, 2021) (same as to 35% fee award provision).

[158] Ex. A at §§ I.X, I.RR, III.L.2.a; Grover Decl. at ¶ 25.

[159] Ex. A at §§ I.X, I.RR, III.L.2.a; Grover Decl. at ¶ 27.

[160] Contrast *Briseño*, 998 F.3d at 1018, in which class counsel received more than seven times what the class members receive in the claims-made settlement.

[161] *See generally*, Ex. A.

[162] *See* Ex. A at § III.L.3.

[163] *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009); *Morrison II*, 2021 U.S. Dist. LEXIS 4043, at *24 (similar, finding that "incentive awards may also be especially appropriate in wage and hour class actions, where a named plaintiff undertakes a significant reputational risk in bringing an action against plaintiff's former employer." (internal quotations and alterations omitted)).

1    plaintiff is presumptively reasonable," especially when, as here, "the parties agree that the

2    settlement shall remain in force regardless of any incentive award."[164]

3         Plaintiffs have spent substantial time and effort prosecuting this action on behalf of the

4    Class Members.[165]  Plaintiffs provided detailed declarations of their work and time spent in this

5    action with the September 17, 2021 motion requesting approval of the Incentive Awards.[166]

6         The Settlement also provides that, because the named Plaintiffs have individual claims in

7    this action, they will enter into a General Release in exchange for a payment of $20,000 each.[167]

8    The General Release does not apply to or affect the Settlement Class Members.[168]  The General

9    Release Payments are not preferential treatment because the Settlement Class Members will not

10   be subject to or affected by the General Release.[169]   The inclusion of the General Release

11   Payments enables the Parties to resolve the entire action.

### C.    The Settlement Class Meets the Rule 23 Class Certification Requirements

13        In the preliminary approval order, the Court incorporated its prior analysis in the class

14   certification order in preliminarily approving certification of the Settlement Class, which mirrors

15   the certified Class.[170]   Because the facts remain unchanged since class certification and since

16   preliminary approval, Plaintiffs request that, in the final approval order, the Court confirm its

17   certification of the Settlement Class for settlement purposes only.

### D.    The PAGA Settlement is fair and reasonable.

19        Labor Code § 2699(l)(2) requires that the court review and approve any PAGA settlement.

20   Class action requirements do not apply to PAGA actions.[171]   For all of the reasons stated above,

---

[164] *Ahmed v. HSBC Bank USA*, No. ED CV 15-2057 FMO (SPx), 2019 U.S. Dist. LEXIS 104401, at *34-35 (C.D. Cal. June 21, 2019), citing *Dyer v. Wells Fargo Bank, N.A.*, 303 F.R.D. 326, 335 (N.D. Cal. 2014). *See* Ex. A at § III.L.3.d.

[165] *See generally*, Dkt. 103-3 (Parker Declaration); Dkt. 103-4 (Gurule Declaration); *see also*, Dkt. 103-1 (Sept. 17, 2021 Grover Decl. at ¶¶ 37-38).

[166] *See* Dkt. 103-3 and Dkt. 103-4.

[167] Ex. A at §§ III.L.3 and III.C; Dkt. 103-1 (Sept. 17, 2021 Grover Decl. at ¶¶ 39-40).

[168] *See id.*

[169] *See id.*

[170] Dkt. 97 at 7.

[171] *Arias v. Superior Court*, 46 Cal. 4th 969, 974 (2009).

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1  the Settlement is fair, reasonable and adequate, and should be approved.  As part of the

2  Settlement, Defendant has agreed to pay $500,000 to settle the PAGA penalty claims, of which a

3  payment of $375,000 will go to the LWDA for education and enforcement purposes.[172]

4  The circumstances of the settlement, rather than the amount allocated to PAGA claims,

5  determine whether a PAGA settlement is appropriate.[173]  In *Nordstrom Com'n Cases*, the state

6  appellate court held that the court can approve a settlement even when the parties did not allocate

7  any dollars to the PAGA claims.[174]  Here, Plaintiffs believe that the agreed upon allocation

8  between PAGA and direct Class Member payments is appropriate and requests that this portion of

9  the Settlement be approved.

10  "PAGA has no notice requirements for unnamed aggrieved employees, nor may such

11  employees opt out of a PAGA action."[175]  To offer as much information as reasonably possible,

12  the Parties agreed to provide a PAGA Notice to those Aggrieved Employees who are not also

13  Class Members.[176]  If the Court grants final approval of the Settlement, RG2 Claims will mail the

14  PAGA Notice to the 320 Aggrieved Employees who are not also Class Members with the

15  distribution of the Individual PAGA Payments.[177]

16  Plaintiffs therefore seek the Court's approval of the PAGA portion of the Settlement,

17  including the $500,000 PAGA Payment, the distribution plan for the PAGA Payment and Notice

18  of PAGA Settlement, and the PAGA Release.[178]

19  **V.    CONCLUSION**

20  For all of the reasons discussed above, the proposed class Settlement is fair, reasonable,

21  and adequate, as this Court initially determined in granting preliminary approval.  The proposed

22  Settlement will result in substantial benefits to Class Members, Aggrieved Employees and the

23

24  [172]  Ex. A at §§ I.AA, III.L.5; Lab. Code § 2699(i).

25  [173]  *Nordstrom Com'n Cases*, 186 Cal.App.4th 576, 589 (2010).

    [174]  *Id.*

26  [175]  *Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1122 (9th Cir. 2014).

27  [176]  Ex. A at § III.K.9.a.

    [177]  *See* Ex. A at § III.K.9.a.

28  [178]  Ex. A at §§ I.AA, I.BB, I.CC, III.D, III.K.9, III.L.2.b, III.L.5.

State and was achieved as the result of informed, non-collusive and arm's length negotiations conducted by experienced counsel after a full day of mediation with a well-respected mediator. For all of the foregoing reasons, Plaintiffs respectfully request that the Court grant final approval of the parties' class action settlement and enter the proposed order submitted herewith which addresses final approval of the settlement and the requests made in the Fee Motion that was filed on September 17, 2021.[179]

Dated:  October 28, 2021          **KELLER GROVER LLP**

                                  By:  */s/ Eric A. Grover*
                                  _____
                                       ERIC A. GROVER
                                       ROBERT SPENCER
                                       *Attorneys for Plaintiffs*

---

[179] *See* Dkt. 103.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861